JUDGE BERMAN

13 CV 4634

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Juno Turner
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: 212-245-1000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

JESSE MOORE and MONET ELIASTAM, on
behalf of themselves and all others similarly
situated,

        Plaintiffs,

        v.

NBCUNIVERSAL, INC.,

        Defendant.

**CLASS ACTION COMPLAINT**



RECEIVED
JUL 0 3 2013
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiffs Jesse Moore and Monet Eliastam ("Plaintiffs"), individually and as class

representatives on behalf of all others similarly situated, by their attorneys Outten & Golden

LLP, make the following allegations against Defendant NBCUniversal, Inc. ("NBCUniversal"

or "Defendant"):

### INTRODUCTION

1.      Unpaid and underpaid interns are a crucial labor force at NBCUniversal.  As an

intern at MSNBC, Plaintiff Jesse Moore ("Moore") regularly worked 24 or more hours a week.

2.      As an intern at Saturday Night Live, Plaintiff Monet Eliastam ("Eliastam")

regularly worked 25 or more hours a week.

3.      Neither Plaintiff was paid any wages during their employment.

4.      By misclassifying Plaintiffs and hundreds of workers as unpaid or underpaid

interns, NBCUniversal has denied them the benefits that the law affords to employees, including

unemployment, workers' compensation insurance, social security contributions, and, most crucially, the right to earn a fair day's wage for a fair day's work.

5.      NBCUniversal is one of the world's leading media and entertainment companies. It owns and operates a valuable portfolio of news and entertainment television networks, a motion picture company, television production operations, a television stations group, theme parks, and a suite of Internet-based businesses.  A key part of NBCUniversal's success are the hundreds of unpaid or underpaid interns who work for it as production assistants, researchers, and delivery-people, but receive no or very little compensation for their work.

6.      Unpaid and underpaid interns are becoming the modern-day equivalent of entry-level employees, except that employers are not paying them or underpaying them for the many hours they work.[1]  The practice of classifying employees as "interns" to avoid paying wages runs afoul of federal and state wage and hour laws, which require employers to pay all workers whom they "suffer or permit" the minimum wage and overtime.[2]  Employers' failure to compensate interns for all of their work, and the prevalence of the practice nationwide, curtails opportunities for employment, fosters class divisions between those who can afford to work for no wage and those who cannot, and indirectly contributes to rising unemployment.[3]

7.      According to the U.S. Department of Labor, internships that do not comply with minimum wage and overtime requirements are only lawful in the context of an educational

---

[1]      *See* Steven Greenhouse, *The Unpaid Intern, Legal or Not*, N.Y. Times, Apr. 2, 2010, at B1; David C. Yamada, *The Employment Law Rights of Student Interns*, 35 Conn. L. Rev. 215, 217-18 (2002).

[2]      29 U.S.C. § 203(g); N.Y. Lab. Law § 2(7).

[3]      *See, e.g.*, Jessica L. Curiale, *America's New Glass Ceiling: Unpaid Internships, the Fair Labor Standards Act, and the Urgent Need for Change*, 61 Hastings L.J. 1531, 1534 (2010); David L. Gregory, *The Problematic Employment Dynamics of Student Internships*, 12 Notre Dame J.L. Ethics & Pub. Pol'y 227, 240 (1998).

training program, when the interns do not perform productive work and the employer derives no benefit.[4] "If the employer would have hired additional employees or required existing staff to work additional hours had the interns not performed the work, then the interns will be viewed as employees and entitled to compensation under the FLSA."[5] The U.S. Department of Labor's test is based on the United States Supreme Court's 1947 opinion in *Walling v. Portland Terminal Co.*,[6] which held that the FLSA's definition of "to employ" as "to suffer or permit to work" does not include student participation in an educational or vocational training program, so long as the employer derives no benefit from the trainees' work.[7] The Court cautioned against arrangements "in which an employer has evasively accepted the services of beginners at pay less than the legal minimum without having obtained permits from the [Secretary of Labor]."[8]

8.     In *Glatt v. Fox Searchlight Pictures, Inc.*, the Honorable Judge William H. Pauley III recently held that two former interns were employees protected by the FLSA and NYLL, and also certified a NYLL class of interns. No. 11 Civ. 6784, 2013 WL 2495140, at *18 (S.D.N.Y. June 11, 2013).

9.     Plaintiffs bring this action on behalf of themselves and those similarly situated who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy

---

[4]     Jane Oates & Nancy Leppink, U.S. Dep't. of Labor, Training And Emp't Guidance Letter No. 12-09, *Joint Guidance For States Seeking To Implement Subsidized Work-Based Training Programs For Unemployed Workers* (Jan. 29, 2010) at *7-10; *see also* U.S. Dep't. of Labor, *Fact Sheet #71: Internship Programs Under The Fair Labor Standards Act*, Apr. 2010, *available at*: http://www.dol.gov/whd/regs/compliance/whdfs71.pdf (last visited July 3, 2013).
[5]     *Id.*, U.S. Dep't. of Labor, *Fact Sheet #71*.
[6]     330 U.S. 148 (1947).
[7]     *Id.* at 152.
[8]     *Id.* at 153.

Defendant's violations of the wage-and-hour provisions of the FLSA that have deprived Plaintiffs and others similarly situated of their lawfully earned wages.

10.     Plaintiffs also bring individual and representative wage claims under the New York Labor Law Art. 6, §§ 190 *et seq.*, Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. tit. 12, Part 142 *et seq.* (collectively, "NYLL") as a class action pursuant to Fed. R. Civ. P. 23.

<u>**THE PARTIES**</u>

**Plaintiff Jesse Moore**

11.     Plaintiff Jesse Moore is an adult individual who resides in New York, New York.

12.     Moore was employed by Defendant as an unpaid intern on the staff of MSNBC, a part of NBCUniversal, from approximately September through November 2011.

13.      Moore is a covered employee within the meaning of the FLSA and the NYLL.

14.     Moore has consented to join this action by filing a written Consent to Join form, attached hereto as Exhibit A.

**Plaintiff Monet Eliastam**

15.     Plaintiff Monet Eliastam is an adult individual who resides in New York, New York.

16.     Eliastam was employed by Defendant as an unpaid intern on the staff of Saturday Night Live, a part of NBCUniversal, from approximately January 2012 through approximately May 2012, and from approximately September 2012 through approximately December 2012.

17.     Eliastam is a covered employee within the meaning of the FLSA and the NYLL.

18.     Eliastam has consented to join this action by filing a written Consent to Join form, attached hereto as Exhibit B.

**Defendant**

19.     Throughout the relevant period, NBCUniversal maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including with respect to hiring and other employment practices that applied to unpaid interns.

20.     NBCUniversal is a Delaware corporation registered with the New York State Department of State as an Foreign Limited Liability Company with its principal offices located at 30 Rockefeller Plaza, New York, New York 10112.

21.     NBCUniversal applies the same employment policies, practices, and procedures, including hiring criteria and failure to pay wages, to all interns who work at NBCUniversal.

22.     NBCUniversal is a covered employer within the meaning of the FLSA and the NYLL and, at all relevant times, employed and/or jointly employed Plaintiffs and similarly situated employees.

## JURISDICTION AND VENUE

23.     This Court has subject matter jurisdiction with respect to Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1332 (the Class Action Fairness Act) and 28 U.S.C. § 1367 (supplemental jurisdiction).

24.     Plaintiffs' state law claims are so closely related to Plaintiffs' claims under the Fair Labor Standards Act that they form part of the same case or controversy under Article III of the United States Constitution.

25.     This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

26.     Upon information and belief, at least one member of the proposed class is a

citizen of a state different from that of Defendant.

27.     Upon information and belief, citizenship of the members of the proposed class is dispersed among a substantial number of states and countries.

28.     Upon information and belief, there are more than 100 members of the proposed class in the aggregate.

29.     Defendant is subject to personal jurisdiction in New York.

30.     Defendant maintains an office in New York, New York.

31.     Upon information and belief, the amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

32.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

33.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is subject to personal jurisdiction in the Southern District of New York and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## CLASS ACTION ALLEGATIONS

**Intern Class**

34.     Plaintiffs bring the Third, Fourth, Fifth, and Sixth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and all persons who have worked as unpaid or underpaid interns at NBCUniversal in New York between July 3, 2007 and the date of final judgment in this matter (the "Intern Class").

35.     Excluded from the Intern Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during

the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Intern Class.

36.    The members of the Intern Class are so numerous that joinder of all members is impracticable.

37.    Upon information and belief, the size of the Intern Class is more than 100 individuals.

38.    Defendant has acted or has refused to act on grounds generally applicable to the Intern Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

39.    Common questions of law and fact exist as to the Intern Class and predominate over any questions affecting only individual members of the Intern Class, and include, but are not limited to, the following:

(a)    Whether Defendant has a policy or practice of failing to pay Plaintiffs and the members of the Intern Class the minimum wage for all hours worked in violation of NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 142 *et seq.*, as alleged herein;

(b)    Whether Defendant has a policy or practice of failing to pay Plaintiffs and members of the Intern Class spread-of-hours wages on days when they worked more than 10 hours in violation of NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y. Comp. Codes R. & Regs. tit. 12, Part 142 *et seq.*, as alleged herein;

(c)    Whether Defendant failed to comply with the notice and recordkeeping requirements of the NYLL;

(d)    Whether Defendant's unlawful wage and hour policies or practices as alleged herein were instituted willfully or with reckless disregard for the law; and

(e)    The nature and extent of class-wide injury and the measure of damages for those injuries.

40.    Plaintiffs' claims are typical of the claims of the Intern Class they seek to represent.

41.    Plaintiffs and all Intern Class members were subject to the same or similar compensation policies and practices of Defendant. Plaintiffs and the Intern Class have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL.

42.    Plaintiffs will fairly and adequately represent and protect the interests of the Intern Class. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between the Plaintiffs and members of the Intern Class.

43.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Intern Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures and as a result of Defendant's violation of the NYLL. Although the relative damages suffered by individual Intern Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial resources to conduct a thorough examination of Defendant's compensation practices and to prosecute vigorously a lawsuit against Defendant to recover damages stemming from such practices. In addition, class litigation is superior because it will prevent unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

44.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COLLECTIVE ACTION ALLEGATIONS

45.    Plaintiffs bring the First and Second Causes of Action, the FLSA claims, on behalf of themselves and all persons who have worked as unpaid or underpaid interns at NBCUniversal between July 3, 2010 and the date of final judgment in this matter (the "Intern Collective").

46.    Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the members of the Intern Collective.  Upon information and belief, the Intern Collective consists of many similarly situated individuals who have been underpaid or not paid at all by Defendant in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.  Those similarly situated collective members are known to Defendant, are readily identifiable, and can be located through Defendant's records.  Notice should be sent to the members of the Intern Collective pursuant to 29 U.S.C. § 216(b).

## CLASS-WIDE FACTUAL ALLEGATIONS

47.    Plaintiffs and the members of the Intern Class and Intern Collective defined above (collectively, "Intern Class Members") have been victims of a common policy and plan perpetrated by Defendant that has violated their rights under the FLSA and the NYLL by denying them minimum wages and spread-of-hours wages.

48.    At all times relevant, Defendant's unlawful conduct, policies, and patterns or practices described in this Class Action Complaint have been willful.

49.    Defendant has intentionally, willfully, and repeatedly harmed Plaintiffs and the Intern Class Members by engaging in a pattern, practice, and/or policy of violating the FLSA and/or the NYLL as described in this Class Action Complaint.

50.   Defendant has failed to pay wages for all hours worked to Plaintiffs and the Intern Class Members.

51.   Defendant has benefitted from the work that Plaintiffs and the Intern Class Members performed.

52.   Upon information and belief, Defendant would have hired additional employees or required existing staff to work additional hours had Plaintiffs and Intern Class Members not performed work for Defendant.

53.   Defendant did not provide academic or vocational training to Plaintiffs or the Intern Class members.

54.   Defendant failed to pay Plaintiffs and the Intern Class Members minimum wages for all hours worked and spread-of-hours pay for workdays over 10 hours.

55.   Defendant failed to keep accurate or adequate records of hours worked by Plaintiffs and the Intern Class Members as required by the FLSA and the NYLL.

56.   Upon information and belief, Defendant's unlawful conduct described in this Class Action Complaint has been pursuant to a corporate policy or practice of minimizing labor costs by denying Plaintiffs and the Intern Class Members compensation in violation of the FLSA and NYLL.

57.   Defendant's unlawful conduct has been widespread, repeated, and consistent.

58.   Defendant's unlawful conduct, as set forth in this Class Action Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiffs and the Intern Class Members.

59.   Defendant's deceptive conduct prevented Plaintiffs and the Intern Class from discovering or asserting their claims any earlier than they did.

## PLAINTIFFS' FACTUAL ALLEGATIONS

Consistent with its policies and patterns or practices as described herein, Defendant harmed Plaintiffs individually as follows:

**Plaintiff Jesse Moore**

60.    From approximately September 2011 through approximately November 2011, Moore worked for Defendant as an unpaid intern in the bookings department at MSNBC.

61.    Moore worked approximately three days per week for at least 24 hours per week according to a set schedule, and sometimes as many as 29 hours per week.

62.    On several occasions, Moore worked more than 10 hours in a single day.

63.    Moore's work was supervised by MSNBC's staff, including Carmen Widman, a Booking Producer.

64.    Moore's job responsibilities as an unpaid intern included:

   (a)    Booking cars and travel arrangements for correspondents and guests on MSNBC's morning programs;

   (b)    Answering phones;

   (c)    Greeting guests, escorting them to hair and makeup, and then to the show's set;

   (d)    Researching segment details and providing that information to guests; and

   (e)    Providing guests with "dub copies" of the shows on which they appeared.

65.    Moore was aware of other individuals whom Defendant also classified as interns, who performed productive work and were paid no wages.

66.    Moore was paid no wages for his work for Defendant.

**Plaintiff Monet Eliastam**

67.    From approximately January 2012 through approximately May 2012, and from approximately September 2012 through approximately December 2012, Eliastam worked for Defendant as an unpaid intern on the staff of the program Saturday Night Live.

68.    From approximately January 2012 through approximately May 2012, Eliastam worked approximately two days per week for approximately 25 hours a week, according to a set schedule.

69.    From approximately September 2012 through December 2012, Eliastam worked approximately three days per week for approximately 27 hours per week, according to a set schedule.

70.    Eliastam regularly worked more than 10 hours in a single day.

71.    Eliastam's work was supervised by a Saturday Night Live producer named Justus McClarty.

72.    Eliastam's job responsibilities as an unpaid intern included:

(a)    Obtaining and completing paperwork for "extras" and background actors;

(b)    Filing;

(c)    Processing petty cash envelopes;

(d)    Going on errands to get props, food, and coffee;

(e)    Doing set "lockdowns" to ensure that no one walked onto the set or made noise to disturb the shoot; and

(f)    Otherwise assisting at shoots of Saturday Night Live skits.

73.    Eliastam was aware of other individuals whom Defendant also classified as interns, who performed productive work and were paid no wages.

74.    Eliastam was paid no wages for her work for Defendant.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Minimum Wages
### (Brought on behalf of Plaintiffs and the Intern Collective)

75.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

76.     Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

77.     The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiffs and the members of the Intern Collective.

78.     At all relevant times, Plaintiffs and the members of the Intern Collective were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a), and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

79.     At all relevant times, Plaintiffs and the members of the Intern Collective were employees of Defendant within the meaning of 29 U.S.C. § 203(e).

80.     At all relevant times, Defendant has been an enterprise engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

81.     At all relevant times, Defendant employed Plaintiffs and the members of the Intern Collective within the meaning of 29 U.S.C. § 203(g).

82.     Defendant has engaged in a policy and/or practice of failing to pay Plaintiffs and the Intern Collective the applicable minimum wage for all hours it suffered or permitted them to

work.

83.     As a result of these minimum wage violations, Plaintiffs and the members of the Intern Collective have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

84.     Defendant's unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.  Defendant was aware or should have been aware that the practices described in this Class Action Complaint are unlawful.  Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the members of the Intern Collective.

85.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

86.     Members of the Intern Collective are entitled to collectively participate in this action by choosing to "opt-in" and submitting written Consents to Join this action.  29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
**Fair Labor Standards Act – Recordkeeping Violations**
**(Brought on behalf of Plaintiffs and the Intern Collective)**

87.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

88.     Defendant failed to make, keep, and preserve accurate records with respect to Plaintiffs and members of the Intern Collective, including hours worked each workday and total hours worked each workweek, as required by the FLSA, 29 U.S.C. § 211(c), and supporting federal regulations.

**THIRD CAUSE OF ACTION**
**New York Labor Law Article 19 – Minimum Wage**
**(Brought on behalf of Plaintiffs and the Intern Class)**

89.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

90.     Defendant failed to pay Plaintiffs and the members of the Intern Class the minimum wages to which they are entitled under the NYLL.

91.     Defendant has engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

92.     At all times relevant, Plaintiffs and the members of the Intern Class have been employees and Defendant has been an employer within the meaning of NYLL §§ 190, 651(5), 652 and the supporting New York State Department of Labor Regulations.

93.     The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations apply to Defendant and protect Plaintiffs and the members of the Intern Class.

94.     Defendant was required to pay Plaintiffs and the members of the Intern Class a minimum wage at a rate of (a) $7.15 per hour for all hours worked from January 1, 2007 through July 23, 2009; and (b) $7.25 per hour for all hours worked from July 24, 2009 through the present, under NYLL § 652 and the supporting New York State Department of Labor regulations.

95.     Defendant failed to pay Plaintiffs and the members of the Intern Class minimum hourly wages for all hours worked to which they are entitled under the NYLL and the supporting New York State Department of Labor regulations.

96.     By Defendant's knowing or intentional failure to pay Plaintiffs and the members

of the Intern Class minimum hourly wages for all of the hours they worked, Defendant has willfully violated the NYLL Art. 19 §§ 650 *et seq*. and the supporting New York State Department of Labor regulations.

97.     Due to Defendant's violations of the NYLL, Plaintiffs and the members of the Intern Class are entitled to recover from Defendant their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**New York Labor Law Article 19 - Spread-of-Hours Pay**
**(Brought on behalf of Plaintiffs and the Intern Class)**

98.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

99.     Defendant has willfully failed to pay Plaintiffs and the members of the Intern Class additional compensation of one hour's pay at the minimum wage rate for each day during which they worked more than 10 hours.

100.    By Defendant's failure to pay Plaintiffs and the members of the Intern Class spread-of-hours pay, Defendant has willfully violated NYLL Art. 19, §§ 650 *et seq*., and the supporting New York State Department of Labor regulations.

101.    Due to Defendant's violations of the NYLL, Plaintiffs and the members of the Intern Class are entitled to recover from Defendant their wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**FIFTH CAUSE OF ACTION**
**New York Labor Law Article 19 – Recordkeeping Violations**
**(Brought on behalf of Plaintiffs and the Intern Class)**

102.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

103.    Defendant failed to make, keep, and preserve accurate records with respect to Plaintiffs and the Intern Class Members, including hours worked each workday and total hours worked each workweek, as required by NYLL § 661 and supporting regulations.

### SIXTH CAUSE OF ACTION
**New York Labor Law Article 6 – Notice and Recordkeeping Violations**
**(Brought on behalf of Plaintiffs and the Intern Class)**

104.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

105.    Defendant failed to make, keep, and preserve accurate records with respect to Plaintiffs and the Intern Class Members, including hours worked each workday and total hours worked each workweek, as required by NYLL § 195(4) and supporting regulations.

106.    Defendant failed to provide Plaintiffs and the Intern Class Members a notice containing the rate or rates of pay and basis thereof, the regular pay day, and other information required by NYLL § 195(1)(a).

107.    Defendant failed to provide Plaintiffs and the Intern Class Members a statement with every payment of wages, as required by NYLL § 195(3).

108.    Due to Defendant's violations of the NYLL, Plaintiffs and the members of the Intern Class are entitled to recover from Defendant statutory damages for each work week that each violation occurred, as well as reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on their own behalf and on behalf of all other similarly situated persons, seek the following relief:

A.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this

collective action, or that the Court issue such notice, to the members of the Intern Collective, as defined above. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.     Unpaid minimum wages and an additional and an equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.     Unpaid minimum wages and unpaid spread-of-hours wages, pursuant to NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, and an additional and equal amount as liquidated damages pursuant to NYLL § 663;

D.     Statutory damages for Defendant's notice and recordkeeping violations pursuant to NYLL Art. 6, §§ 190 *et seq.*;

E.     Certification of the Intern Class set forth above pursuant to Rule 23 of the Federal Rules of Civil Procedure;

F.     Designation of Plaintiffs as class representatives of the Intern Class and designation of counsel of record as Class Counsel;

G.     Pre-judgment interest and post-judgment interest;

H.     Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under NYLL Art. 6, §§ 190 *et seq.*, NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations;

I.     An injunction requiring Defendant to pay all statutorily required wages pursuant to the NYLL and an order enjoining Defendant from continuing or reinstating its unlawful policies and practices as described herein with respect to the Class and Collective set forth above;

J.        Reasonable attorneys' fees and costs of the action;

K.        Such other relief as this Court shall deem just and proper.

Dated: New York, New York
       July 3, 2013

Respectfully submitted,
**OUTTEN & GOLDEN LLP**

By:

Justin M. Swartz

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Juno Turner
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
*Attorneys for Plaintiffs and the Putative Class and*
*Collective*

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JESSE MOORE and MONET ELIASTAM, on
behalf of themselves and all others similarly
situated,

    Plaintiffs,

    v.

NBCUNIVERSAL, INC.,

    Defendant.

**CONSENT TO JOIN**

1. I consent to be a party plaintiff in a lawsuit against NBCUniversal in order to seek redress for alleged violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. By signing and returning this consent form, I designate Outten & Golden LLP ("O&G") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that O&G will petition the Court for attorneys' fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

3. I also consent to join any separate or subsequent action to assert my claim against NBCUniversal and/or related entities and individuals.

_Jesse J Moore_
Signature

_Jesse J Moore_
Print

REDACTED
Address

_7/3/13_
Date

Telephone number

_New York, NY - 10026_
City, State and Zip Code

REDACTED
Email address

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JESSE MOORE and MONET ELIASTAM, on
behalf of themselves and all others similarly
situated,

**CONSENT TO JOIN**

Plaintiffs,

v.

NBCUNIVERSAL, INC.,

Defendant.

1.      I consent to be a party plaintiff in a lawsuit against NBCUniversal in order to seek
redress for alleged violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      By signing and returning this consent form, I designate Outten & Golden LLP
("O&G") to represent me and make decisions on my behalf concerning the litigation and any
settlement. I understand that reasonable costs expended on my behalf will be deducted from any
settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that
O&G will petition the Court for attorneys' fees from any settlement or judgment in the amount
of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by
the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment
amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable
or unfavorable.

3.      I also consent to join any separate or subsequent action to assert my claim against
NBCUniversal and/or related entities and individuals.

_____
Signature

7/2/13
Date

MONET ELIASTAM
Print

REDACTED
Telephone number

REDACTED
Address
NEW YORK NY 10025

NEW YORK NY 10025
City, State and Zip Code

REDACTED
Email address