Law Offices
**MORGAN, LEWIS & BOCKIUS LLP**
Sam S. Shaulson
101 Park Avenue
New York, New York 10178
(212) 309-6718 (Telephone)
(212) 309-6001 (Fax)
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JESSE MOORE and MONET ELIASTAM, on
behalf of themselves and all others similarly
situated,

<em>Plaintiffs,</em>

v.

NBCUNIVERSAL, INC.,

<em>Defendant.</em>

Civil Action No.: 1:13-cv-04634-RMB

**DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFFS'**
**FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant NBCUniversal Media, LLC, improperly denominated in the Amended

Complaint as NBCUniversal, Inc. ("Defendant"), by and through its undersigned counsel,

answers Plaintiffs Jesse Moore's ("Moore") and Monet Eliastam's ("Eliastam") (collectively

"Plaintiffs") First Amended Class Action Complaint (the "Complaint") as follows:

**INTRODUCTION**

1.      Except to admit that Moore had an internship with MSNBC, Defendant denies the

remaining allegations contained in Paragraph 1 of the Complaint.

2.      Except to admit that Eliastam had an internship with Saturday Night Live,

Defendant denies the remaining allegations contained in Paragraph 2 of the Complaint.

3.      Except to admit that it did not pay Plaintiffs hourly wages, Defendant denies the remaining allegations in Paragraph 3 of the Complaint and specifically denies that the Plaintiffs were employees of Defendant under either the Fair Labor Standards Act ("FLSA") or the New York Labor Law ("NYLL").

4.      Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5.      Except to admit that it is one of the world's leading media and entertainment companies in the development, production, and marketing of entertainment, news, and information and that it owns and operates a portfolio of news and entertainment television networks, a premier motion picture company, significant television production operations, a leading television stations group, world-renowned theme parks, and a suite of leading Internet-based businesses, and it has had students participate in a variety of internships, Defendant denies the remaining allegations contained in Paragraph 5 of the Complaint.

6.      The allegations contained in Paragraph 6 of the Complaint constitute legal conclusions and/or refer to documents which speak for themselves and thus no response is necessary.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 6 of the Complaint so for far as they purport to pertain to Defendant.

7.      The allegations contained in Paragraph 7 of the Complaint constitute legal conclusions and/or refer to documents which speak for themselves and thus no response is necessary.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 7 of the Complaint so for far as they purport to pertain to Defendant.

8.      The Court's opinion referenced in Paragraph 8 of the Complaint speaks for itself and thus no response to the allegations in Paragraph 8 of the Complaint is necessary.

9.      Except to admit that Plaintiffs purport to bring a collective action under the FLSA, Defendant denies the remaining allegations contained in Paragraph 9 of the Complaint.

10.     Except to admit that Plaintiffs purport to bring individual claims and a class action under the NYLL, Defendant denies the remaining allegations contained in Paragraph 10 of the Complaint.

## THE PARTIES

**Plaintiff Jesse Moore**

11.     Except to admit that Moore is an adult individual, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the Complaint and, therefore, denies the remaining allegations contained in Paragraph 11 of the Complaint.

12.     Except to admit that Moore had an internship with MSNBC, which is indirectly owned by Defendant, that lasted from approximately September 2011 to November 2011, and was not paid hourly wages, Defendant denies the remaining allegations contained in Paragraph 12 of the Complaint.

13.     The allegations contained in Paragraph 13 of the Complaint constitute legal conclusions to which no response is necessary.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.     The consent form referenced in Paragraph 14 of the Complaint speaks for itself and thus no response to the allegations in Paragraph 14 of the Complaint is necessary.

**Plaintiff Monet Eliastam**

15.     Except to admit that Eliastam is an adult individual, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained

in Paragraph 15 of the Complaint and, therefore, denies the remaining allegations contained in Paragraph 15 of the Complaint.

16.     Except to admit that Eliastam had an internship with Saturday Night Live, which is indirectly owned by Defendant, that lasted from approximately February 2011 to May 2012 and then from September 2012 to December 2012, and was not paid hourly wages, Defendant denies the remaining allegations contained in Paragraph 16 of the Complaint.

17.     The allegations contained in Paragraph 17 of the Complaint constitute legal conclusions to which no response is necessary.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.     The consent form referenced in Paragraph 18 of the Complaint speaks for itself and no response to the allegations in Paragraph 18 of the Complaint is necessary.  To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 18 of the Complaint.

19.     Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.     Defendant admits the allegations contained in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.     The allegations of Paragraph 22 of the Complaint constitute legal conclusions to which no response is necessary.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 22 of the Complaint.

## JURISDICTION AND VENUE

23.     The allegations contained in Paragraph 23 of the Complaint constitute legal conclusions to which no response is necessary.

24.     The allegations contained in Paragraph 24 of the Complaint constitute legal conclusions to which no response is necessary.

25.     The allegations contained in Paragraph 25 of the Complaint constitute legal conclusions to which no response is necessary.

26.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, and therefore, denies the allegations contained in Paragraph 26 of the Complaint.

27.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, and therefore, denies the allegations contained in Paragraph 27 of the Complaint.

28.     Except to admit that Plaintiffs purport to believe the putative class consists of more than 100 individuals, Defendant denies the remaining allegations contained in Paragraph 28 of the Complaint and specifically denies that class or collective action treatment is appropriate for Plaintiffs' claims.

29.     Defendant admits the allegations contained in Paragraph 29 of the Complaint.

30.     Defendant admits the allegations contained in Paragraph 30 of the Complaint.

31.     Except to admit that Plaintiffs purport to believe that the amount in controversy in this matter exceeds $5,000,000, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint, and therefore, denies the allegations contained in Paragraph 31 of the Complaint.

32.     The allegations contained in Paragraph 32 of the Complaint constitute legal conclusions to which no response is necessary.

33.     The allegations contained in Paragraph 32 of the Complaint constitute legal conclusions to which no response is necessary.

## CLASS ACTION ALLEGATIONS

**Intern Class**

34.     Except to admit that Plaintiffs purport to bring their Second, Third, Fourth, and Fifth Causes of Action under the NYLL as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, and define the scope of the putative class they seek to represent in the allegations contained in Paragraph 34 of the Complaint, Defendant denies the remaining allegations contained in Paragraph 34 of the Complaint and specifically denies that class action treatment is appropriate for Plaintiffs' claims.

35.     Except to admit that the allegations contained in Paragraph 35 set forth Plaintiffs' definition of the putative class they seek to represent, Defendant denies the remaining allegations contained in Paragraph 35 of the Complaint and specifically denies that class action treatment is appropriate for Plaintiffs' claims.

36.     The allegations contained in Paragraph 36 of the Complaint constitute legal conclusions to which no response is necessary.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.     Except to admit that Plaintiffs purport to represent a putative class consisting of what they believe to be more than 100 individuals, Defendant denies the remaining allegations contained in Paragraph 37 of the Complaint and specifically denies that class action treatment is appropriate for Plaintiffs' claims.

6

38.     The allegations contained in Paragraph 38 of the Complaint constitute legal conclusions to which no response is necessary.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.     The allegations contained in Paragraph 39 of the Complaint constitute legal conclusions to which no response is necessary.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.     Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.     Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint concerning Plaintiffs' ability to represent the putative class, the competence and experience of their counsel, and whether there is a conflict between Plaintiffs and members of the putative class, and therefore, denies all allegations contained in Paragraph 42 of the Complaint.

43.     Defendant lacks knowledge or information sufficient to form a belief as to the financial circumstances of members of the putative class, the amount of damages they seek, and their respective ability to engage in litigation, and therefore, denies these allegations contain in Paragraph 43 of the Complaint.  The remaining allegations in Paragraph 43 of the Complaint constitute legal conclusions to which no response is necessary.  To the extent a response is required, Defendant denies the remaining allegations contained in Paragraph 43 of the Complaint.

44.     The allegations contained in Paragraph 44 of the Complaint constitute legal conclusions to which no response is necessary.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 44 of the Complaint.

## <u>COLLECTIVE ACTION ALLEGATIONS</u>

45.    Except to admit that Plaintiffs purport to bring their First Cause of Action pursuant to the FLSA as a collective action, and define the scope of the putative class they seek to represent in the allegations contained in Paragraph 45 of the Complaint, Defendant denies the remaining allegations contained in Paragraph 45 of the Complaint and specifically denies that a collective action is appropriate for any of Plaintiffs' claims.

46.    Defendant denies that members of the purported class are similarly situated and can be readily identified and located in Defendant's records.  The remaining allegations in Paragraph 46 of the Complaint constitute legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations contained in Paragraph 46 of the Complaint and specifically denies that Plaintiffs are similarly situated to any other individual who had an internship with Defendant.

## <u>CLASS-WIDE FACTUAL ALLEGATIONS</u>

47.    Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48.    Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49.    Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50.    Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.    Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.    Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.    Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54.    Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.    Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56.    Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57.     Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58.     Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59.     Defendant denies the allegations contained in Paragraph 59 of the Complaint.

## PLAINTIFFS' FACTUAL ALLEGATIONS

Defendant denies that its alleged policies and practices harmed Plaintiffs.

**Plaintiff Jesse Moore**

60.     Except to admit that Moore had an internship with MSNBC's Booking Department from approximately September 2011 to November 2011, Defendant denies the remaining allegations contained in Paragraph 60 of the Complaint.

61.     Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62.     Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63.     Except to admit that Carmen Widman, who during Moore's internship was a Booking Producer with MSNBC, oversaw Moore's internship with MSNBC, Defendant denies the remaining allegations contained in Paragraph 63 of the Complaint.

64.     Except to admit that during his internship with MSNBC, Moore participated in some of the activities listed in Paragraph 64 to varying degrees, Defendant denies the remaining allegations contained in Paragraph 64 of the Complaint and specifically denies that the activities listed in Paragraph 64 are a complete and accurate list of Moore's activities during his internship.

65.     Defendant lacks knowledge or information sufficient to form a belief as to Moore's alleged knowledge of other individuals who had internships with Defendant, whether he believes these individual were unpaid and whether he believes they performed productive work, and therefore, denies the allegations contain in Paragraph 64 of the Complaint.

66.     Except to admit that it did not pay Moore hourly wages, Defendant denies the remaining allegation in Paragraph 66 of the Complaint and specifically denies that it employed Moore and that he performed compensable work for Defendant.

**Plaintiff Monet Eliastam**

67.     Except to admit that Eliastam had an internship with Saturday Night Live from approximately February 2011 to May 2012 and then from September 2012 to December 2012, Defendant denies the remaining allegations contained in Paragraph 67 of the Complaint.

68.     Defendant denies the allegations in Paragraph 68 of the Complaint.

69.     Defendant denies the allegations in Paragraph 69 of the Complaint.

70.     Defendant denies the allegations contained in Paragraph 70 of the Complaint.

71.     Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72.     Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73.     Except to admit that Justus McLarty, who during Eliastam's internship was a Production Manager at Saturday Night Live, oversaw aspects of Eliastam's internship with Saturday Night Live, Defendant denies the remaining allegations in Paragraph 73 of the Complaint.

74.     Except to admit that during her internship with Saturday Night Live, Eliastam participated in some of the activities listed in Paragraph 74 to varying degrees, Defendant denies the remaining allegations contained in Paragraph 74 of the Complaint and specifically denies that the activities listed in Paragraph 74 are a complete and accurate list of Eliastam's activities during her internship.

75.     Defendant lacks knowledge or information sufficient to form a belief as to Eliastam's alleged knowledge of other individuals who had internships with Defendant, whether

she believes these individual were unpaid and whether she believes they performed production

work, and therefore, it denies the allegations contain in Paragraph 75 of the Complaint.

     76.    Except to admit that it did not pay Eliastam hourly wages, Defendant denies the

remaining allegation in Paragraph 76 of the Complaint and specifically denies that it employed

Eliastam and that she performed compensable work for Defendant.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Minimum Wages**
**(Brought on behalf of Plaintiffs and the Intern Collective)**

     77.    Defendant adopts and incorporates by reference its responses to the allegations

contained in Paragraphs 1 - 76 of the Complaint as though fully set forth herein.

     78.    Defendant denies the allegations contained in Paragraph 78 of the Complaint.

     79.    Defendant denies the allegations contained in Paragraph 79 of the Complaint.

     80.    Defendant denies the allegations contained in Paragraph 80 of the Complaint.

     81.    Defendant denies the allegations contained in Paragraph 81 of the Complaint.

     82.    The allegations contained in Paragraph 82 of the Complaint constitute legal

conclusions to which no response is necessary.

     83.    Defendant denies the allegations contained in Paragraph 83 of the Complaint.

     84.    Defendant denies the allegations contained in Paragraph 84 of the Complaint.

     85.    Defendant denies the allegations contained in Paragraph 85 of the Complaint.

     86.    Defendant denies the allegations contained in Paragraph 86 of the Complaint.

     87.    Defendant denies the allegations contained in Paragraph 87 of the Complaint.

     88.    The allegations contained in Paragraph 88 of the Complaint constitute legal

conclusions to which no response is necessary.

## SECOND CAUSE OF ACTION
### New York Labor Law Article 19 – Minimum Wage
### (Brought on behalf of Plaintiffs and the Intern Collective)

89.     Defendant adopts and incorporates by reference its responses to the allegations contained in Paragraphs 1 - 88 of the Complaint as though fully set forth herein.

90.     Defendant denies the allegations contained in Paragraph 90 of the Complaint.

91.     Defendant denies the allegations contained in Paragraph 91 of the Complaint.

92.     Defendant denies the allegations contained in Paragraph 92 of the Complaint.

93.     Defendant denies the allegations contained in Paragraph 93 of the Complaint.

94.     Defendant denies the allegations contained in Paragraph 94 of the Complaint.

95.     Defendant denies the allegations contained in Paragraph 95 of the Complaint.

96.     Defendant denies the allegations contained in Paragraph 96 of the Complaint.

97.      Defendant denies the allegations contained in Paragraph 97 of the Complaint.

## THIRD CAUSE OF ACTION
### New York Labor Law Article 19 – Spread-of-Hours Pay
### (Brought on behalf of Plaintiffs and the Intern Collective)

98.     Defendant adopts and incorporates by reference its responses to the allegations contained in Paragraphs 1 - 97 of the Complaint as though fully set forth herein.

99.     Defendant denies the allegations contained in Paragraph 99 of the Complaint.

100.    Defendant denies the allegations contained in Paragraph 100 of the Complaint.

101.    Defendant denies the allegations contained in Paragraph 101 of the Complaint.

## FOURTH CAUSE OF ACTION
### New York Labor Law Article 19 – Recordkeeping Violations
### (Brought on behalf of Plaintiffs and the Intern Collective)

102.    Defendant adopts and incorporates by reference its responses to the allegations contained in Paragraphs 1 - 101 of the Complaint as though fully set forth herein.

103.    Defendant denies the allegations contained in Paragraph 103 of the Complaint.

### FIFTH CAUSE OF ACTION
**New York Labor Law Article 6 – Notice and Recordkeeping Violation
(Brought on behalf of Plaintiffs and the Intern Collective)**

104.    Defendant adopts and incorporates by reference its responses to the allegations contained in Paragraphs 1 - 103 of the Complaint as though fully set forth herein.

105.    Defendant denies the allegations contained in Paragraph 105 of the Complaint.

106.    Defendant denies the allegations contained in Paragraph 106 of the Complaint.

107.    Defendant denies the allegations contained in Paragraph 107 of the Complaint.

108.    Defendant denies the allegations contained in Paragraph 108 of the Complaint.

### PRAYER FOR RELIEF

Defendant denies all the allegations and assertions contained in Plaintiffs' Prayer for Relief and denies that Plaintiffs or those they seek to represent are entitled to any relief whatsoever, including any of the relief sought in Paragraphs A – K of the Prayer for Relief.

### GENERAL DENIAL

Defendant denies each and every allegation contained in the Complaint that is not specifically admitted herein.

### DEFENSES

As and for separate defenses to the Complaint, and without conceding that Defendant bears the burden of proof or persuasion as to any of them, Defendant alleges the following specific defenses.  Defendant reserves the right to amend this Answer and to assert additional defenses and/or supplement, alter, or change its Answer and Defenses upon completion of appropriate investigation and discovery.

## FIRST DEFENSE

Plaintiffs have failed, in whole or in part, to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims, and those of the members of the putative classes they purport to represent, are barred because they were not employed by Defendant.

## THIRD DEFENSE

Plaintiffs' claims, and those of the members of the putative classes they purport to represent, are barred because those individuals are not "employees" within the meaning of the FLSA or the NYLL.

## FOURTH DEFENSE

If Defendant is found to have failed to pay Plaintiffs and any putative member of the classes whom they purport to represent any wages owed, which Defendant expressly denies, Defendant nevertheless acted at all times on the basis of a good faith and reasonable belief that it had complied fully with all applicable laws and had no actual or constructive notice of any violation. The actions taken or omitted by Defendant were also in good faith conformity with administrative regulations and/or guidance and/or interpretations issued by the U.S. Department of Labor and the New York State Department of Labor.

## FIFTH DEFENSE

Plaintiffs' claims, and those of the members of the putative classes whom they purport to represent, are barred in whole or in part by applicable statutes of limitation.

## SIXTH DEFENSE

Plaintiffs' claims, and those of the members of the putative classes whom they purport

to represent, are barred in whole or in part by the equitable doctrines of unclean hands, unjust

enrichment, laches, offset and/or set off and/or estoppel.

## SEVENTH DEFENSE

Plaintiffs' claims, and those of the members of the putative classes whom they purport to

represent, are barred in whole or in part because they have not suffered any injury or damage as

a result of any actions allegedly taken by Defendant.

## EIGHTH DEFENSE

Plaintiffs' claims, and those of the members of the putative classes whom they purport

to represent, are barred in whole or in part because the Complaint is uncertain in that the

purported class definitions are ambiguous and conclusory.

## NINTH DEFENSE

Plaintiffs' claims, and those of the members of the putative classes whom they purport to

represent, are barred in whole or in part to the extent injunctive and/or other equitable relief is

sought, because all have an adequate remedy at law and have suffered no irreparable harm

due to any alleged conduct of Defendant.  Payment to any Plaintiff for any wages due (which

Defendant expressly denies are due) would fully compensate them and make them whole,

belying the propriety of any non-economic relief.

## TENTH DEFENSE

If this Court were to certify this action as a class action, any award of liquidated,

multiple, or punitive damages would deny Defendant the due process of law.

## ELEVENTH DEFENSE

To the extent Plaintiffs and members of the putative classes whom they purport to

represent suffered injury, which Defendant expressly denies, subject to proof through

discovery, any such injury is the result of acts or omissions of such individuals, and not any act or omission of Defendant.

## TWELFTH DEFENSE

Plaintiffs are not entitled to certification of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure because the purported class is not ascertainable and also not so numerous that joinder of its members is impracticable, Plaintiffs cannot satisfy the requirement of superiority, questions of law or fact are not common to the class, Plaintiffs' claims are not typical of the claims or defenses of the purported class, Plaintiffs will not fairly and adequately protect the interests of the class, Plaintiffs' interest conflict with those of putative class members, and/or the requirements of Fed. R. Civ. Pro. 23(b) are not met in this case.

## THIRTEENTH DEFENSE

Plaintiffs are not entitled to certification of this action as a collective action pursuant to Section 216(b) of the FLSA because Plaintiffs and the purported class members they seek to represent are not similarly situated to one another, Plaintiffs' claims require individualized inquiries, and/or proof of damages would require separate trials.

## FOURTEENTH DEFENSE

Plaintiffs are inadequate and atypical representatives of the classes they purport to represent and their interests are in conflict with those of the individuals they seek to represent.

## FIFTEENTH DEFENSE

Plaintiffs' claims to minimum wage payments, and those of the members of the putative classes whom they purport to represent, are barred, in whole or in part by the provisions of 29 U.S.C. §206(g) and 29 C.F.R. §786.300.

## SIXTEENTH DEFENSE

Plaintiffs' claims and those of the members of the putative classes whom they purport to represent, are barred in whole or in part because they received the primary benefit from the purported activity on which their claims are based.

## SEVENTEENTH DEFENSE

Plaintiffs' claims and those of the members of the putative classes whom they purport to represent are barred in whole or in part because they were paid the requisite wages for all work performed and provided the requisite notices and wage statements for work performed.

## EIGHTEENTH DEFENSE

Plaintiffs' claims and those of the members of the putative classes whom they purport to represent are barred to the extent that their claims are subject to mandatory arbitration.

## NINETEENTH DEFENSE

Plaintiffs' claims and those of the members of the putative classes whom they purport to represent are barred to the extent that these individuals are/were exempt from any entitlement to minimum wages under the FLSA and/or the New York Labor Law pursuant to applicable exemptions, including but not limited to the learned professional, creative professional, administrative exemptions and/or the exemption for those employed by an establishment which is an amusement or recreational establishment.

## TWENTIETH DEFENSE

Plaintiffs' claims and those of the members of the putative classes whom they purport to represent are barred to the extent they concern hours during which these individuals were engaged in activities that were preliminary or postliminary to their alleged work activities.

### TWENTY-FIRST DEFENSE

Plaintiffs' claims and those of the members of the putative classes whom they purport to represent are barred in whole or in part to the extent Defendant lacked actual or constructive knowledge of the hours allegedly worked.

### TWENTY-SECOND DEFENSE

Plaintiffs' claims and those of the members of the putative classes whom they purport to represent are barred in whole or in part to the extent that these individuals have affirmatively released, waived, or abandoned all or some of the claims raised in the Complaint.

### TWENTY-THIRD DEFENSE

To the extent that Plaintiffs and members of the putative classes whom they purport to represent received compensation beyond that to which they were entitled during their internship, such compensation would satisfy, in whole or in part, any alleged claim for minimum wages or other monetary relief.

### TWENTY-FOURTH DEFENSE

The claims of Plaintiffs and those of the members of the putative classes whom they purport to represent are barred, in whole or in part, because:  (a) Defendant took reasonable steps to prevent and correct the conduct alleged in the Complaint; (b) Plaintiffs unreasonably failed to use the preventative and corrective measures that Defendants provided; and (c) reasonable use of Defendant's procedures would have prevented at least some of the harm that Plaintiffs allegedly, suffered, if any.

## TWENTY-FIFTH DEFENSE

If Defendant's failure to pay requisite wages, provide notice and wage statements, and maintain records was unlawful, although such is not admitted, none of Defendant's acts or omissions constitute willful violation of the FLSA or NYLL.

## TWENTY-SIXTH DEFENSE

If Defendant's alleged failure to pay requisite wages, provide notice and wage statements, and maintain records was unlawful, although such is not admitted, neither Plaintiffs nor members of the putative classes they seek to represent can demonstrate facts sufficient to warrant an award of liquidated damages.

## TWENTY-SEVENTH DEFENSE

Any failure to pay wages, provide notice and wage statements or maintain records required by the FLSA and/or NYLL to Plaintiffs or members of the putative classes they purport to represent is attributable to a bona fide dispute with respect to their entitlement to payment.

## TWENTY-EIGHTH DEFENSE

To the extent that Plaintiffs, and members of the putative classes whom they purport to represent, were paid compensation beyond that to which they were entitled, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime or other monetary relief.

## TWENTY-NINTH DEFENSE

Plaintiffs' claims are barred for lack of subject matter jurisdiction.

## THIRTIETH DEFENSE

Plaintiffs' NYLL claim is barred for lack of supplemental and pendent jurisdiction.

## **THIRTY-FIRST DEFENSE**

Plaintiffs' claims, and members of the putative classes whom they purport to represent, are barred, in whole or in part, because the activities they engaged in during their respective internships qualify as non-compensable training.

**WHEREFORE**, Defendant, respectfully requests that the Complaint be dismissed in its entirety, with prejudice, and that the Court award Defendant the cost of its defense, including reasonable attorneys' fees, and such other relief as the Court deems appropriate.

Dated:  October 15, 2013
       New York, New York

MORGAN, LEWIS & BOCKIUS LLP

By:  /s/ Sam S. Shaulson
     Sam S. Shaulson

101 Park Avenue
New York, New York  10178
Telephone: 212.309.6718
Facsimile: 212.309.6001

Russell R. Bruch (*pro hac vice*
application pending)
1111 Pennsylvania Avenue, NW
Washington, DC  20004
Telephone: 202.739.5293
Facsimile: 202.739.3001

Hilary Lane
NBCUniversal
30 Rockefeller Plaza
New York, New York 10112
212.664.2022

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I, Russell R. Bruch, hereby certify that on this 15th day of October, 2013, a true and

correct copy of Defendant NBCUniversal, Inc.'s Answer and Defenses to Plaintiffs' First

Amended Complaint was served via CM/ECF upon all counsel of record.

/s/ Sam S. Shaulson
Sam S. Shaulson