**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Juno Turner
Deirdre Aaron
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: 212-245-1000

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MONET ELIASTAM, ALEXANDER VAINER, AND RHEANNA BEHUNIAK, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>      v.<br><br>NBCUNIVERSAL MEDIA, LLC,<br><br>            Defendant. | **Civil Action No.: 1:13-cv-04634-RMB (RLE)** |

**DECLARATION OF JUSTIN M. SWARTZ IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND APPROVAL OF PLAINTIFFS' PROPOSED NOTICE OF SETTLEMENT**

I, Justin M. Swartz, declare as follows:

1. I am a partner in the firm of Outten & Golden LLP ("O&G") in New York, New York, Plaintiff's counsel herein, and co-chair of its Class Action Practice Group. O&G is a 35+ attorney firm based in New York City that focuses on representing plaintiffs in a wide variety of employment matters, including individual and class action litigation, that involve wage and hour, discrimination, and harassment claims, as well as contract and severance negotiations.

2. I am one of the lawyers primarily responsible for prosecuting Plaintiffs' claims on behalf of the proposed class.

3. I make these statements based on personal knowledge and would so testify if called as a witness at trial.

## My Background and Experience

4. I received a Juris Doctor degree from DePaul University School of Law in 1998 with honors. Since then, I have exclusively represented plaintiffs in employment litigation and other employee rights matters.

5. I was admitted to the bar of the State of Illinois in 1998, and the bar of the State of New York in 2002. I am also admitted to the bars of the Second Circuit Court of Appeals, the United States District Courts for the Western, Eastern, and Southern Districts of New York, and the Northern District of Illinois. I am a member in good standing of each of these bars.

6. From September 1998, through February 2002, I was associated with Stowell & Friedman, Ltd. in Chicago, Illinois, where I represented plaintiffs in class and multi-plaintiff employment discrimination cases. From March 2002, through October 2003, I worked for Goodman & Zuchlewski, LLP in New York City where I represented employees in discrimination cases and other employee rights matters.

7.     Since joining O&G in December 2003, I have been engaged primarily in prosecuting wage and hour class and collective actions and class action discrimination cases.

8.     I am or was co-lead counsel on several wage and hour cases that district courts have certified as class actions and/or collective actions including *Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316, 2006 WL 2819730 (S.D.N.Y. Sept. 29. 2006), in which the Court granted summary judgment in favor of Plaintiffs and a class of more than 300 grocery store workers, *see* 628 F. Supp. 2d 447 (S.D.N.Y. Aug. 28, 2008).  Others include *Clem v. KeyBank, N.A.*, No. 13 Civ. 789, 2014 WL 2895918, at *4 (S.D.N.Y. June 20, 2014) (certifying class and approving settlement of nationwide wage and hour class and collective action); *Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693 PGG, 2013 WL 5492998, at *2-4 (S.D.N.Y. Oct. 2, 2013) (same); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 472-76 (S.D.N.Y. 2013) (certifying class and approving settlement of nationwide wage and hour class and collective action); *Toure v. Amerigroup Corp.*, No. 10 Civ. 5391, 2012 WL 3240461, at *2-4 (E.D.N.Y. Aug. 6, 2012) (certifying class and approving settlement of wage and hour class action brought under New York and federal law); *Capsolas v. Pasta Resources Inc.*, No. 10 Civ. 5595, 2012 WL 1656920 (S.D.N.Y. May 9, 2012) (certifying class and approving settlement of wage and hour class action brought under New York and federal law); *Palacio v. E*TRADE Financial Corp.*, No. 10 Civ. 4030, 2012 WL 1058409, at *1-2 (S.D.N.Y. Mar. 12, 2012) (certifying class and approving settlement of wage and hour class action brought under New York, California, and federal law); *Johnson v. Brennan*, No. 10 Civ. 4712, 2011 WL 1872405, at *1 (S.D.N.Y. May 17, 2011) (certifying class and approving settlement of wage and hour class action brought under New York and federal law); and *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 165 (S.D.N.Y. 2008) (granting class certification and appointing O&G class counsel in multi-state wage and

hour class action).

9. I am a member of the National Employment Lawyers Association ("NELA") and serve on the Executive Board of its New York Chapter ("NELA/NY"). I am co-chair of NELA's Fair Labor Standards Act Committee. I served on the Civil Rights Committee of the New York City Bar Association of the Bar of the City of New York from 2005 through 2008 and the Committee on Labor and Employment Law from September 2002 until June 2005. I was co-chair of the American Bar Association Labor and Employment Law Section Ethics and Professional Responsibility Committee from 2006 through 2009, and am a member of its Equal Employment Opportunity Committee. I also serve on the Recent Graduate Advisory Group of the New York University Center for Labor and Employment Law.

10. I speak frequently on employment law issues, including wage and hour issues and discrimination issues. I have recently been a faculty member for continuing legal education programs focused on employment law and ethics sponsored by the American Bar Association Section of Labor and Employment Law; the New York State Bar Association Labor and Employment Law Section; the New York City Bar Committee on Labor and Employment Law, NELA, and the Practicing Law Institute, among others.

11. In connection with my work, I regularly read the New York Law Journal, advance sheets, and other literature related to employment law and class action law developments. I attend workshops and seminars at least four times per year sponsored by NELA, NELA/NY, the American Bar Association, and other organizations.

12. Courts have repeatedly found O&G to be adequate class counsel in wage and hour class actions. *See, e.g.*, *Perez v. Allstate Ins. Co.*, No. 11 Civ. 1812, 2014 WL 4635745, at *25 (E.D.N.Y. Sept. 16, 2014) (appointing O&G class counsel and noting that "O & G has the

requisite experience in handling class actions . . . , are well versed in the applicable law, and have the resources necessary to represent the NYLL Class fairly and adequately"); *Beckman v. KeyBank, N.A.*, 293 F.R.D. at 473 (O&G attorneys have "substantial experience prosecuting and settling employment class actions, including wage and hour class actions[,] and are well-versed in wage and hour law and class action law."); *Glatt v. Fox Searchlight Pictures, Inc.*, 293 F.R.D. at 516, 537 (S.D.N.Y. 2013) (appointing O&G as class counsel); *Hernandez v. Merrill Lynch & Co., Inc.*, No. 11 Civ. 8472, 2012 WL 5862749, at *4 (S.D.N.Y. Nov. 15, 2012) (appointing O&G as class counsel, noting the firms "years of experience prosecuting and settling wage and hour class actions"); *Capsolas*, 2012 WL 1656920, at *2 (appointing O&G as class counsel and noting O&G attorneys "have years of experience prosecuting and settling wage and hour class actions, and are well-versed in wage and hour law and in class action law"); *Palacio*, 2012 WL 1058409, at *2 (appointing O&G as class counsel and noting the firms' extensive experience litigating and settlement wage and hour class and collective actions); *Johnson*, 2011 WL 1872405, at *2 (May 17, 2011) (appointing O&G as class counsel); *McMahon*, 2010 WL 2399328, at *6 (O&G "are experienced employment lawyers with good reputations among the employment law bar . . . [and] have prosecuted and favorably settled many employment law class actions, including wage and hour class actions"); *Damassia*, 250 F.R.D. at 158 (O&G lawyers have "an established record of competent and successful prosecution of large wage and hour class actions, and the attorneys working on the case are likewise competent and experienced in the area").

**Investigation and Discovery**

13. Before the initiation of this action, I, along with a team of attorneys and paralegals at O&G conducted a thorough investigation. We focused their investigation and legal research

on the underlying merits of Class Members' claims, the damages to which they were entitled, and the propriety of class certification.

14. We conducted in-depth background interviews with the Plaintiffs Jesse Moore and Monet Eliastam and numerous other former Interns to determine the nature of their duties and responsibilities, the hours that they worked, and other information relevant to their claims.

15. We also obtained and reviewed numerous documents from Plaintiffs related to their internships with Defendant, including onboarding paperwork, intern guides, emails, memos, and resumes.

16. We conducted background research on Defendant to obtain information on Defendant's corporate structure and facilities.

**Litigation**

17. Plaintiffs and the members of the class ("Class Members" or "the Class"), participated in internships at NBCUniversal Media, LLC, its predecessor, NBCUniversal, Inc., and/or its Affiliated Entities, and received no compensation or compensation at a rate less than the applicable hourly minimum wage.

18. On July 3, 2013, Plaintiffs Monet Eliastam and Jesse Moore[1] filed a class and collective action against Defendant in the United States District Court for the Southern District of New York, alleging that Defendant violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by improperly classifying them as non-employee "interns" exempt from federal and state minimum wage and spread-of-hours requirements and failing to pay them and other Interns minimum wage and spread-of-hours pay.  The complaint sought recovery of unpaid wages, attorneys' fees and costs, interest, and liquidated damages.

---

[1] On or about April 16, 2014, Jesse Moore voluntarily withdrew his claims from this action.  ECF No. 42.

19.     On September 24, 2013, Plaintiffs filed a First Amended Complaint.

20.     In or about late October, 2013, the Parties exchanged initial document requests and interrogatories.

21.     On October 22, 2014, Plaintiffs filed a Second Amended Complaint adding Plaintiffs Alexander Vainer and Rheanna Behuniak, and asserting additional state law claims under California, and Connecticut minimum wage laws.

**Settlement Negotiations**

22.     In late October 2013, the parties agreed to arrange a meeting to explore a possible resolution of Plaintiffs' claims through settlement.

23.     Defendant produced data showing the number of Class Members who interned each year during the applicable statute of limitations and the state in which they interned. Plaintiffs analyzed this data and constructed a damages model based on the data.

24.     In advance of the meeting, the Parties exchanged correspondence and had several telephone conferences during which they discussed the merits of the claims, the Parties' respective risks and vulnerabilities, and potential damages.

25.     On January 16, 2014, the Parties attended a full-day meeting at the New York offices of Defendant's counsel, Morgan, Lewis & Bockius LLP.  At the meeting, the Parties reached an agreement on the settlement amount and several other key terms.

26.     During the next several months, the Parties negotiated the remaining terms of the settlement, which were memorialized in a formal Joint Settlement and Release ("Settlement Agreement") executed by the parties on or about October 22, 2014.

27.     At all times during the settlement negotiation process, negotiations were conducted on an arm's-length basis.

**Settlement Terms and Allocation Formula**

28.     The Settlement Agreement creates a common fund of $6,400,000 (the "Settlement Amount"), Ex. A (Settlement Agreement) § 1.41, which covers payments to Class Members, attorneys' fees, costs and expenses; administrative costs; any Court-approved service payments; and the Reserve Fund.  Ex. A (Settlement Agreement) § 1.41.

29.     The Settlement Amount shall include a $25,000 Reserve Fund to make payments to Class Members who file late claims, who dispute their allocation amounts, and/or who were not identified as Class Members but have a good faith claim for participation.  *Id.* § 1.39.

30.     Participating Class Members will be paid pursuant to an allocation formula based on the number of Unpaid Internships in which each Class Member participated, and the total number of unique Unpaid Internships by all Class Members during the relevant period.  *Id.* § 2.2.1.

31.     To determine each Class Member's individual settlement allocation, the Claims Administrator will divide the Net Settlement Amount by the total number of unique Unpaid Internships to determine the value for each unique Unpaid Internship, and then multiply the number of Unpaid Internships in which a Class Member participated during the relevant time period.  *Id.* § 2.2.1.

32.     Class Members will each receive an average settlement payment of approximately $505 (net of attorneys' fees and costs, service awards, the Reserve Fund, and payments for PAGA penalties, but before required withholdings, deductions, and claims administration fees) for each unique Unpaid Internship in which they participated.

33. Within 30 days after the Effective Date, the Claims Administrator disburse settlement checks to the Class Members, any Court-approved service payments, and any Court-awarded attorneys' fees and expenses. *Id.* §§ 2.7.4, 2.9.2, 2.9.4.

**Claims Administration**

34. The Parties shall mutually agree on the Settlement Claims Administrator in good faith.

35. The Claims Administrator's Fees and Costs will be paid from the Fund. *Id.* § 1.1.

36. There total number of Class Members shall not exceed 8,975. *Id.* § 1.5(f). The total number of Rule 23 Class Members is approximately 7,730.

37. Attached as **Exhibit B** is the proposed Notice Regarding Pendency of Class/Collective Action ("Proposed Notice") and Consent to Join Settlement Form.

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this 22nd day of October, 2014
New York, New York.

 /s/ Justin M. Swartz
Justin M. Swartz
**Outten & Golden LLP**
3 Park Avenue, 29th Floor
New York, NY 10016
(212) 245-1000