# EXHIBIT A

**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
MONET ELIASTAM, et al.,                    :
                                           :
                     *Plaintiffs*,         :
                                           :     Civil Action No.: 1:13-cv-04634-RLE
          -v-                              :
                                           :
NBCUNIVERSAL MEDIA, LLC.,                   :
                                           :
                     *Defendant*.          :
-------------------------------------------------------------x

## STIPULATION AND SETTLEMENT AGREEMENT

IT IS HEREBY STIPULATED AND AGREED by and between Monet Eliastam, Alexander Vainer, and Rheanna Behuniak (collectively, the "Named Plaintiffs"), on behalf of themselves and all others similarly situated, on the one hand; and NBCUNIVERSAL MEDIA, LLC ("NBCUniversal" or "Defendant"), on the other hand, (collectively "the Settling Parties") as set forth below:

## I.      THE CONDITIONAL NATURE OF THIS STIPULATION

This Stipulation and Settlement Agreement, including all associated exhibits or attachments ("Stipulation"), is made for the sole purpose of settling the above-captioned action on a collective and class-wide basis. This Stipulation and the settlement it evidences is made in compromise of disputed claims. The Parties enter into this Stipulation on a conditional basis. In the event that the Court does not enter the Order Granting Final Approval of Settlement, or in the event that the associated Judgment does not become a Final Judgment for any reason, this Stipulation (except for those provisions relating to non-admissibility and non-admission of liability set forth in Sections I, IV, 2.12.4, and 2.12.5 and those provisions relating to the return of documents and discovery set forth in Sections 2.13.1 and 2.13.2) shall be deemed null and void ab initio, shall be of no force or effect whatsoever, and shall not be referred to or utilized for

1

any purpose whatsoever, including to support certification or oppose decertification of any claim in any action.  Further, the negotiation, terms and execution of the Term Sheet dated February 4, 2014 (superseded by this Stipulation) shall remain strictly confidential and subject to the provisions of Federal Rule of Evidence 408, and any other analogous rules of evidence that are applicable.

Defendant denies all claims as to liability, damages, penalties, interest, fees, restitution, injunctive relief and all other forms of relief, as well as the collective and class allegations asserted in the Litigation.[1]  Defendant has agreed to resolve the Litigation via this Stipulation, but to the extent this Stipulation is deemed void or the Effective Date does not occur, Defendant does not waive, but rather expressly reserves, all rights to challenge all such claims and allegations in the Litigation upon all procedural and factual grounds, including, without limitation, the ability to challenge class and collective action treatment on any grounds, including through a motion(s) for decertification, to move for dismissal of certain claims, and to seek summary judgment as to any claims, as well as asserting any and all other potential defenses or privileges.  The Class Representatives and Class Counsel (as defined in Sections 1.6 and 1.7) agree that Defendant retains and reserves these rights and they agree not to take a position to the contrary. Specifically, the Class Representatives and Class Counsel agree not to argue or present any argument, and hereby waive any argument, that based on this Stipulation, Defendant could not contest class certification or collective action certification on any grounds, including through a motion(s) for decertification, move for dismissal or  summary judgment as to any claims or assert any and all other potential defenses and privileges if this Litigation were to proceed.

---

[1] All capitalized terms shall have the meaning set forth in the definitions in Section 1 below.

Similarly, to the extent this Stipulation is deemed void or the Effective Date does not occur, Class Representatives do not waive, but rather expressly reserve, all rights to prosecute all such claims and allegations in the Litigation upon all procedural and factual grounds, including through motions for class certification and summary judgment.  Defendant agrees that Class Representatives retain and reserve these rights and it agrees not to take a position to the contrary.  Specifically, Defendant agrees not to argue or present any argument, and hereby waives any argument, that based on this Stipulation, Class Representatives could not seek class certification or move for summary judgment on any of their claims or Defendant's defenses if this Litigation were to proceed.

## II.      THE PARTIES TO THIS STIPULATION

This Stipulation (with the associated exhibits) is made and entered into by and among the following Settling Parties: (i) the Class Representatives (on behalf of themselves and each of the Settlement Class Members), with the assistance of Class Counsel; and (ii) Defendant, with the assistance of its counsel of choice.  The Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Federal Law Claims (defined below) of all Participating Claimants and the Released State Law Claims (as defined below) for all Participating Claimants and Rule 23 Class Members  and subject to the terms and conditions hereof.

## III.     THE LITIGATION

On July 3, 2013, Named Plaintiff Monet Eliastam commenced a proposed class and collective action in the United States District Court for the Southern District of New York, Civil Action No. 1:13-cv-04634-RLE.  On or about September 24, 2013, she filed a First Amended Complaint.

Upon execution of this Stipulation, the Class Representatives will file a second amended class and collective action complaint in the United States District Court for the Southern District of New York ("Second Amended Complaint" or "Amended Action"). The Class Representatives have alleged original federal court jurisdiction on the basis of federal question jurisdiction with respect to their Fair Labor Standards Act ("FLSA") claims and Class Action Fairness Act ("CAFA"), diversity jurisdiction and supplemental jurisdiction with respect to their state law claims for an alleged failure to pay requisite minimum wages and alleged notice and recordkeeping violations. *See* 28 U.S.C. §§1331-32, 1367.

## IV.   DEFENDANT'S DENIAL OF WRONGDOING OR LIABILITY

Defendant specifically and generally denies all of the claims asserted in the Litigation, denies any and all liability or wrongdoing of any kind whatsoever associated with any of the facts or claims alleged in the Litigation, and makes no concessions or admissions of wrongdoing or liability of any kind whatsoever. Defendant asserts that all individuals who had Unpaid Internships with Defendant were not Defendant's employees, that no wages or other compensation of any kind is owed to them, and because they were not employees, Defendant had no corresponding notice or recordkeeping obligations for these individuals under the FLSA or state wage and hour laws. Defendant also asserts that, for any purpose other than settlement, the Litigation is not suitable or appropriate for class or collective action treatment pursuant to either Federal Rule of Civil Procedure 23 or 29 U.S.C. §216(b). Nonetheless, Defendant has concluded that further conduct of the Litigation would be protracted, distracting and expensive. Defendant has therefore determined that it is beneficial to it to settle the Litigation in the manner and upon the terms and conditions set forth in this Stipulation.

## V.   CLAIMS OF THE CLASS REPRESENTATIVES AND BENEFITS OF SETTLEMENT

The Class Representatives and Class Counsel believe that the claims asserted in the Litigation have merit.  However, the Class Representatives and Class Counsel recognize and acknowledge the expense and length of time of the type of continued proceedings necessary to prosecute the Litigation against Defendant through trial and through appeals. The Class Representatives and Class Counsel have also taken into account the uncertain outcome and the risk of any litigation, as well as the difficulties and delays inherent in all litigation. Based upon their evaluation, the Class Representatives and Class Counsel have determined that the settlement set forth in the Stipulation is in the best interests of the Class Representatives and the Settlement Class.

## VI.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY FURTHER STIPULATED AND AGREED by and between the Class Representatives (for themselves and the Settlement Class Members) and Defendant, with the assistance of their respective counsel or attorneys of record, that, as among the Settling Parties, including all Settlement Class Members, the Litigation, and the Released State Law Claims and Released Federal Law Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, including all Participating Claimants and Rule 23 Class Members, upon and subject to the terms and conditions of the Stipulation and the Judgment.

### 1.   **Definitions.**

As used in all parts of this Stipulation, the following terms have the meanings specified below:

1.1. "Administrative Costs" means the amount to be paid to the Claims Administrator for its costs in connection with administering the terms of this Stipulation,

including the costs of all notices and publication set forth in Section 2.5 and its subsections. Administrative Costs shall be paid from the Settlement Amount.

    1.2. "Affiliated Entities" means the corporate entities, under NBCUniversal Media, LLC, that own or control the groups, business or functional units, networks or shows listed on Attachment A hereto.

    1.3. "Allocation Formula" means the form and methodology for distribution of the Net Settlement Amount to Participating Claimants, which shall be applied as provided in section 2.2.1 of this Stipulation.

    1.4. "Claims Administrator" means a third-party claims administration firm, upon which the Parties will mutually agree in good faith.  The Claims Administrator shall be responsible for distributing notice to Class Members; responding to Class Member inquiries; resolving disputes relating to Class Members' settlement share amounts; calculating Class Members' settlement shares; reporting on the state of the Settlement to the Parties; distributing settlement payments and withholding Class Members' share of taxes; coordinating with Defendant to calculate and pay the employer's share of payroll taxes resulting from any settlement payments; remitting such withheld funds to the appropriate taxing authorities; preparing a declaration regarding its due diligence in the claims administration process; and performing such other duties as the Parties may jointly direct or as are specified herein.

    1.5. "Class" or "Class Member" means collectively:

        a.    All Class Representatives;

        b.    All Current FLSA Opt-Ins;

c.      All other individuals who participated in Unpaid Internships with NBCUniversal Media, LLC, its predecessor, NBC Universal, Inc., and/or its Affiliated Entities in New York at any time since July 3, 2007 through the Preliminary Approval Date;

d.      All other individuals who participated in Unpaid Internships with NBCUniversal Media, LLC, its predecessor, NBC Universal, Inc., and/or its Affiliated Entities in California at any time since February 4, 2010 through the Preliminary Approval Date;

e.      All other individuals who participated in Unpaid Internships with NBCUniversal Media, LLC, its predecessor, NBC Universal, Inc., and/or its Affiliated Entities in any state other than California or New York at any time since February 4, 2011 through the Preliminary Approval Date;

f.      The total number of Class Members shall not exceed 8,975.  To avoid uncertainty, and not to the exclusion of any other term, this is a material term of the Stipulation.

1.6.   "Class Counsel" means, collectively, the law firm of Outten & Golden LLP and its attorneys.

1.7.   "Class Representatives" means Monet Eliastam, Alexander Vainer, and Rheanna Behuniak.

1.8.   "Class Representatives' Released Claims" refers to the federal, state, and local law claims released by the Class Representatives which are set forth in detail in the Class Representative General Releases, attached as Exhibits 2-4.

1.9.   "Consent to Join Settlement Form" means Form 1-A to the Notice Regarding Pendency of Class Action (Exhibit 1) as approved by both the Parties and the Court,

which a Class Member must submit (while also not becoming an Opt-Out) in order to become an eligible Participating Claimant and receive a payment pursuant to Section 2.2.

1.10. "Court" means the United States District Court for the Southern District of New York, the Honorable Ronald L. Ellis presiding.

1.11. "Current FLSA Opt-In" means any individual who filed an opt-in consent form in the *Eliastam* action and did not have his or her claims dismissed or withdrawn before the execution date of this Stipulation.

1.12. "Current FLSA Opt-In Released Claims" refers to the claims released by the Current FLSA Opt-Ins and which are detailed in the Current FLSA Opt-Ins General Releases, attached as Exhibits 5-7.

1.13. "Defendant Releasees" means NBCUniversal Media LLC, and its current, former, and future affiliates and related entities, including, without limitation, parents, subsidiaries, predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys (including Morgan, Lewis & Bockius LLP), and personal or legal representatives, in their individual and corporate capacities.

1.14. "Effective Date" means the date on which the Judgment becomes a Final Judgment.

1.15. "Service Payment" means an amount approved by the Court, not to exceed $10,000 to be paid to Named Plaintiff Monet Eliastam, not to exceed $5,000 to Class Representatives Alexander Vainer and Rheanna Behuniak, and not to exceed $2,000 to the Current FLSA Opt-Ins (*i.e.* Samantha Kurlander, Nicole Klepper, and Jamaal Brown), in addition to their awards as Participating Claimants, in recognition of their efforts in coming

8

forward as Class Representatives or otherwise benefiting the Class.  Defendant will not oppose Class Counsel's application to the Court to allow these Service Payments, which are expressly contingent on the recipients signing and not revoking the general releases attached hereto as Exhibits 2-7, and agreeing to arbitrate future disputes with Defendant on an individual basis as set forth in the general releases.  Named Plaintiff Monet Eliastam further agrees not to apply for employment with Defendant during the five years subsequent to the execution of this Stipulation and agrees to only apply for positions for which she is qualified subsequent to the expiration of the five year period.  The amounts of the proposed Service Payments were negotiated and agreed upon after the Settlement Amount was negotiated and agreed upon.

   1.16. "Final Approval Order" or "Order Granting Final Approval of Settlement" means an order to be executed and filed by the Court approving the terms contained in this Stipulation.   The Class Representatives will submit a draft order agreed to by the parties, entitled "Order Granting Final Approval of Class and Collective Action Settlement," in the form attached hereto as Exhibit 9, for the Court's review and approval.

   1.17. "Final Judgment" means the latest of: (i) the date of final affirmance on an appeal of the Judgment; (ii) the date of final dismissal with prejudice of the last pending appeal from the Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any form of valid appeal from the Judgment.  Notwithstanding the foregoing, a reduction in the award of attorneys' fees and costs and/or Service Payments set forth in this Stipulation or any appeal or petition for a writ pertaining solely to the award of attorneys' fees and costs and/or Service Payments shall not in any way delay or preclude the Judgment from becoming a Final Judgment.

1.18. "FLSA Settlement Collective Action Members" means all Class Representatives and Current FLSA Opt-Ins as well as all other individuals who participated in Unpaid Internships with NBCUniversal Media, LLC, its predecessor, NBC Universal, Inc., and/or its Affiliated Entities at any time since February 4, 2011 through the Preliminary Approval Date.

1.19. "Judgment" means the judgment to be rendered by the Court pursuant to this Stipulation.

1.20. "Last Known Address" or "Last Known Addresses" means the most recently recorded mailing address for a Class Member as such information was contained in Defendant's records containing personnel information, the most recently recorded mailing address in Class Counsel's records, and any address a Class Member provides to the Parties or the Claims Administrator.

1.21. "Last Known Email Address" or "Last Known Email Addresses" means the most recently recorded email address for a Class Member as such information was contained in Defendant's records containing personnel information, the most recently recorded email address in Class Counsel's records, and any email address a Class Member provides to the Parties or the Claims Administrator.

1.22. "Last Known Cell Phone Number" means the most recently recorded cell phone number for a Class Member as such information was contained in Defendant's records containing personnel information, the most recently recorded cell phone number in Class Counsel's records, and any cell phone number a Class Member provides to the Parties or the Claims Administrator.

1.23. The "Litigation" means the civil action entitled *Eliastam, et al. v. NBCUniversal Media LLC*, Case No. 1:13-cv-4634-RLE, in the United States District Court for the Southern District of New York.

1.24. "LWDA" means the California Labor and Workforce Development Agency.

1.25. "Net Settlement Amount" means the Settlement Amount less approved attorneys' fees, costs, and expenses, approved Service Payments, payment to the LWDA for the settlement of PAGA penalties, Administrative Costs, and the Reserve Fund.

1.26. "Notice Regarding Pendency of Class Action" or "Notice To Class Members Regarding Pendency of a Class Action and Notice of Hearing On Proposed Settlement" or "Class Notice" means a notice (and associated response forms) entitled "Notice To Class Members Regarding Pendency of a Class and Collective Action and Notice of Hearing On Proposed Settlement" to be submitted to the Court for review and approval, and attached hereto as Exhibit 1.

1.27. The "Notice Mailing Deadline" shall be the date on which the Claims Administrator mails and/or emails the Class Notice to the Class Members and initiates publication notice as set forth in Section 2.5.16 to notify Class Members of the Settlement.  The mailing, emailing and notice publication is to occur within twenty (20) business days after the Preliminary Approval Date.

1.28. The "Notice Response Deadline" shall be the date sixty (60) days after the Claims Administrator first mails or emails the Class Notice to Class Members with a Last Known Address or Last Known Email Address.

1.29. "Opt Out" or "Opt Outs" means written and signed requests by Class Members to be excluded from the settlement and releases set forth herein, which are to be

submitted on the forms, in the manner, and within the time set forth in the Notice Regarding Pendency of Class Action.

1.30.   "PAGA" means the California Labor Code Private Attorneys General Act, California Labor Code §§ 2698 *et seq.*

1.31. "Participating Claimant" means each member of the Class who properly and timely submits a Consent to Join Settlement Form.

1.32. "Participating Claimant Payments" means, for each Participating Claimant, his or her individual settlement payment, as described in Section 2.2.1 below.

1.33. "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order.

1.34. "Preliminary Approval Order" means an order to be executed and filed by the Court approving the terms contained in this Stipulation and preliminarily certifying a class and collective action for settlement purposes only as provided in Section 2.1.2.   The Class Representatives will submit a proposed order agreed to by the Parties, entitled "Order Granting Preliminary Approval of Class and Collective Action Settlement," in the form attached hereto as Exhibit 8, for the Court's review and approval.

1.35.   "Qualified Settlement Fund" or "QSF" means the account established by the Claims Administrator for the Settlement Amount paid by Defendant.   The QSF will be controlled by the Settlement Claims Administrator subject to the terms of this Agreement, the Preliminary Approval Order, and the Final Approval Order.

1.36. "Reasonable Address Verification Measure" shall mean the utilization of the National Change of Address Database maintained by the United States Postal Service and all

reasonable skip-tracing methods to review the accuracy of and, if possible, to update, a mailing address.

1.37. "Released Federal Law Claims" means any and all known and unknown federal wage and hour and wage payment claims, obligations, demands, actions, rights, causes of action, and liabilities against Defendant Releasees, whether known or unknown, including claims not known or expected to exist at the time of the entry of the Court's Judgment in the Litigation, that arose or are in any way related to Unpaid Internships including: (i) all claims arising under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201, *et seq.*; including claims for wages, overtime pay, minimum wages, damages, or for retaliation damages; and (ii) all claims for unpaid costs, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief based on the claims in (i) above.

1.38. "Released State Law Claims" means any and all known and unknown wage and hour and wage payment claims against Defendant Releasees that arose out of or are in any way related to Unpaid Internships including, but not limited to, all claims for wages, overtime compensation, minimum wages, deductions from pay, meal and rest breaks, failure to comply with wage statement, wage notice and recordkeeping obligations, retaliation, penalties and interest under any and all applicable state and local laws, as well as the common law, and any other claims premised upon alleged wage and hour and wage payment violations, notification requirement or recordkeeping obligations, through the Preliminary Approval Date. This release of claims shall include any and all applicable state or local law wage and hour, wage payment claims and associated notice and recordkeeping obligations, demands, actions, rights, causes of action, and liabilities against Defendant Releasees that arose out of or are in any way related to

13

Unpaid Internships, of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, statute, or other applicable law, whether known or unknown, and whether anticipated or unanticipated, including claims not known or suspected to exist at the time of the entry of the Court's Judgment in the Litigation, for any type of relief, including without limitation claims for wages, damages, premium pay, unpaid costs, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on the following categories of allegations: (a) any and all wage and hour and wage payment claims asserted in the Litigation that arise under the law of any state and/or locality, including but not limited to the statutes identified in Exhibit 10 hereto; (b) any and all claims under applicable state and/or local laws for the failure to pay any type of overtime compensation or minimum wage; (c) any and all claims under applicable state and/or local laws for the failure to provide or pay for meal breaks, and/or rest periods; (d) any and all claims under applicable state and/or laws stemming from or based on the alleged misclassification of interns as non-employees; (e) any and all claims, including without limitation state and/or local statutory and common law claims, alleging unlawful imposition, deduction, or chargeback from compensation for expenses or costs under applicable state laws; (f) any and all claims, including without limitation state and/or local statutory and common law claims, for failure to reimburse, indemnify, cover or pay for business costs and/or deductions; and (g) all claims for penalties or additional damages which allegedly arise from the claims described in (a) through (f) above under any applicable law.  The Released State Law Claims include claims meeting the above definition under any and all applicable statutes, regulations, or common law of the following states, commonwealths, and/or districts:  California, Connecticut and New York.  **THE RELEASED STATE LAW CLAIMS ALSO INCLUDE**

**ALL BENEFITS AND RIGHTS OF ANY STATUTE, RULE, DOCTRINE, OR
COMMON LAW PRINCIPLE OF ANY JURISDICTION WHATSOEVER THAT
PROVIDES THAT A GENERAL RELEASE DOES NOT EXTEND TO UNKNOWN
CLAIMS INCLUDING WITHOUT LIMITATION ANY APPLICABLE BENEFITS OR
RIGHTS UNDER CALIFORNIA CIVIL CODE §1542, WHICH PROVIDES THAT A
GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR
DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME
OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST
HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE
DEBTOR.**

      1.39. "Reserve Fund" means a fund in the amount of $25,000 that the Claims Administrator shall establish from the Settlement Amount which may be used to make payments to Class Members who file late claims, who dispute their allocation amounts based on the Allocation Formula, and/or to individuals who were not identified as Class Members but have a good faith claim for participation as determined by Defendant.

      1.40. "Rule 23 Class Member" or "Member of the Rule 23 Class" means any individual who participated in Unpaid Internships with NBCUniversal Media, LLC, its predecessor, NBC Universal, Inc., and/or its Affiliated Entities in New York at any time since July 3, 2007 through the Preliminary Approval Date; in California at any time since February 4, 2010 through the Preliminary Approval Date; or in Connecticut at any time since February 4, 2011 through the Preliminary Approval Date.

      1.41. "Settlement Amount" shall mean the maximum amount that Defendant shall pay under the terms of this Stipulation, which is the gross sum of Six Million Four Hundred

Thousand Dollars and No Cents ($6,400,000.00), and includes all payments to all class/collective action members who file timely and valid claims; Class Counsel's approved attorneys' fees, costs, and expenses related to the Litigation, including all attorneys' fees, costs, and expenses related to the effort to secure Final Judgment (including litigation of any potential objections to the terms of the Stipulation); Administrative Costs; any approved Service Payments to Named Plaintiff Monet Eliastam, Class Representatives and Current FLSA Opt-ins; payments for PAGA penalties, and the Reserve Fund.  Under no circumstances shall Defendant be required to pay or contribute any monies in excess of the Settlement Amount, except that Defendant is responsible for paying the "employer's" share of any federal, state and/or local payroll taxes.[2]  No payments will be made to Opt Outs or to those Class Members who fail to become Participating Claimants by filing timely file valid claims, and amounts allocated to these individuals from the Settlement Amount will be retained by Defendant.

1.42. "Settlement Class" means the Class Representatives and all Participating Claimants and Rule 23 Class Members who are not Opt Outs.

1.43. "Settlement Class Member" or "Member of the Settlement Class" means any person who is a member of the Settlement Class.

1.44. "Settlement Hearing" or "Fairness and Good Faith Determination Hearing" means a hearing set by the Court to take place at the Court's convenience, but at least forty-five (45) days after the Notice Response Deadline, for the purpose of (i) determining the fairness, adequacy, and reasonableness of the Stipulation terms and associated settlement pursuant to class action procedures and requirements; (ii) determining the good faith of the Stipulation and

---

[2] Defendant denies that individuals with Unpaid Internships were Defendant's employees.  Defendant nonetheless agrees, solely for purposes of this Stipulation, to pay what is commonly referred to as the "employer's" share of payroll taxes, e.g. the employer's contribution for Social Security and Medicare taxes under the Federal Insurance Contributions Act based on an employee's wages.  In no way should Defendant's payment of these taxes been construed as an admission that Defendant employed Unpaid Interns.

associated settlement; (iii) determining Class Counsel's approved attorneys' fees and costs; (iv) approving the payment of any Service Payments to the Class Representatives and Current FLSA Opt-ins; and (v) entering Judgment.

1.45. "Settling Parties" or the "Parties" means Defendant and the Class Representatives on behalf of themselves and all Settlement Class Members.

1.46. "Stipulation" means this agreement, *i.e.*, the Stipulation and Settlement Agreement together with all of its attachments and exhibits (and all of their attachments/forms), which the Settling Parties understand and agree sets forth all material terms and conditions of the Settlement between them, and which is subject to Court approval.  It is understood and agreed that Defendant's obligations and any releases contained herein for payment under this Stipulation are conditioned on, *inter alia,* the occurrence of the Effective Date and completion of the deposit into the QSF described in Section 2.7.3.

1.47. "Unpaid Intern" means an individual who participated in an Unpaid Internship.

1.48. "Unpaid Internship" means an internship at NBCUniversal Media, LLC, its predecessor, NBC Universal, Inc. and/or its Affiliated Entities, where the individual participating in the program received no compensation or compensation at a rate less than the applicable hourly minimum wage.

1.49. "Updated Address" means a mailing address that was updated via a Reasonable Address Verification Measure or via an updated mailing address provided by the United States Postal Service or a Class Member, or any other source.

## 2.  **The Settlement**

2.1.    *Certification of a Rule 23 Class Action and FLSA Collective Action for Settlement Purposes Only.*

2.1.1.   To effectuate the full release of claims contemplated by this Stipulation, Named Plaintiff will file with the Court a Second Amended Complaint that has been approved by Defendant and that amends the First Amended Complaint to add state law class claims for California and Connecticut under Fed. R. Civ. P. 23 for alleged unpaid wages.  Class Counsel, on behalf of Alexander Vainer, will give written notice by certified mail to the LWDA of the allegedly violated provisions of PAGA, including the facts and theories to support the alleged violations.

2.1.2.  The Parties stipulate, for settlement purposes only, to the class certification by the Court of all state law claims and conditional certification of all FLSA claims as set forth below in this section.  The Rule 23 state law settlement class certified pursuant to this provision shall include the Rule 23 Class Members, and the FLSA collective action certified pursuant to this provision shall include the FLSA Settlement Collective Action Members.  The Parties agree that the stipulated class and collective action certification cannot be cited in any other cases or for any other purpose or even in the Litigation in the event that final approval is not granted.

2.2.    *Consideration to Settlement Class Members.*

2.2.1.   Defendant, through the Claims Administrator, and according to the terms, conditions, and procedures set forth in Section 2.7 of this Stipulation, shall pay each Participating Claimant according to the Allocation Formula.  The Allocation Formula shall calculate each Class Member's pro rata allocation percentage in the following manner:  (i) First,

using the data provided by Defendant pursuant to Section 2.5.2 of this Stipulation, the Claims Administrator will compute the number of unique Unpaid Internships for each Class Member from the start of each Class Member's respective state's maximum limitations period – July 3, 2007 if they had an Unpaid Internship in New York, February 4, 2010 if they had an Unpaid Internship in California, or February 4, 2011 if they had an Unpaid Internship in any other state (and not New York, or California) and then compute the total number of unique Unpaid Internships for all Class Members; (ii) Second, the Claims Administrator will divide the Net Settlement Amount, minus the $3,000 to be paid to Class Members who had Unpaid Internships in California per Paragraph 2.2.2, by the total number of unique Unpaid Internships as determined under step (i) to determine the settlement value for each unique Unpaid Internship; (iii) the Claims Administrator will multiply the number of Unpaid Internships a Class Member participated in during the relevant time periods by the settlement value for each unique Unpaid Internship to determine the Class Member's allocation.  The Claims Administrator will provide to Class Counsel and to Defendant's Counsel information showing the Net Settlement Amount and the number of unique Unpaid Internships such that the Class Counsel and Defendant's Counsel can confirm the accuracy of the settlement value for each unique Unpaid Internship. Upon the timely return of a signed and valid Consent to Join Settlement Form to the Claims Administrator, each Class Member will become eligible for a payment representing his or her allocation.  Defendant will not pay any allocations for unclaimed settlement funds or for amounts allocated to Opt Outs.

      2.2.2.  From the Settlement Amount, a payment of $12,000 will be made to the LWDA, representing the LWDA's 75% share of the settlement attributable to PAGA penalties. In connection with the settlement approval, the LWDA shall be notified by Class Counsel of the

existence of the settlement.  Should the LWDA object to the amount of this payment, the parties agree to work in good faith to negotiate another agreeable amount.  The remaining $3,000 in PAGA penalties will distributed on a pro-rata basis to Participating Claimants who had an Unpaid Internship in California.  The pro-rata share will be calculated by dividing $3,000 by the total number of Unpaid Internships in California Class Members had from February 4, 2010 through the Preliminary Approval Date.

2.2.3.   As further detailed in Sections 2.3.1 and 2.3.2, the Claims Administrator will report each payment made pursuant to Sections 2.2 and 2.7 of this Section VI, to state and federal government authorities, including the Internal Revenue Service, as required by law.

2.2.4.   In order to effectuate the terms of the settlement and to correct for mathematical or factual errors in the Allocation Formula and to account for self-identifiers, the Claims Administrator will also create a Reserve Fund in the amount of $25,000, which may be used, as determined by Defendant, to make payments to Class Members who file late claims, who dispute their allocation amounts based on the Allocation Formula and/or to individuals who were not identified as Class Members but have a good faith claim for participation, or for any other reasonable purpose necessary to effectuate the Stipulation.  Any disputes regarding late claims, allocation amounts or self-identifiers that can be resolved prior to finalizing the allocations to Participating Claimants will be resolved prior to finalizing the allocations to Participating Claimants, and the allocations to Participating Claimants shall be adjusted accordingly.  For the purpose of resolving disputed claims, Defendant's records regarding whether an individual should be a Class Member and/or how many Unpaid Internships a Class Members participated in are presumed accurate.  If an individual disputes Defendant's records, he or she has the burden of establishing with documents that he or she is a Class Member or the

correct number of Unpaid Internships in which he or she participated during the relevant time period(s).  Applying these rules and following a conference with counsel for the Parties, the Claims Administrator will determine whether the individual has a valid claim or an adjustment to the Class Member's allocation percentage is warranted.  Any such payment shall be made from the Reserve Fund.  If the Reserve Fund is exhausted, Defendant has the discretion to pay any additional valid claims at the settlement value for each unique Unpaid Internship.  Any funds still remaining in the Reserve Fund shall be returned to Defendant.  Any self-identifying individual who is determined by the above process not to be a Class Member and whom Defendant does not choose to allow to receive a payment shall not release any claims notwithstanding any other language in the Stipulation.

2.3.    *Taxes.*

2.3.1.  Fifty percent (50%) of the total payment to each Participating Claimant shall be deemed payment in settlement of claims for unpaid wages and shall be subject to appropriate deductions and withholdings for wages by the Claims Administrator, and for which a Form W-2 shall be issued to each Participating Claimant.  The remaining fifty percent (50%) of the total payment to each Participating Claimant shall be deemed payment in settlement for claims of penalties, liquidated damages, interest, and all other non-wage income and will be paid subject to an IRS Form 1099.  The individual/"employee" share of any and all payroll taxes shall be taken from the Settlement Amount.  Defendant shall pay the "employer" share of any and all payroll taxes in addition to the Settlement Amount.

2.3.2.  Those payments allocated to the settlement of claims for unpaid wages: (a) shall be subject to required withholdings and deductions by the Claims Administrator, and so the net amounts payable will be less than the gross amounts; and (b) shall be reported in the year

21

of payment as wage income to the Participating Claimant on a Form W-2 issued by the Claims Administrator and such other state or local tax reporting forms as may be required by law. Those payments allocated to all other claims, including without limitation claims for penalties, reimbursement, liquidated damages, interest, and other non-wage recovery (a) shall not be subject to required withholdings and deductions by the Claims Administrator, and so the net amounts payable will be equal to the gross amounts; and (b) shall be reported in the year of payment as non-wage income to the Participating Claimants on a Form 1099 issued by the Claims Administrator and such other state or local tax reporting forms as may be required by law. As to the payments reported as non-wage income, the Class Representatives and Participating Claimants agree to indemnify and hold harmless Defendant for any taxes due or owing by the Class Representatives and Participating Claimants on such payments. Other than as set forth above, Defendant will not make from the payment to each Participating Claimant any deductions, withholdings, or additional payments, including without limitation, medical or other insurance payments or premiums, employee 401(k) contributions or matching employer contributions, wage garnishments, or charity withholdings, and entry of the Order of Final Approval by the Court shall be deemed authority not to make such deductions, withholdings, or additional payments. Any amount paid to Participating Claimants shall not create any credit or otherwise affect the calculation of any deferred compensation, benefit, pension, or other compensation or benefit plan provided by any of the Defendant Releasees.

2.3.3. Other than the withholding and reporting requirements set forth in Paragraph 2.3.1, Participating Claimants shall be solely responsible for the reporting and payment of the "employee's" share of any federal, state, and/or local income tax or other tax or any other withholdings, if any, on any of the payments made pursuant to this Section VI of this

Stipulation.  Defendant will be responsible for paying the "employer's" share of any applicable payroll taxes.   The "employer's" share of any applicable payroll taxes will not be taken from the Settlement Amount.  Defendant makes no representations, and it is understood and agreed that Defendant has made no representations, as to the taxability to any Participating Claimants of any portions of the settlement payments, the payment of any attorneys' fees or costs, or any payments to the Class Representatives.  The Notice Regarding Pendency of Class Action will advise each Class Member to seek his or her own personal tax advice prior to acting in response to that notice, and Defendant, the Class Representatives, and Class Counsel agree that each Class Member will have an adequate opportunity to seek tax advice prior to acting in response to the notice.

      2.4.      *Court Approval of Notice to the Class and a Settlement Hearing.*

        2.4.1. The Class Representatives, through their counsel of record in the Litigation, shall file this Stipulation with the Court along with their motion for preliminary approval of this Stipulation.  Defendant will have the opportunity to review and comment on the motion and shall not oppose the motion but may respond to the motion if necessary.  The Class Representatives will provide a draft of the preliminary approval motion to Defendant for its review at least one week prior to filing it, and will consider any proposed revisions in good faith. Via this Stipulation, and a supporting motion, the Class Representatives, through their counsel of record, will request that the Court enter the Preliminary Approval Order and preliminarily approve the terms of this Stipulation, certify a class and collective action for settlement purposes only as provided in Section 2.1.2, preliminarily approve the allocation of settlement funds as set forth in this Stipulation, and schedule the Final Settlement Approval and Fairness Hearing.

2.4.2.   A decision by the Court not to enter the Preliminary Approval Order in its entirety, or a decision by the Court to enter the Preliminary Approval Order with modifications that Defendant determines in its reasonable and good faith judgment to be material, unless the Parties jointly agree to seek reconsideration of the ruling or to seek Court approval of a renegotiated settlement, will be grounds for Defendant to terminate the settlement and the terms of this Stipulation in writing within twenty-one (21) days of receipt of the Court's decision, and the Litigation will resume as if no settlement had been attempted.

2.4.3.   If any deadlines related to this Stipulation cannot be met, Class Counsel and counsel for Defendant shall confer and attempt to reach agreement on any necessary revisions of the deadlines and timetables set forth in this Stipulation.   In the event that the Settling Parties fail to reach such agreement, any of the Settling Parties may apply to the Court for modification of the dates and deadlines in this Stipulation, provided that such a request to the Court may seek only reasonable modifications of the dates and deadlines contained in this Stipulation and no other material changes.

2.4.4.   If the Court enters the Preliminary Approval Order, then at the resulting Final Approval and Fairness Hearing, the Class Representatives and Defendant, through their counsel of record, shall address any timely written objections from Class Members or any concerns from Class Members who attend the hearing.   Additionally, Class Representatives and Defendant, through their counsel of record, shall address any timely stated concerns of any state official who receives a notice under CAFA, if any, and any concerns of the Court, if any, and shall and hereby do, unless provided otherwise in this Stipulation, stipulate to final approval of this Stipulation and entry of the Judgment by the Court.

2.5.    *Notice to Class Members.*

2.5.1. If, by entering the Preliminary Approval Order, the Court provides authorization to send the Notice Regarding Pendency of Class Action to Class Members (attached hereto as Exhibit 1) and the associated Exhibit (i.e. Form 1-A), *i.e.* the "Class Notice", the Claims Administrator will send the Class Notice to all Class Members for whom the Claims Administrator has a Last Known Addresses or Last Known Email Address according to the below procedure.

2.5.2. Within five days of the Preliminary Approval Order, Class Counsel will provide, in electronic form, the Last Known Address, Last Known Email Address, and Last Known Cell Phone Number for each Current FLSA Opt-In to the Claims Administrator. Defendant shall take reasonable efforts (and describe these efforts to the Court upon request) to review its records for the Last Known Address, Last Known Email Address, and Last Known Cell Phone Number, and the number of Unpaid Internships held by each Class Member for all remaining Class Members and, within five (5) business days of the Preliminary Approval Order, shall then provide, in electronic form, all Last Known Addresses, Last Known Email Addresses, and Last Known Cell Phone Numbers and the number of Unpaid Internships held by each Class Member that it locates to the Claims Administrator so that the Claims Administrator can engage in the processing and mailing and/or emailing of each Class Notice.

2.5.3. Before the dissemination of the Class Notice, the Claims Administrator will establish an Internet website, www.nbcuniversalinternsettlement.com, that will contain electronic copies of settlement documents (including but not limited to the Class Notice, the Consent to Join Settlement Form, this Stipulation of Settlement (including all of its Exhibits), and the Second Amended Class Action Complaint) and based on Class Counsel and Defendant's

Counsel's joint approval, a list of important dates.  The website will also allow individuals to download the Consent to Join Settlement Form (Form 1-A), and a 2014 Internal Revenue Service Form W-4.

2.5.4.   Class Notice shall be mailed to all Class Members for whom the Claims Administrator has a Last Known Address via first class mail through the United States Postal Service, postage pre-paid.  The Class Notice and its envelope or covering shall be marked to denote the return address of the Claims Administrator.

2.5.5.   Prior to mailing the Class Notice to each Class Member with a Last Known Address, the Claims Administrator shall undertake a Reasonable Address Verification Measure to ascertain the current accuracy of the Last Known Address of each Class Member.  To the extent this process yields an Updated Address, that Updated Address shall replace the Last Known Address and be treated as the new Last Known Address for purposes of this Stipulation and for subsequent mailings in particular.

2.5.6.   Class Notice shall also be emailed to all Class Members for whom the Claims Administrator has a Last Known Email Address.  The email with the attached Class Notice will be sent to the Class Member's Last Known Email Address with the phrase "NBCUniversal Unpaid Internship Settlement – Important Information About Your Rights" in the subject line of the email.  The body of the email shall state: "A proposed settlement has been reached in the unpaid intern lawsuit currently pending in the United States District Court for the Southern District of New York, captioned *Eliastam, et al. v. NBCUniversal Media, LLC*, Case No. 1:11-cv-4634-RLE.  Because your rights may be affected by this Settlement, please read the attached Notice carefully.  You may contact the lawyers for the unpaid interns who filed the

lawsuit if you have any questions:   call Juno Turner at 212.245.1000 or email nbcuinterncase@outtengolden.com"

2.5.7.  If the Claims Administrator has no Last Known Address and no Last Known Email Address for a Class Member, but has a Last Known Cell Phone Number for the Class Member, the Claims Administrator shall send a text message to these Class Members.  The text message will state:  "If you were a former unpaid intern at NBCUniversal, your rights may be affected by the Settlement in *Eliastam, et al. v. NBCUniversal Media LLC*, Case No. 1:11-cv-4634-RLE. You must submit a claim form to benefit from this Settlement.  Please go to www.nbcuniversalinternsettlement.com for more details."

2.5.8.  Unless the parties agree otherwise in writing or the Court so orders, each of the text messages pursuant to 2.5.7 herein shall be sent no later than three (3) days after the Notice Mailing Deadline.  The reasonable costs expended in association with the preparation and sending of the text messages contemplated by Paragraphs 2.5.7 shall be included as part of the Administrative Costs as defined herein.

2.5.9.  Unless the parties agree otherwise in writing or the Court so orders, Class Notices shall be mailed and/or emailed pursuant to Paragraphs 2.5.4 and 2.5.6 no later than the Notice Mailing Deadline.

2.5.10. Part of the fees paid to the Claims Administrator shall be used to pay for all costs of the mailings, emails, and text messages described in Section 2.5, which shall include the fees charged by the Claims Administrator for address verifications and all other tasks, the cost of the envelopes in which the Class Notice will be mailed, the cost of reproducing the Class Notice, the cost of postage to send the Class Notice, and the cost of envelopes and postage for the return envelope enclosed with the Notice.  The following Forms will be included with the

Class Notice: Consent to Join Settlement Form (Form 1-A), and a 2014 Internal Revenue Service Form W-4.

2.5.11. Unless the Claims Administrator receives a Class Notice returned from the United States Postal Service for reasons discussed below in this Paragraph 2.5.11, Class Notice sent via First Class Mail shall be deemed mailed and received by the Class Member to whom it was sent ten days (10) days after mailing.  In the event that subsequent to the first mailing of a Notice Regarding Pendency of Class Action and prior to the deadline for a response, that Notice is returned to the Claims Administrator by the United States Postal Service with a forwarding address for the recipient, the Claims Administrator shall re-mail the notice to that address, the notice will be deemed mailed as of that date, and the forwarding address shall be deemed the Updated Address for that Class Member.  In the event that subsequent to the first mailing of a Class Notice, that Notice is returned to the Claims Administrator by the United States Postal Service because the address of the recipient is no longer valid, *i.e.,* the envelope is marked "Return to Sender," the Claims Administrator shall perform a standard skip trace, in the manner the Claims Administrator customarily performs skip traces, in an effort to attempt to ascertain the current address of the particular Class Member in question.  If such an address is ascertained, the Claims Administrator will re-send the Class Notice within three (3) business days of receiving such information.  If the Notice Regarding Pendency of Class Action is mailed a second time to a Class Member pursuant to this Paragraph, or emailed a second time pursuant to Paragraph 2.5.12, the Class Member shall have up to and including twenty (20) days after the Notice Response Deadline to file a Consent to Join Settlement Form, or to opt out.

2.5.12. Unless the Claims Administrator receives notification that a Class Notice sent by email is undeliverable, Class Notice sent by email shall be deemed received by the Class

Member the same day the Claims Administrator sent the email.  If upon emailing a Class Member, the Claims Administrator receives notice of a forwarding email address for a Class Member, the Claims Administrator will send Class Notice to this new email address within five (5) business days of receiving the new email address and the Class Notice will be deemed received by the Class Member on same day the Class Notice was emailed.

   2.5.13.  If thirty (30) days prior to the Notice Response Deadline the Claims Administrator has not received a Consent to Join Settlement Form or an Opt Out Statement from a Class Member who was sent Class Notice via First Class Mail but was not sent Class Notice by email or text message, and the Class Notice was not returned as undeliverable, the Claims Administrator will mail the Class Member a reminder postcard the next business day: (a) referencing the name of the Litigation; (b) stating that the Class Member received a Class Notice regarding the settlement of the Litigation; (c) providing the address for the Claims Administrator; (d) stating the Notice Response Deadline, *i.e.*, the deadline to respond to the Class Notice if the recipient desires to do so; (e) stating that the Class Member can contact the Claims Administrator to receive an additional copy of the Class Notice; and (f) providing a link to the website established by the Claims Administrator.  The postcard shall not contain additional information or statements.  Nothing in this Paragraph shall be construed to extend the Notice Response Deadline for any Class Member, and the reasonable costs expended in association with the preparation and mailing of the postcards contemplated by this Paragraph 2.5.13, shall be included as part of the Administrative Costs as defined herein.

   2.5.14. If thirty (30) days prior to Notice Response Deadline the Claims Administrator has not received a Consent to Join Settlement Form or Opt Out Statement from a Class Member who was sent Class Notice via email, and the Class Notice was not returned as

undeliverable, the Claims Administrator will send the Class Member a reminder email the next business day with the subject line stating: "Eliastam, et al. v. NBCUniversal Media, LLC"  The body of the email shall:  (a) reference the name of the Litigation; (b) state that the Class Member received a Class Notice regarding the settlement of the Litigation in a previous email; (c) provide the address for the Claims Administrator; (d) state the Notice Response Deadline, *i.e.*, the deadline to respond to the Class Notice if the recipient desires to do so; (e) state that the Class Member can contact the Claims Administrator to receive an additional copy of the Settlement Documents; (f) provide a link to the website established by the Claims Administrator.  The reminder email shall not contain additional information or statements.  Nothing in this Paragraph shall be construed to extend the Notice Response Deadline for any Class Member and the reasonable costs expended in association with the preparation and emailing of the reminder contemplated by this Paragraph 2.5.14, shall be included as part of the Administrative Costs as defined herein.

    2.5.15.  The Claims Administrator will work with LinkedIn to design, subject to the parties' approval, a banner advertisement to be published on LinkedIn beginning on the Notice Mailing Deadline, to all those individuals who have "NBC Intern" or NBCUniversal Intern" in their LinkedIn profile.  The banner advertisement will direct individuals to the Internet website, www.nbcuniversalinternsettlement.com, and will appear to said individuals who sign-on to LinkedIn anytime during the sixty-day period following the Notice Mailing Deadline.  The reasonable costs expended in association with the establishing and maintaining the internet website www.nbcuniversalinternsettlement.com and publishing notice as contemplated by Paragraph 2.5.15, shall be included as part of the Administrative Costs as defined herein.

2.5.16. The Class Representatives acknowledge that the amount paid to be paid to the Claims Administrator from the Settlement Amount for the reasonable cost associated with mailing, emailings and text messaging, publication of notice and establishing and maintaining the website www.nbcuniversalinternsettlement.com from the Settlement Payment constitutes part of the consideration to the Settlement Class.

2.5.17. Within ten (10) business days following the filing of this Stipulation with the Court, Defendant shall serve upon the Attorney General of the United States and the appropriate State officials in all 50 States and the District of Columbia a notice of the proposed settlement in compliance with the requirements of CAFA, 28 U.S.C. §1715.  A sample of the CAFA Notice is attached as Exhibit 11.

2.6.    *Responses to the Notice Regarding Pendency of Class Action; Motion for Final Approval.*

2.6.1.   Rule 23 Class Members may elect to "opt out" of the Settlement Class and thus exclude themselves from the Litigation, the Settlement Class, and any payment provided pursuant to this Stipulation.  Rule 23 Class Members who wish to exercise this option must mail a written, signed statement to the Claims Administrator that he or she is opting out of the Litigation ("Opt Out Statement").  The Opt Out Statement must contain the name, address, and telephone number of the Rule 23 Class Member to be valid.  It must also include the words "I opt out of the NBCUniversal intern wage and hour settlement" in order to be valid.  If a complete and properly executed Opt Out Statement is not received by the Claims Administrator from a Rule 23 Class Member with a postmark or email date on or before the Notice Response Deadline, then that Rule 23 Class Member will be deemed to have forever waived his or her right to opt out of the Settlement Class.  Rule 23 Class Members who do not timely submit a fully

completed and properly executed Opt Out Statement shall be deemed Settlement Class Members, regardless of whether they submit a timely/valid Consent to Join Settlement Form.  Rule 23 Class Members who do timely submit a fully completed and properly executed opt Out Statement shall have no further role in the Litigation, and for all purposes shall be regarded as if they never were either a party to this Litigation or a Class Member, and thus they shall not be entitled to any benefit as a result of the Litigation or this Stipulation and shall not release any claims against Defendant.

      2.6.2.  Class Members who do not opt out of the Settlement Class pursuant to Section 2.6.1 who wish to object to the Stipulation must do so in writing.  A Class Member who opts out of the Settlement Class may not object.  To be considered, an objection must be in writing and be mailed to the Claims Administrator via First-Class United States Mail, postage prepaid, and be received by the Claims Administrator no later than seven days prior to the Notice Response Deadline.  The written objection must include the words, "I object to the settlement in the NBC Universal unpaid internship case" as well as all reasons for the objection.  Any reasons not included in the written objection will not be considered by the Court.  The written objection must also include the name, address, and telephone numbers for the Class Member making the objection.  The Claims Administrator will stamp the date received on the original and send copies of each objection to Class Counsel and Defendants' Counsel by email and overnight delivery no later than three (3) days after receipt thereof.  Class Counsel will file the date-stamped originals of any and all objections with the Court within three (3) days after the Notice Response Deadline.  The Class Notice shall advise Class Members of this option.

      2.6.3.  Class Members who do not opt out of the Settlement Class pursuant to Section 2.6.1 may elect to become Participating Claimants.  Class Members who wish to

exercise this option and certify their entitlement to payment pursuant to this Stipulation must fully and timely complete, execute, and return, per the instructions therein, the form entitled "Consent to Join Settlement Form" attached to the Notice Regarding Pendency of Class Action as Form A-1 and a Form W-4.   In the event a Class Member submits an incomplete or improperly executed Consent to Join Settlement Form, the Settlement Administrator shall contact the Class Member and attempt to obtain a properly completed Consent to Join Settlement Form.   If a Class Member properly executes a Consent to Join Settlement Form but fails to properly execute a Form W-4, the Claims Administrator shall contact the Class Member and attempt to obtain a completed Form W-4.   If a completed and properly executed Consent to Join Settlement Form and Form W-4 is not received by the Claims Administrator from a Class Member with a postmark or email date on or before the Notice Response Deadline, then that Class Member will be deemed to have forever waived his or her right to be a Participating Claimant and receive payment under this settlement, unless Defendant elects to make payment from the Reserve Fund pursuant to Section 2.2.3.   Rule 23 Class Members who do not properly and timely become Opt Outs shall be deemed Members of the Settlement Class and shall be subject to the Judgment and Released State Law Claims even if they do not submit a complete Consent to Join Settlement Form and Form W-4 in a timely and proper fashion.

      2.6.4.   If a Class Member submits an Opt Out statement and also submits a Consent to Join Settlement Form or otherwise submits inconsistent or incomprehensible Opt Out and/or Consent to Join Settlement Forms, the Claims Administrator will contact the Class Member to seek clarification of whether they intend to opt out of the settlement and the Settlement Class or become a Participating Claimant.   The Claims Administrator will provide the Parties with the names of any Class Members it contacts regarding incomprehensible or

inconsistent forms and state how the issue was resolved.  The Claims Administrator will provide to Class Counsel contact information for any Class Members whose participation status is not resolved and Class Counsel may contact these Class Members.  In the event that a Class Member's participation status remains unresolved after being contacted by Class Counsel, that Class Member will be deemed to have opted into the Settlement Class pursuant to section 2.6.3.

2.6.5.   Class Members who, for future reference and mailings from the Court or Claims Administrator, if any, wish to change the name or contact information listed on the Class Notice sent to them must mail or email their new name or contact information to the Claims Administrator or Class Counsel, who shall provide such information to the Claims Administrator.  The address provided shall be deemed the "Updated Address" for any such Class Member.

2.6.6.   In the event that a Class Representative or Current FLSA Opt-In fails to submit a fully completed and properly executed Consent to Join Settlement Form and Form W-4 by the Notice Response Deadline, he or she shall nevertheless release all Released Federal Law Claims.

2.6.7.   Prior to the Final Approval and Fairness Hearing, and consistent with the rules imposed by the Court, the Class Representatives shall move the Court for entry of the Order of Final Approval and the associated entry of Judgment ("the Motion for Final Approval").  Defendant will not oppose the motion.  The Class Representatives will provide a draft of the final approval motion to Defendant for its review two weeks prior to filing it, and will consider and include any proposed revisions in good faith.  The Settling Parties shall make all reasonable efforts to secure entry of the Order of Final Approval and the associated entry of Judgment.  If the Court rejects the Stipulation in its entirety or makes a modification to the

Stipulation that Defendant determines in its reasonable and good faith judgment to be material, fails to enter the Order of Final Approval, or fails to enter the Judgment, this Stipulation shall be void *ab initio,* (except for those provisions relating to non-admissibility and non-admission of liability set forth in Sections I, IV, 2.12.4 and 2.12.5 and those provisions relating to the return of documents and discovery set forth in sections 2.13.1 and 2.13.2), and Defendant shall have no obligations to make any payments under the Stipulation, except for Administrative Costs already incurred by the Claims Administrator and, any Administrative Costs incurred by the Claims Administrator related to any further notice ordered by the Court.

    2.7.    *Timing of Payment to Participating Claimants and Notice of Final Approval to Settlement Class Members.*

    2.7.1.  Within fourteen (14) days of the Notice Response Deadline, the Claims Administrator will calculate the total Participating Claimant Payments and provide the amount of the settlement value for each unique Unpaid Internship and the total amount to be paid to Class Members to Class Counsel and Defendant's Counsel.

    2.7.2.  No more than five (5) business days after the Final Approval Order is filed, the Claims Administrator will provide to Defendant's Counsel the amount of funds needed to cover the Participating Claimant Payments, payment to the LWDA for the settlement of PAGA penalties, court-approved attorneys' fees and costs, court-approved Service Payments, the Reserve Fund, an estimate of the Administration Costs, and the employer's share of payroll taxes for Participating Claimants.

    2.7.3.  No more than fourteen (14) days after the Effective Date, Defendant shall deposit into the QSF an amount sufficient to cover the Participating Claimant Payments, payment to the LWDA for the settlement of PAGA penalties, court-approved attorneys' fees and

costs, court-approved Service Payments, the Reserve Fund, an estimate of the Administration Costs, and the employer's share of payroll taxes for Participating Claimants.

2.7.4.  No more than thirty (30) days after the Effective Date, the Claims Administrator shall mail to each Participating Claimant at his or her Last Known Address, or Updated Address if obtained, his or her individual payment pursuant to Section 2.2 and in accordance with the terms of 2.2.1, from the QSF, less the individual/"employee's" share of relevant withholdings.

2.7.5.  Checks issued to Participating Claimants pursuant to this Agreement shall remain negotiable for a period of ninety (90) days from the date of mailing as reflected by the postmark on the mailing.  Participating Claimants who fail to negotiate their check(s) within 90 days of the mailing shall be deemed to have waived and forfeited any payments and shall remain subject to the terms of their release, the Stipulation, and Judgment, but those amounts shall be returned to Defendant.

2.7.6.  No more than forty-five (45) days after the Effective Date, the Claims Administrator shall mail to the LWDA a check for the PAGA penalties allocated to the LWDA pursuant to Paragraph 2.2.2.

2.7.7.  Following the mailing of (a) the Notices of Final Approval to the Settlement Class and (b) the payments to Participating Claimants and LWDA discussed in Paragraphs 2.7.1 and 2.7.6, the Claims Administrator shall provide counsel for the parties with a written confirmation of this mailing.  Upon receipt of this confirmation, Class Counsel will file a notice or acknowledgement of satisfaction of judgment with the Court in the Litigation on behalf of the Settlement Class.

2.7.8.   The Claims Administrator shall return to Defendant any residual amount in the QSF no more than one hundred and sixty (160) days after the Effective Date.

2.8.   *Releases.*

2.8.1.   Upon the Effective Date, the Class Representatives and each of the Settlement Class Members, including all Participating Claimants, on behalf of themselves and each of their heirs, representatives, successors, assigns, and attorneys, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, dismissed with prejudice, relinquished, and discharged all Released State Law Claims as defined in Section 1.38.

2.8.2.   Upon the Effective Date, the Class Representatives and each of the Participating Claimants, on behalf of themselves and each of their heirs, representatives, successors, assigns, and attorneys, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, dismissed with prejudice, relinquished, and discharged all Released Federal Law Claims as defined in Section 1.37.

2.8.3.   Upon the Effective Date, the Class Representatives, on behalf of themselves and each of their heirs, representatives, successors, assigns, and attorneys, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, dismissed with prejudice, relinquished, and discharged all Class Representatives' Released Claims as defined in Section 1.8.

2.8.4.   Upon the Effective Date, the Current FLSA Opt-Ins, on behalf of themselves and each of their heirs, representatives, successors, assigns, and attorneys, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released,

dismissed with prejudice, relinquished, and discharged all Current FLSA Opt-In Released Claims as defined in Section 1.12.

      2.9.    *Payment of Attorneys' Fees and Costs and Service Payments.*

      2.9.1.  Class Counsel shall move for Court approval of no more than eighteen and one half (18.5) percent of the Settlement Amount as attorneys' fees and costs.  The attorneys' fees and costs awarded to Class Counsel shall be at the sole discretion of the Court, and this Settlement is not contingent upon the Court's approval of such attorneys' fees and/or costs. Defendant shall not oppose Class Counsel's motion for the recovery of attorneys' fees and/or costs, including on any appeal by Class Representatives, subject to the limitations herein including the fact that Class Counsel will not seek more than eighteen and one half (18.5) percent of the Settlement Amount as attorneys' fees and costs and any appeal regarding attorneys' fees and costs shall not in any way delay or preclude the Judgment from becoming a Final Judgment.

      2.9.2.  Not more than thirty (30) days after the Effective Date, and only if the Effective Date occurs, and subject to Court approval, the Claims Administrator will pay Class Counsel Court-approved attorneys' fees and costs from the QSF, subject to Class Counsel providing the Claims Administrator with the pertinent taxpayer identification number(s) in a Form W-9 on or before the Effective Date.  Payments made pursuant to this paragraph shall constitute full satisfaction of any claim for fees or costs, and the Class Representatives and Class Counsel, on behalf of themselves and all Settlement Class Members, agree that they shall neither seek nor be entitled to any additional attorneys' fees or costs under any theory.  In the event that the Court (or any appellate court) awards less than the amount requested for attorneys' fees

and/or costs, or less than the amount requested for Service Payments, any amount disallowed by the Court will be retained by Defendant.

2.9.3.   Class Counsel shall move for Court approval of the payment from the Settlement Amount of Service Payments as set forth in Section 1.15.  Such Service Payments shall be at the sole discretion of the Court, and this Settlement is not contingent upon the Court's approval of such Service Payments.

2.9.4.   Not more than thirty (30) days after the Effective Date, and only if the Effective Date occurs, and subject to Court approval, the Claims Administrator will pay Class Representatives Court-approved Service Payments, as a portion of the Settlement Amount.  Any Service Payments approved by the Court in conjunction with the Settlement shall be paid from the QSF and shall be in addition to the Participating Claimant Payments otherwise owed to each Settlement Class Representative.

2.9.5.   Other than any reporting of this fee payment as required by this Stipulation or law, which Defendant shall make, Class Counsel, the Class Representatives and Current FLSA Opt-Ins who have received Service Payments shall alone be responsible for the reporting and payment of any federal, state, and/or local income or other form of tax on any payment that they have received pursuant to this paragraph, which amounts shall be reported on Form 1099s. Class Counsel, the Class Representatives and Current FLSA Opt-Ins agree to indemnify and hold harmless Defendant for any taxes due or owing by them on such Service Payments and/or any attorneys' fees and costs and for any required reporting under federal, state, and/or local law.  Any Service Payments agreed to under this provision shall be paid after the Effective Date in conjunction with the other payments made pursuant to Section 2.7.1.  Each recipient of a Service Payment shall be required to sign a full, general and comprehensive release

of all known and unknown claims to the fullest extent allowed by law as a condition of receiving a Service Payment, as set forth above.  If no Service Payments are approved, the General Releases shall be null and void and shall revert to a release identical to that provided for in Paragraphs 1.37 and 1.38 herein.  To the extent there is no approval of any or all of the amount of the Service Payments sought, any amount disallowed will be retained by Defendant.  If a Class Representative or Current FLSA Opt-In is not awarded any Service Payment, that individual will not execute a general release.

2.9.6.  Except as provided in this Stipulation, Defendant shall have no responsibility for, and no liability whatsoever with respect to, the allocation among the Class Representatives, Current FLSA Opt-Ins, Class Counsel, and/or any other person who may assert some claim thereto, of any award or payment issued or made in the Litigation or pursuant to this Stipulation, including, but not limited to, any award or payment made pursuant to Paragraph 2.9.1 or 2.9.2.

2.10.   *Claims Administrator.*

2.10.1. Defendant shall pay from the Settlement Payment any fees and expenses reasonably incurred by the Claims Administrator as a result of procedures and processes expressly required by this Stipulation.  The Class Representatives and Class Counsel shall have no responsibility for Administrative Costs.

2.10.2. Class Counsel and Defendant's counsel may contact the Claims Administrator, provided that they notify opposing counsel prior to doing so.  Unless otherwise agreed in writing by Defendant's counsel, Class Counsel will not receive contact information or Social Security numbers provided to the Claims Administrator.  The Claims Administrator will cooperate with Class Counsel to facilitate the administration of the settlement set forth in this

Stipulation, but Class Counsel will not receive contact information or social security numbers provided to the Claims Administrator or the names of any individuals who do not file timely and valid claims or who opt-out of the Settlement.

2.10.3. In the event that either Defendant or Class Counsel take the position that the Claims Administrator is not acting in accordance with the terms of the Stipulation, such party shall meet and confer with opposing counsel prior to raising any such issue with the Claims Administrator or the Court.

2.11.    *Termination of Settlement*

2.11.1. In the event that the Stipulation is not approved in its entirety by the Court, excluding modifications that Defendant determines in its reasonable and good faith judgment  not to be material modifications, or in the event that the settlement set forth in the Stipulation is terminated, cancelled, declared void, or fails to become effective in accordance with its terms, or if the Judgment does not become a Final Judgment, or if the Effective Date does not occur, no payments shall be made by Defendant to anyone in accordance with the terms of this Stipulation.   In such an event, the Term Sheet and the Stipulation (except for those provisions relating to non-admissibility and non-admission of liability set forth in Sections I, IV, 2.12.4 and 2.12.5 and those provisions relating to the return of documents and discovery set forth in Sections 2.13.1 and 2.13.2) shall be deemed null and void, its terms and provisions shall have no further force and effect and shall not be used in this Litigation, in any other proceeding or otherwise, for any purpose; the negotiations leading to the settlement set forth in this Stipulation may not be used as evidence for any purpose; Defendant shall retain the right to challenge all claims and allegations, to assert all applicable defenses, and to support or dispute the propriety of class/collective action certification or decertification on all applicable grounds; and any

Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc.*  Notwithstanding any other provision of this Stipulation, no order of the Court, or modification or reversal on appeal of any order of the Court, reducing the amount of any attorneys' fees or costs to be paid to Class Counsel, or reducing the amount of any Service Payment, shall constitute grounds for cancellation or termination of the Stipulation or grounds for limiting any other provision of the Judgment.

2.11.2. Defendant shall have the absolute discretionary right to terminate this Settlement Agreement and Stipulation at any time prior to the Order Granting Final Approval of Settlement in the event that any of the following conditions occur:

2.11.2.1.    More than five percent (5%) of all Class Members affirmatively opt out of the Settlement Class by submitting timely and valid Opt Outs pursuant to Paragraph 2.6.1.

2.11.2.2.    The Stipulation is construed in such a fashion that would require Defendant to pay more than the amounts provided for in this Stipulation.

2.11.2.3.    The Court does not certify, for settlement purposes only, either a class action or collective action Consistent with Paragraph 2.1.2.

2.11.3. To the extent Defendant chooses to exercise the option established in Sections 2.4.2 and/or 2.11.2 and its subsections, it must do so through written notice to Class Counsel and Defendant will be responsible for all costs incurred by the Claims Administrator.

2.11.4. In the event that the settlement set forth in the Stipulation is terminated, cancelled, declared void, or fails to become effective in accordance with its terms, or if the Judgment does not become a Final Judgment, or if the Effective Date does not occur, notwithstanding any of the provisions of Section 2.11.2 and all its subsections, the Litigation

may proceed without prejudice as if this Stipulation had not been executed.  If the Stipulation is terminated after Class Notice is sent, the Claims Administrator will provide notice to all Participating Claimants, at Defendant's expense, informing them the settlement was voided, and as a result, no payments will be made to Class Members under the Stipulation, that the Litigation will continue, and other any additional information jointly agreed to by Class Counsel and Defendant.  Such notice shall be mailed by the Claims Administrator via First-Class United States Mail, postage prepaid, to the addresses contained on the Participating Claimant's Consent to Join Settlement Form and/or on his or her Updated Address.  Furthermore, in any such event, if the class and collective actions described in Section 2.1.2 have already been certified for settlement purposes, the class actions that were certified as part of this Stipulation shall be decertified and the Parties to jointly move as soon as practicable to obtain an order granting decertification.

 2.12.  *Miscellaneous Provisions.*

  2.12.1. The only Class Members, other than the Class Representatives and Current FLSA Opt-Ins, entitled to any payment under this Stipulation and the associated Judgment are Participating Claimants, and they shall be entitled to their individual payments pursuant to Section 2.2 only.

  2.12.2. Defendant's complete obligations to Class Counsel and the Claims Administrator are set forth in this Stipulation.  Class Counsel and the Claims Administrator shall hold Defendant harmless for an award of fees or costs beyond those made in accordance with the Stipulation and shall not seek to recover any fees or costs in excess of the amounts specifically set forth in this Stipulation, other than actual costs incurred in the event Defendant materially breaches this Stipulation.

2.12.3. The Settling Parties (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation, including but not limited to obtaining the dismissal, transfer to the Court, or stay of any pending or subsequently-filed class or collective action lawsuit that alleges any of the Released State Law Claims, Released Federal Law Claims, and/or Class Representatives' Released Claims, as long as such cooperation does not delay the administration or approval of the Stipulation.

2.12.4. The Stipulation compromises claims which are contested in good faith, and it shall not be deemed an admission by any of the Settling Parties as to the merits of any claim or any potential defense.  The Settling Parties agree that the amounts paid in connection with this Stipulation and the other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

2.12.5. Neither the Stipulation nor the settlement, nor any act performed or document executed pursuant to, or in furtherance of, the Stipulation or the settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendant Releasees, or any of them; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Defendant Releasees, or any of them; or (c) is or may be deemed to be or may be used as an admission of, or evidence of, the propriety of class or collective action certification, or the impropriety of decertification, on the part of the Defendant Releasees, or any of them, in any civil, criminal or administrative proceeding in any court, administrative agency, or other tribunal.

2.12.6.  All of the exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

2.12.7. The Stipulation may be amended or modified only by a written instrument signed by authorized representatives of all Settling Parties or their respective successors-in-interest.

2.12.8. The Stipulation constitutes the entire agreement among the Settling Parties hereto regarding the subject matter discussed herein, and no representations, warranties, or inducements have been made to any party concerning the Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein, each party shall bear its own fees and costs.

2.12.9. Class Counsel, on behalf of the Class Members, represent that, after consultation with and approval by all of the Class Representatives and Current FLSA Opt-Ins, they are expressly authorized by the Class Representatives and Current FLSA Opt-Ins to take all appropriate action required or permitted to be taken by the Class Representatives and Current FLSA Opt-Ins pursuant to the Stipulation to effect its terms, and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class Members which they deem appropriate.  Similarly, Defendant's counsel represents that it is expressly authorized to take all appropriate action required or permitted to be taken by Defendant pursuant to the Stipulation to effect its terms, and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of Defendant which they deem appropriate.

2.12.10.        Each counsel or other person executing the Stipulation or any of its exhibits on behalf of any party hereto hereby warrants that such person has the full authority to do so.

2.12.11.        The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.

2.12.12.        Whenever this Stipulation requires or contemplates that one Party, the Court or the Claims Administrator shall or may give notice to another, notice shall be provided by email and/or next-day (excluding Sundays and Court holidays) express delivery service as follows:

(i) If to Defendant, then to:

Sam S. Shaulson
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0600
sshaulson@morganlewis.com

(ii)  If to Class Representatives, then to:

Justin M. Swartz
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, New York 10016
jms@outtengolden.com

2.12.13.        The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto; but this Stipulation is not designed to and does not create any third party beneficiaries, either express or implied.

2.12.14.        The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Stipulation, and all Settling Parties submit to

the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.  Any action to enforce this Stipulation shall be commenced and maintained only in the Court.

2.12.15.     The parties agree and understand that there shall be no injunctive relief included as part of any Court Order as to them.

2.12.16.     The Stipulation and the exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to have been wholly performed, in the State of New York, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the substantive laws of the State of New York without giving effect to that State's choice of law principles.

2.12.17.     The language of all parts of this Stipulation shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either party. No party shall be deemed the drafter of this Stipulation.  The parties acknowledge that the terms of the Stipulation are contractual and are the product of arm's-length negotiations between the parties and their counsel.  Each party and their counsel cooperated in the drafting and preparation of the Stipulation.  In any construction to be made of the Stipulation, the Stipulation shall not be construed against any party.

2.12.18.     Other than necessary disclosures made to the Court in connection with this Settlement, Class Counsel, the Class Representatives, the Current FLSA Opt-Ins will keep their settlement negotiations confidential and will not disclose that information to any third party (including the press or inclusion on any website) other than disclosures required to obtain preliminary and final approval of the settlement.  Additionally, Class Counsel will not initiate any press or other publicity regarding this settlement, the Litigation, and/or this Stipulation and

will not respond to any media inquiries regarding this settlement, the Litigation and/or the Stipulation.

    2.13.   *Return of All Documents.*

    2.13.1. No documents produced in connection with the Litigation shall be offered for sale or distributed to any person or entity by any Class Representative or Class Counsel.  All originals or reproductions of any documents obtained and/or given to any party, expert, consultant, or other person shall be retrieved by Class Counsel and returned to Defendant, and all parties receiving such documents shall certify within thirty days (30) of the Effective Date, or within thirty days (30) of the date the settlement terminates as set forth in section 2.11 and its subsections, that they have returned or destroyed all such documents or information and all copies thereof.

    2.13.2. This provision and the provisions of Paragraph 2.13.1 are not intended to cover work product produced by Class Counsel, but are intended to cover any documents or other materials described herein that are attached to any work product and all such documents or materials attached to work product shall be returned to Defendant.  All such documents, information or materials incorporated into any work product shall be excised.

    IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed.

Executed this _____ day of October, 2014 by: _____

for NBCUNIVERSAL MEDIA, LLC

Print Name:  _____

Title:  _____

Executed this _____ day of October, 2014 by:   _____
                                                MONET ELIASTAM

Executed this _____ day of September, 2014 by:       _____

ALEXANDER VAINER

Executed this _____ day of October, 2014 by:        _____

                                          RHEANNA BEHUNIAK

# EXHIBIT 1

## NOTICE OF PENDENCY OF CLASS/COLLECTIVE ACTION

# NOTICE OF CLASS AND COLLECTIVE ACTION SETTLEMENT

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

**If you were an unpaid intern at NBCUniversal, you could receive a payment from a class/collective action settlement.**

**Case No. 13 CV 4634-RLE**

**MONET ELIASTAM, *et al.*, individually and on behalf of all others similarly situated,**

**Plaintiffs,**

**v.**

**NBCUNIVERSAL MEDIA, LLC**

**Defendant.**

---

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- A proposed settlement has been reached in the above-referenced class and collective action lawsuit currently pending in the United States District Court for the Southern District of New York, captioned *Eliastam, et al. v. NBCUniversal Media, LLC*, Case No. 1:13-cv-4634-RLE.

- The lawsuit concerns claims by certain former unpaid interns that NBCUniversal Media, LLC ("NBCUniversal" or "Defendant") violated the FLSA  the New York Labor Law, and the respective wage and hour laws of California and Connecticut by not classifying individuals who participated in unpaid internships ("Unpaid Interns") as employees and failing to pay them wages.  Defendant denies any wrongdoing and the court has not ruled on the merits of the claims.

- Based on the settlement agreed to by the parties, and preliminarily approved by the Court, you are entitled to collect approximately $[insert individual class member share], less applicable federal and state payroll tax withholdings.

- This notice provides you with information about the settlement.  Your legal rights may be affected by the settlement, and you have a choice to make now.

2

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **GET A PAYMENT** | To receive a payment, you must complete and mail back the enclosed "Consent to Join Settlement Form" ("Consent Form")  and it must be postmarked by **[INSERT DATE 60 DAYS FROM  NOTICE MAILING]**.  If you choose to participate in the settlement, you will release your claims against NBCUniversal. |
| **EXCLUDE YOURSELF** | Get no payment.  If you were an intern for NBCUniversal in New York between July 3, 2007 and [Insert Preliminary Approval Date] in New York; between February 4, 2010 and [Insert Preliminary Approval Date] in California; or between February 4, 2011 and [Insert Preliminary Approval Date] in Connecticut, this is the only option that allows you to bring your own lawsuit or to be part of any other lawsuit against NBCUniversal for unpaid wages.<br><br>If you exclude yourself, you will not receive a payment and you cannot object to the settlement. |
| **OBJECT** | You may write to the Court about why you believe the settlement is not fair or reasonable.  You must object in writing in order to speak to the Court at the Fairness Hearing (described below) about the fairness of the settlement.  If the Court rejects your objection, and you have not excluded yourself from the settlement, you will be bound by the terms of the settlement under state law. |

- Your rights and options with respect to the settlement – and the deadlines to exercise them – are explained **below**.

- The Court in charge of this case still has to decide whether to approve the settlement.  If the Court approves the settlement and after appeals, if any, are resolved, **payments will be made only to those individuals who complete and return a Claim Form.**

3

# OVERVIEW

## A.     WHY DID I GET THIS NOTICE?

According to NBCUniversal's records, you had an unpaid internship at NBCUniversal between July 7, 2007 and [insert preliminary approval date].  A proposed settlement (the "Settlement") has been reached in a class and collective action lawsuit involving NBCUniversal unpaid interns, *Eliastam, et al. v. NBCUniversal Media, LLC*, Case No. 1:13-cv-4634-RLE ("the Litigation").  The Litigation is overseen by Magistrate Judge Ronald L. Ellis of the United States District Court for the Southern District of New York.

You are receiving this notice because NBCUniversal has identified you as a class and/or collective member ("Class Member") covered by the Settlement.  Your rights may be affected by the Settlement.  This notice describes the Settlement, explains your rights and options, and describes how you can obtain a payment from the Settlement.  This notice also explains how you can exclude yourself or object to the Settlement.

## B.     WHAT IS THIS LAWSUIT ABOUT AND WHY DID IT SETTLE?

On July 3, 2013, Plaintiff Monet Eliastam (the "Named Plaintiff") commenced a proposed class and collective action against Defendant, alleging that Defendant violated the Fair Labor Standards Act "FLSA" and the New York Labor Law by not classifying individuals who participated in unpaid internships ("Unpaid Interns") as employees and failing to pay them the requisite minimum wages.  The Named Plaintiff subsequently amended the Complaint to include allegations that Defendant violated the state wage and hour laws of California and Connecticut.

Even though the parties believe their respective claims and defenses are strong, they have decided to settle.  While the Plaintiffs were prepared to proceed with litigating the case, they recognize that litigating is a risky proposition, and that they may not have prevailed on any or all of their claims.  Defendant denies the Named Plaintiff's allegations and maintains that Unpaid Interns were not employees under the FLSA and/or state law and that they are not entitled to compensation.  Defendant also maintains that it complied with all applicable state and federal laws with respect to the Class Members.  Defendant is confident that it has strong legal and factual arguments that would resolve Named Plaintiff's claims in Defendant's favor but also recognizes the risks, distractions, and costs involved with litigation.

This Settlement is the result of good-faith, arm's-length negotiations between the parties, through their respective attorneys.  Both sides agree that in light of the risks and expense associated with continued litigation, this Settlement is fair and appropriate under the circumstances, and in the best interests of the Class Members.  Please be advised that the Court has not ruled on the merits of the Plaintiffs' claims or Defendant's defenses.

The attorneys for the Class Members in the action ("Class Counsel") are:

4

Justin M. Swartz
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Phone: (212) 245-1000


On **[\*\*INSERT DATE\*\*]**, the Court granted preliminary approval of the proposed Settlement.  The Court will decide whether to give final approval to the proposed Settlement at a hearing scheduled for **[\*\*INSERT DATE\*\*]** ("Final Approval Hearing"). See Paragraph M below for details.

### C.  WHY IS THIS A CLASS/COLLECTIVE ACTION?

In a class and collective action, one or more people sue not only for themselves, but also for other people who have similar claims.  These people are called class and collective members.  In class and collective actions, the plaintiffs ask the court to resolve the issues for all class and collective members.

In this action, the Plaintiffs have brought a class action under New York, Connecticut, and California law, and a collective action under the FLSA.

The Court has certified, for settlement purposes only, the following Class:

All individuals who participated in Unpaid Internships with NBCUniversal Media, LLC, its predecessor, NBC Universal, Inc., and/or the corporate entities, under NBCUniversal Media, LLC, that own or control the groups, business or functional units, networks or shows listed on Attachment A hereto (the "Affiliated Entities"), at any time since July 3, 2007 through [Insert Preliminary Approval Date] if they had an Unpaid Internship in New York; since February 4, 2010 through [Insert Preliminary Approval Date] if they had an Unpaid Internship in California;  or since February 4, 2011 through [Insert Preliminary Approval Date] if they had an Unpaid Internship in Connecticut.

The Court has certified, for settlement purposes only, the following FLSA Collective:

All individuals who participated in an Unpaid Internship with NBCUniversal Media, LLC, its predecessor, NBC Universal, Inc., and/or its Affiliated Entities at any time since February 4, 2011 through [Insert Preliminary Approval Date].

## SETTLEMENT TERMS

### D.  WHAT DOES THE SETTLEMENT PROVIDE AND HOW MUCH WILL I BE PAID?

**Subject to Court approval,** Defendant will pay a maximum of $6,400,000.00 (the "Settlement Amount") to settle the Litigation.  **You must complete and return the enclosed Consent Form if you want to request a settlement payment.**

5

Portions of the Settlement Amount will also be used to pay Class Counsel's approved fees and costs of approximately $1,184,000, service payments of $10,000 to Named Plaintiff Monet Eliastam, $5,000 to each of the Class Representatives, and $2,000 to the Current FLSA Opt-Ins in recognition of their service to the Class, the Claims Administrator's fees of approximately $_____, and a Reserve Fund in the amount of $25,000 to cover any errors or omissions.

Your pro-rata share of the Settlement Amount will be based on the number of internships you had with NBCUniversal during the relevant time periods covered by the litigation and the number of Class Members. The estimated pre-tax payment for each internship you had during the relevant period is $____. The number of Class Members will not exceed 8,725. Defendant will not make any payment to Class Members who opt out of the Settlement or fail to submit the requisite forms described in Paragraph E below.

## HOW TO REQUEST A PAYMENT

**E.**     <u>**HOW CAN I RECEIVE MY PAYMENT?**</u>

In order to receive a payment under the Settlement, you must complete, sign, and return the enclosed Consent Form (enclosed with this Notice as Form A) and the enclosed Form W-4 to the Claims Administrator at the address listed below. <u>Your Claim Form and Form W-4 must be received by the Claims Administrator and have a postmark date on or before **[**INSERT DATE 60 DAYS FROM NOTICE MAILING**].** Late or incomplete Claim Forms will not be honored.</u>

The Claims Administrator is [insert name]. You may return the Consent Form and W-4 by email, or by first class mail an envelope addressed to the following:

> [Claim Administrator]
> Claims Administration (NBCUniversal Intern Settlement)
> (address)
> Telephone: _____
> Email:_____

To be effective, the Consent to Join Settlement Form and Form W-4 both must be completed in full and signed. <u>The Consent To Join Settlement Form and Form W-4 must be received by the Claims Administrator and have a postmark date on or before</u> **[**INSERT DATE 60 DAYS FROM NOTICE**].**

**F.      WHEN WILL I RECEIVE PAYMENT?**

The Court will hold a hearing on _____, at _____ to determine whether to approve the Settlement.  If the Court approves the Settlement, and there are no appeals, and you are an eligible Class Member who has filed a complete and timely Consent Form, and all appeals are resolved, then the Claims Administrator will mail your payment directly to you, at the address you listed on the Consent Form, after the Effective Date of the settlement.   Please be patient.

You will need to deposit or cash your settlement check within ninety (90) calendar days after it is mailed to you.  After the 90 day period (as determined by the postmark on the envelope the check was mailed in) has expired, the settlement check will be void.

**G.      HOW WILL MY PAYMENT BE TAXED?**

One-half of your settlement payment will be paid in the form of a payroll check from which all ordinary payroll taxes and withholdings will be deducted.  This payment will be reported on an IRS Form W-2 issued at the appropriate time.  The other half of your payment will be paid in the form of a non-payroll check from which no payroll taxes or withholdings will be deducted.  This payment will be reported on an IRS Form 1099 issued at the appropriate time and you will be responsible for paying any applicable taxes on this payment.

If you have any questions regarding the tax treatment of any payments pursuant to the Settlement, you should consult your own tax advisor.

**H.      WHAT AM I GIVING UP IN EXCHANGE FOR RECEIVING A PAYMENT?**

If the Court grants final approval of the Settlement and you are an eligible Class Member who has filed a complete and timely Consent Form and W-4 Form, you will release Defendant NBCUniversal Media, LLC,  and its current, former, and future affiliates and related entities (including without limitation parents and subsidiaries), predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, personal or legal representatives in their individual and corporate capacities ("Defendant Releasees"), from any and all known and unknown wage and hour and wage claims under the FLSA that are related to unpaid internships.  Additionally, if you are an eligible Class Member who has filed a complete and timely Consent Form and participated in an unpaid internship in California, Connecticut, or New York you will be deemed to have released the Defendant Releasees from any and all known or unknown state and local **wage and hour and wage payment claims that are related to unpaid internships.**

When claims are "released," that means that a person covered by the release cannot sue the released parties for any of the claims that are covered by the release.  A full

description of the claims you will release if you participate in the Settlement is set forth in the Claims Form.

## I.      HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT?

If you do not want to participate in the Settlement, you must send a letter by mail saying that you want to be excluded from *Eliastam, et al. v. NBCUniversal Media, LLC*, Case No. 1:13-cv-4634-RLE.    The letter must include the words "I opt out of the NBCUniversal intern wage and hour settlement."  You must also include your name, address, telephone number, and signature.  In order to be valid, your opt-out statement must be received by the Claims Administrator with a postmark date on or before **[** INSERT DATE 60 DAYS FROM NOTICE MAILING**]**.

If you properly submit a timely opt-out statement, you will not be eligible to receive any of the benefits under the Settlement.  Additionally, you will not be legally bound by anything that happens in this lawsuit and you will retain whatever legal rights you have against the Defendant subject to applicable statutes of limitations, which means that they will expire on a certain date.

## J.      TO OBJECT TO THE SETTLEMENT

If you do not request exclusion from the settlement but believe the proposed Settlement is unfair or inadequate in any respect, you may object to the Settlement, by filing a written objection with the Court and mailing a copy of your written objection to the Claims Administrator at the following address:

Claims Administrator

[name]
Street Address
City, State Zip

All objections must be signed and set forth your address, telephone number, and the name of the case.  Your objection must include the words, "I object to the settlement in the NBC Universal unpaid internship case" as well as your reasons for the objection, and must state whether you or someone on your behalf intends to appear at the Final Approval Hearing.  Your objection must be filed with the Court and postmarked no later than **[** INSERT DATE 60 DAYS FROM NOTICE MAILING **]** . If you submit a timely objection, you may appear, at your own expense, at the Final Approval Hearing, discussed below.

If you do not object in the manner described above, you shall be deemed to have waived any objections, and shall forever be foreclosed from objecting to the  proposed Settlement, including its fairness or adequacy, the payment of attorneys' fees, litigation costs, the service awards to the Named Plaintiffs, Class Representatives and Current FLSA Opt-Ins, the claims process, and any and all other aspects of the Settlement.

Regardless of whether you file an objection, in order to receive any proceeds under the Settlement, you must properly submit a timely Consent to Join Settlement Form.

Likewise, regardless of whether you attempt to file an objection, if you participated in an unpaid internship with Defendant during the relevant time periods in California, Connecticut, or New York, you will be deemed to have released all of the wage and hour claims set forth in Paragraph L below above unless you request exclusion from the Settlement in accordance with Paragraph I above.

**K.**   **WHAT'S THE DIFFERENCE BETWEEN EXCLUDING MYSELF AND OBJECTING?**

Objecting is simply telling the Court that you don't like something about the settlement.  You can object only if you stay in the Class.  Excluding yourself is telling the Court that you don't want to be part of the class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

**L.**   **IF YOU DO NOTHING**

If you do nothing in response to this Notice, you will not receive any money under the Settlement, but if you participated in an unpaid internship with NBCUniversal Media, LLC, its predecessor, NBCUniversal, Inc., and/or its Affiliated Entities in California, Connecticut, or New York, you will be deemed to have released the Defendant Releasees from all of your wage and hour and wage payment claims, known or unknown, that are related to Unpaid Internships through the Preliminary Approval Date.  This release of claims shall include any and all applicable state or local law wage and hour, wage payment claims and associated notice and recordkeeping obligations, demands, actions, rights, causes of action, and liabilities against Defendant Releasees that arose out of or are in any way related to unpaid internships, of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, statute, or other applicable law, whether known or unknown, and whether anticipated or unanticipated, including claims not known or suspected to exist at the time of the entry of the Court's Judgment in the Litigation, for any type of relief, including without limitation claims for wages, damages, overtime compensation, minimum wages, deductions from pay, meal and rest breaks, failure to comply with wage statement, wage notice and recordkeeping obligations, retaliation, penalties and interest under any and all applicable state and local laws, as well as the common law, and any other claims premised upon alleged wage and hour and wage payment violations, notification requirement or recordkeeping obligations, premium pay, unpaid costs, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on the following categories of allegations: (a) any and all wage and hour and wage payment claims asserted in the Litigation that arise under the law of any state and/or locality, including the statutes identified in Exhibit 10 to the Stipulation of Settlement filed with the Court; (b) any and all claims under applicable state and/or local laws for the failure to pay any type of overtime compensation or minimum wage; (c) any and all claims under applicable state and/or local laws for the failure to provide or pay for meal breaks, and/or

rest periods; (d) any and all claims under applicable state and/or laws stemming from or based on the alleged misclassification of interns as non-employees; (e) any and all claims, including without limitation state and/or local statutory and common law claims, alleging unlawful imposition, deduction, or chargeback from compensation for expenses or costs under applicable state laws; (f) any and all claims, including without limitation state and/or local statutory and common law claims, for failure to reimburse, indemnify, cover or pay for business costs and/or deductions; and (g) all claims for penalties or additional damages which allegedly arise from the claims described in (a) through (f) above under any applicable law (collectively "Released State Law Claims").  The Released State Law Claims include claims meeting the above definition under any and all applicable statutes, regulations, or common law of the following states, commonwealths, and/or districts: California, Connecticut, and New York.

**THE RELEASED STATE LAW CLAIMS ALSO INCLUDES ALL BENEFITS AND RIGHTS OF ANY STATUTE, RULE, DOCTRINE, OR COMMON LAW PRINCIPLE OF ANY JURISDICTION WHATSOEVER THAT PROVIDES THAT A GENERAL RELEASE DOES NOT EXTEND TO UNKNOWN CLAIMS INCLUDING WITHOUT LIMITATION ANY APPLICABLE BENEFITS OR RIGHTS UNDER CALIFORNIA CIVIL CODE §1542, WHICH PROVIDES THAT A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

# THE COURT'S FAIRNESS HEARING

## M.   WHEN IS THE FAIRNESS HEARING?

The Court will hold a Final Approval Hearing on the fairness and adequacy of the proposed Settlement, the plan of allocation, Class Counsel's request for attorneys' fees and costs, the administrative costs, and the service awards to the Class Representatives and Current FLSA Opt-ins on **[** INSERT DATE AND TIME**]** in Courtroom **[**INSERT**]** of the United States District Court for the Southern District of New York, located at Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, NY 10007-1312.

At the hearing, the Court will decide whether the settlement is fair, reasonable, and adequate.  If there are objections to the settlement, the Court will consider them.  You may attend the hearing and you may ask to speak, but you do not have to.

After the hearing, the Court will decide whether to approve the settlement.  We do not know how long these decisions will take.

**N.      DO I HAVE TO ATTEND THE FAIRNESS HEARING?**

No.  Class Counsel will answer questions the Court may have.  But, you are welcome to
come at your own expense.  If you send an objection, you don't have to come to Court to
talk about it.  As long as you mailed your written objection on time, the Court will consider
it.  You may also pay your own lawyer to attend, but it is not necessary.

**O.      DO I HAVE A LAWYER IN THIS CASE?**

Yes. The Court has decided that the lawyers at the law firm of Outten & Golden LLP are
qualified to represent you and all Class Members.  More information about Outten &
Golden LLP is available at www.outtengolden.com.  These lawyers have been designated
as "Class Counsel" in this lawsuit.  You will not be charged for these lawyers.  You do not
need to retain your own attorney in order to participate as a Class Member.  If you do not
opt out of the Class and want to be represented by your own lawyer, you may hire one at
your own expense.

**P.      HOW CAN I GET ADDITIONAL INFORMATION?**

       This Notice only summarizes the Litigation, the Settlement, and other related
matters.  More details are in a Settlement Stipulation.  You can get a copy of the Settlement
Stipulation by sending a request, in writing, to the Claims Administrator at the address
below.

[insert Claims Administrator address]

       If you have other questions about the Settlement or this notice, you can contact the
Settlement Claims Administrator at the above address and telephone number.

Should you wish to contact Class Counsel, they can be reached at the address, telephone
number, and/or email address below.

Juno Turner
Deirdre Aaron
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, NY 10016
(212) 245-1000; 1-877-468-8836
nbcinterncase@outtengolden.com

**Q.      IF YOU CHANGE YOUR NAME OR ADDRESS**

       If your name and/or mailing address information changes after you submit either a
Consent Form or an Election to Opt Out of Settlement and Class Action form, you must
fully complete, execute, and mail the Change of Name and/or Address Information Form
(enclosed with this Notice as Form B).

**PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE.**

# FORM 1-A

## CONSENT TO JOIN SETTLEMENT FORM

<u>CLAIM FORM AND RELEASE</u>
<u>FOR *ELIASTAM v. NBCUNIVERSAL* SETTLEMENT</u>

**Instructions**: Please complete this Consent to Join Settlement Form if you want to receive a payment in the Settlement that is described in the Class Notice that accompanies this Form.  **If you want to receive a payment under the Settlement, you must complete, sign and submit this Form and the attached W-4 Form no later than [\*\* INSERT DATE 60 DAYS FROM NOTICE MAILING \*\*].**   In order to receive a payment from the Settlement, you must complete all of the information requested (including your Social Security Number, so that your information can be matched with NBCUniversal Media LLC's records).  This information will remain confidential and will only be used to process your settlement payment.

I.     **MAILING INSTRUCTIONS**

      Please return this completed Consent to Join Settlement Form and the attached W-4 Form to the Claims Administrator by first class mail or email.  Your completed Consent to Join Settlement Form and W-4 Form must be received by the Claims Administrator and have a postmark date on or before **[\*\*INSERT DATE 60 DAYS FROM NOTICE MAILING\*\*]** or else you will forfeit your benefits under this Settlement.  Even if you file an objection to the Settlement, you must submit this Form by the deadline in order to receive any benefits under the Settlement if your objection is overruled.  The address of the Claims Administrator is:

      [Claims Administrator]
      NBCUniversal Intern Settlement
      Street Address
      City, State Zip
      Email:

II.    **PLEASE SIGN BELOW AND RETURN FORM TO CLAIMS ADMINISTRATOR**

      **In order to receive a payment from the Settlement, you must complete all of the information below and return this form and the W-4 Form to the Claims Administrator no later than [INSERT DATE 60 DAYS FROM NOTICE MAILING].  By signing below, you agree to the Release on pages 3-4 of this Consent to Join Settlement Form.  If you have any questions about completing this Consent to Join Settlement Form, please call the Claims Administrator at (___) _____.  You may also contact Class Counsel at (212) 245-1000 or NBCinterncase@outtengolden.com .**

_____          _____
(Print First and Last Name)                (Beginning and End Date of Internship)[*]

_____          _____
_____

[*] Please provide the requested information to the best of your recollection.  If you cannot remember, you can still receive a payment.

(Social Security Number)

(Name of Business Unit/Show You Interned With)∗

_____

(Street Address)

_____

(Name During Internship – If Different From Above)

_____

(City, State, Zip Code)

_____

(Phone number)


## <u>CONSENT TO JOIN SETTLEMENT CLASS</u>

By signing and submitting this form to the Claims Administrator, I hereby consent to become a party plaintiff in the above action pursuant to Section 16(b) of the Fair Labor Standards Act, and authorize Outten & Golden LLP to act on my behalf in all matters relating to this action, including the settlement of my claims.  I understand my share of the proposed settlement is estimated to be approximately [$____.00] less applicable federal and state payroll tax withholdings.  I also affirm that I have read and understand the Release of Claims set forth on pages 3 and 4 of this document and agree to be legally bound by the Release of Claims.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated: _____


_____

(Signature)

## RELEASE OF CLAIMS

I hereby fully and finally release and discharge NBCUniversal Media, LLC and its current, former, and future affiliates and related entities, including, without limitation, parents, subsidiaries), predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, personal or legal representatives in their individual and corporate capacities ("Defendant Releasees"), from any and all known and unknown wage and hour and wage payment claims against Defendant Releasees that arose out of or are in any way related to unpaid internships including, but not limited to, all claims for wages, overtime compensation, minimum wages, deductions from pay, meal and rest breaks, failure to comply with wage statement, wage notice and recordkeeping obligations, retaliation, penalties and interest under any and all applicable state and local laws, as well as the common law, and any other claims premised upon alleged wage and hour and wage payment violations, notification requirement or recordkeeping obligations, through **[insert the Preliminary Approval Date]**.  This release of claims shall include any and all applicable state or local law wage and hour, wage payment claims and associated notice and recordkeeping obligations, demands, actions, rights, causes of action, and liabilities against Defendant Releasees that arose out of or are in any way related to unpaid internships, of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, statute, or other applicable law, whether known or unknown, and whether anticipated or unanticipated, including claims not known or suspected to exist at the time of the entry of the Court's Judgment in the Litigation, for any type of relief, including without limitation claims for wages, damages, premium pay, unpaid costs, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on the following categories of allegations: (a) any and all wage and hour and wage payment claims asserted in the Litigation that arise under the law of any state and/or locality, including the statutes identified in Exhibit 10 to the Stipulation of Settlement filed with the Court; (b) any and all claims under applicable state and/or local laws for the failure to pay any type of overtime compensation or minimum wage; (c) any and all claims under applicable state and/or local laws for the failure to provide or pay for meal breaks, and/or rest periods; (d) any and all claims under applicable state and/or laws stemming from or based on the alleged misclassification of interns as non-employees; (e) any and all claims, including without limitation state and/or local statutory and common law claims, alleging unlawful imposition, deduction, or chargeback from compensation for expenses or costs under applicable state laws; (f) any and all claims, including without limitation state and/or local statutory and common law claims, for failure to reimburse, indemnify, cover or pay for business costs and/or deductions; and (g) all claims for penalties or additional damages which allegedly arise from the claims described in (a) through (f) above under any applicable law (collectively "Released State Law Claims").  The Released State Law Claims include claims meeting the above definition under any and all applicable statutes, regulations, or common law of the following states, commonwealths, and/or districts:  California, Connecticut  and New York.

**THE RELEASED STATE LAW CLAIMS ALSO INCLUDE ALL BENEFITS AND RIGHTS OF ANY STATUTE, RULE, DOCTRINE, OR COMMON LAW PRINCIPLE OF ANY JURISDICTION WHATSOEVER THAT PROVIDES THAT A GENERAL RELEASE DOES NOT EXTEND TO UNKNOWN CLAIMS INCLUDING WITHOUT**

3

**LIMITATION ANY APPLICABLE BENEFITS OR RIGHTS UNDER CALIFORNIA CIVIL CODE §1542, WHICH PROVIDES THAT A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

I additionally hereby release and discharge the Defendant Releasees from any and all of the following claims, obligations, demands, actions, rights, causes of action, and liabilities against Defendant Releasees, of whatever kind and nature, character and description, whether known or unknown, and whether anticipated or unanticipated, including claims not known or expected to exist at the time of the entry of the Court's Judgment in the Litigation, that arose out of or are in any way related to Unpaid Internships  through **[insert Preliminary Approval Date]** including: (i) all claims arising under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201, *et seq.*, including all claims under for any type of relief, including without limitation claims for wages, overtime pay, minimum wages, damages, or for retaliation damages; and (ii) all claims for unpaid costs, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief based on the claims in (i)  above .

# EXHIBIT 2

# FULL AND GENERAL RELEASE OF CLAIMS (ELIASTAM)

## GENERAL AND COMPREHENSIVE RELEASE OF CLAIMS

This General and Comprehensive Release of Claims (the "Release") is made by and between Monet Eliastam ("Plaintiff"), on the one hand, and NBCUniversal Media, LLC. ("Defendant") on the other hand (collectively the "Parties").

WHEREAS, Plaintiff is a class representative in the matter of *Eliastam, et al. v. NBCUniversal Media, LLC,* Case No. 1:13-cv-4634-RLE (the "Litigation");

WHEREAS, through their respective counsel, the Parties to the Litigation have signed a Stipulation and Settlement Agreement for the purpose of settling the Litigation on a collective and class-wide basis; and

WHEREAS, Paragraph 1.15 of the Stipulation and Settlement Agreement provides that Defendant shall pay Plaintiff an amount approved by the court not to exceed $10,000 ("Service Payment") contingent upon Plaintiff executing and not revoking a general release of claims against Defendant;

NOW, THEREFORE, after having had an opportunity to consult with counsel, and in consideration of receiving some or all of a Service Payment as set forth in Paragraph 1.15 of the Stipulation and Settlement Agreement, Plaintiff hereby agrees:

1. **General Release of Claims:**  Plaintiff agrees to waive and release any and all claims, obligations, demands, actions, rights, causes of action, and liabilities against Defendant and its current, former, and future affiliates and related entities including, without limitation, parents, subsidiaries, predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, and personal or legal representatives ("Defendant Releasees"), of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, whether known or unknown, and whether anticipated or unanticipated, including unknown claims,  up to the date this Release is signed or the date on which the Court enters the Order of Final Approval in the Litigation, whichever is later, for any type of relief, including, without limitation, claims for overtime compensation, minimum wages, wages of any kind, damages, back pay, front pay, unpaid costs, meal and rest, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief.  Such waiver and release includes, to the fullest extent permissible under applicable federal, state, and local laws and regulations, but is not limited to, claims arising from or dependent on the New York State Human Rights Law, N.Y. Exec. Law § 296, et seq.; the New York Equal Pay Law, N.Y. Lab. Law § 194; the New York Equal Rights Law, N.Y. Civ. Rights Law § 40; the New York Off-Duty Conduct Lawful Activities Discrimination Law, N.Y. Lab. Law, § 201-d; the New York State Labor Relations Act, N.Y. Lab. Code § 700, et seq.; the New York Whistleblower Statute, N.Y. Lab. Law § 740; the New York Family Leave Law, N.Y. Lab. Law § 201-C; the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 to 665; the New York Wage and Hour Law, N.Y. Lab. Law §§ 190, et seq.; the New York WARN Laws, N.Y. Lab. Art. §§ 860A to 860I; the New York Wage Hour and Wage Payment Law, N.Y. Lab. Law § 160, et seq.; 12

1

N.Y.C.R.R. §142-2.1 et seq. (including, but not limited to, §142-2.2 & § 142.-2.14); the anti-retaliation provisions of the New York Workers' Compensation Law; the New York Occupational Safety and Health Laws; the New York City Human Rights Law, N.Y.C. Admin. Code §8-101 et seq.; any provision of the New York labor code, and the common law of the state of New York; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq.; the Americans with Disabilities Act, 42 U.S.C. §12101 et seq.; the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et seq.; the Fair Labor Standards Act, 29 U.S.C. §201, et seq.; the Veterans Reemployment Rights Act; the Family and Medical Leave Act; 28 U.S.C. § 1981; the Occupational Safety and Health Act; the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, et seq.; and all of their implementing regulations.

2.     **Release of Unknown Claims:**  In waiving and releasing any and all claims set forth in this Release, whether or not now known to Plaintiff, Plaintiff understands that this means that, if Plaintiff later discovers facts different from or in addition to those facts currently known or believed to be true by Plaintiff, the waivers and releases of this Release will remain effective in all respects – despite such different or additional facts and even if Plaintiff would not have agreed to this Release if Plaintiff had prior knowledge of such facts.  Plaintiff expressly, knowingly, and intentionally waives the benefits and rights of any statute, rule, doctrine, or common law principle of any jurisdiction whatsoever that provides that a general release does not extend to unknown claims.

3.     **Exceptions for Claims Not Being Waived or Released:**  The only claims that are not being waived and released by Plaintiff under this Release are claims that cannot be waived or released as a matter of law.  Additionally, nothing in this Release prohibits or restricts Plaintiff, Defendant or the Defendant Releasees from making any disclosure of information required by law or providing information to, or testifying or otherwise assisting in any investigation or proceeding brought by any federal regulatory or law enforcement agency.

4.     **Restriction on Future Employment:**  Plaintiff hereby understands and agrees she is not an employee of Defendant and that she will not apply for, seek or obtain employment of any kind with Defendant or its current, former, and future affiliates (including, without limitation, their parents and subsidiaries), predecessors, successors, divisions, joint ventures and assigns, for a period of five years after the date of this Release.  Plaintiff agrees that if she knowingly or unknowingly applies for a position and/or is offered or accepts a position with Defendant or its current, former, and future affiliates (including, without limitation, their parents and subsidiaries), predecessors, successors, divisions, joint ventures and assigns, the offer may be withdrawn and Plaintiff may be terminated without notice, cause, or legal recourse.  Plaintiff further agrees that after the conclusion of the five year period, she may only apply for employment with Defendant and its current, former, and future affiliates (including, without limitation, their parents and subsidiaries), predecessors, successors, divisions, joint ventures and assigns in a position for which she is qualified.

5.     **Agreement to Arbitrate:**  The Parties agree that any disputes between them concerning the enforceability or alleged breach of Paragraphs 1, 2, and 4 of the Release, or any other disputes between them other than those claims set forth in the Litigation or pertaining to the enforcement or application of the Stipulation and Settlement Agreement, shall be determined

through final and binding arbitration.  Plaintiff agrees that that binding arbitration will be conducted in the New York City metropolitan area, in accordance with the then applicable rules and regulations of JAMS for employment disputes.  The Parties understand and agree that the Defendant will bear the arbitrator's fee and any other type of expense or cost that Plaintiff would not be required to bear if the dispute was brought in court.  Notwithstanding the above, if Plaintiff is the party initiating the claim, Plaintiff is responsible for contributing an amount equal to the filing fee to initiate a claim in the court of general jurisdiction in the jurisdiction in which she would have otherwise filed suit.  The Parties understand and agree that any demand for arbitration by either party shall be filed within the statute of limitation that is applicable to the claim upon which arbitration is sought or required.

This agreement to arbitrate does not cover any dispute or claim that has been expressly excluded from arbitration by statute, regulation or state or local law that is not preempted by the Federal Arbitration Act.  Also, this agreement does not cover claims for temporary or preliminary injunctive relief (including a temporary restraining order) in aid of arbitration or to maintain the status quo pending arbitration, in a court of competent jurisdiction in accordance with applicable law.  Nothing in this agreement to arbitrate should be interpreted as restricting or prohibiting Plaintiff from filing a charge or complaint with the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board, the Department of Labor, the Occupational Safety and Health Commission, any other federal, state, or local administrative agency charged with investigating and/or prosecuting complaints under any applicable federal, state or municipal law or regulation (except that the parties acknowledge that Plaintiff may not recover any monetary benefits in connection with any such claim, charge or proceeding).  A federal, state, or local agency would also be entitled to investigate the charge in accordance with applicable law.  However, any dispute or claim that is covered by this agreement to arbitrate but not resolved through the federal, state, or local agency proceedings must be submitted to arbitration in accordance with this Release.

To the extent permitted by law, all covered claims under this agreement to arbitrate must be brought in the Parties' individual capacity, and not as a plaintiff or class member in any purported class, collective or representative proceeding.  No claims may be brought or maintained on a class, collective or representative basis either in court or in arbitration.  All such claims will be decided on an individual basis in arbitration pursuant to this agreement to arbitrate.  The Parties expressly waive any right with respect to any covered claims to submit, initiate, or participate in a representative capacity or as a plaintiff, claimant or member in a class action, collective action, or other representative or joint action, regardless of whether the action is filed in arbitration or in court.  Either Party may bring an action in any court of competent jurisdiction to compel arbitration or to enforce or vacate an arbitration award under this agreement to arbitrate.

Notwithstanding anything contained in this agreement to the contrary, any issue concerning the validity of this class, collective or representative action waiver must be decided by a court and an arbitrator shall not have authority to consider the issue of the validity of this waiver.  If for any reason this class, collective or representative action waiver is found to be unenforceable, the class, collective or representative action claim may only be heard in court and may not be arbitrated.

**6.** **Counterparts:** This Release may be executed by one or more facsimile or scanned signatures in separate counterparts, each of which will be deemed an original but all of which together will constitute the same instrument.

**7.** **Damages for Breach:** Plaintiff recognizes and agrees that the representations, promises, and covenants set forth in Paragraphs 1, 2, 4 and 5 of the Release constitute a material and significant part of the consideration received by the Defendant Releasees in exchange for their obligations under this Release, and that any violation of Paragraphs 1, 2, 4 and 5 will constitute a material violation of this Release.  In the event of any violation of Paragraphs 1, 2, 4 and 5 Plaintiff recognizes and agrees that Defendant Releasees will be entitled to seek any and all appropriate relief, including seeking recovery of moneys paid under the Stipulation and Settlement Agreement, enforcing rights under this Release, and pursuing any other rights and remedies available under law, including equitable relief, injunctive relief, and damages.  In the event that Plaintiff or her attorneys violate the terms of this Release, including, but not limited to, Paragraphs 1, 2, 4 and/or 5, an arbitrator may award the prevailing party their reasonable attorneys' fees, expenses, and costs, and the provisions of this Release that were not breached remain binding and in effect.

**8.** **Severability:** The invalidity or unenforceability of any provision of this Release shall not affect or impair any other provisions, which shall remain in full force and effect.

**9.** **Choice of Law:** This Release shall be deemed to have been made and entered into in the State of New York and shall in all respects be governed by the substantive laws of the State of New York, without giving effect to the conflicts of laws provisions thereof.

**10.** **Drafting:** This Release shall not be construed more strictly against one party than another merely by virtue of the fact that this Release, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that this Release is the result of arm's-length negotiations between the Parties and the Parties have contributed substantially and materially to the preparation of this Release.  Additionally, the headings contained in this Release are for reference purposes only and shall not in any way affect the meaning or interpretation of this Release.

**11.** **Successors and Assigns:** It is expressly understood and agreed by the Parties that this Release and all of its terms shall be binding upon each Parties' representatives, heirs, executors, administrators, successors, and assigns.

**12.** **Plaintiff's Acknowledgements:** Plaintiff further understands and agrees that she:

    a.    Has carefully read and understands the terms and conditions of this Release;

    b.    Has been advised by Defendant to consult with an attorney before signing this Release, has had an ample opportunity to consult with legal counsel of her own choice before executing this Release, and understands that Defendant shall not be responsible for any attorneys' fees incurred by her;

c.     Has willingly executed this Release knowingly and voluntarily without any duress, coercion, or undue influence by Defendant, its representatives, or other persons; and

d.     Is, by reason of this Release and the release of claims herein, receiving from Defendant good and sufficient consideration in addition to anything of value to which she is already entitled.

IN WITNESS WHEREOF, the undersigned parties have executed this General and Comprehensive Release of Claims on the date(s) specified below.

MONET ELIASTAM:

_____

Monet Eliastam

Date:  _____

FOR NBCUNIVERSAL MEDIA, LLC:

_____

By:  _____

Title:  _____

Date:  _____

5

# EXHIBIT 3

# FULL AND GENERAL RELEASE OF CLAIMS (BEHUNIAK)

## GENERAL AND COMPREHENSIVE RELEASE OF CLAIMS

This General and Comprehensive Release of Claims (the "Release") is made by and between Rheanna Behuniak("Plaintiff"), on the one hand, and NBCUniversal Media, LLC. ("Defendant") on the other hand (collectively the "Parties").

WHEREAS, Plaintiff is a class representative in the matter of *Eliastam, et al. v. NBCUniversal Media, LLC,* Case No. 1:13-cv-4634-RLE (the "Litigation");

WHEREAS, through their respective counsel, the parties to the Litigation have signed a Stipulation and Settlement Agreement for the purpose of settling the Litigation on a collective and class-wide basis; and

WHEREAS, Paragraph 1.15 of the Stipulation and Settlement Agreement provides that Defendant shall pay Plaintiff an amount approved by the court not to exceed $5,000 ("Service Payment") contingent upon Plaintiff executing and not revoking a general release of claims against Defendant;

NOW, THEREFORE, after having had an opportunity to consult with counsel, and in consideration of receiving some or all of a Service Payment as set forth in Paragraph 1.15 of the Stipulation and Settlement Agreement, Plaintiff hereby agrees:

**General Release of Claims:**  Plaintiff agrees to waive and release any and all claims, obligations, demands, actions, rights, causes of action, and liabilities against Defendant and its current, former, and future affiliates and related entities including, without limitation, parents, subsidiaries, predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, and personal or legal representatives ("Defendant Releasees"), of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, whether known or unknown, and whether anticipated or unanticipated, including unknown claims,  up to the date this Release is signed or the date on which the Court enters the Order of Final Approval in the Litigation, whichever is later, for any type of relief, including, without limitation, claims for overtime compensation, minimum wages, wages of any kind, damages, back pay, front pay, unpaid costs, meal and rest, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief.  Such waiver and release includes, to the fullest extent permissible under applicable federal, state, and local laws and regulations, but is not limited to, claims arising from or dependent on the Connecticut Wage Law, including Connecticut General Statutes §31-12, et seq. and § 31-58, et seq.; the Connecticut Fair Employment Practices Act; the Connecticut Equal Pay Act; the Connecticut Family and Medical Leave Act; the Connecticut Whistleblower Protection Law; the General Connecticut Statutes, including § 52-564; the Connecticut Constitution; the common law of the state of Connecticut; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq.; the Americans with Disabilities Act, 42 U.S.C. §12101 et seq.; the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et seq.; the Fair Labor Standards Act, 29 U.S.C. §201, et seq.; the Veterans Reemployment Rights Act; the Family and Medical Leave Act; 28 U.S.C. § 1981; the

1

Occupational Safety and Health Act; the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, et seq.; and all of their implementing regulations.

     **1.**    <u>**Release of Unknown Claims:**</u>  In waiving and releasing any and all claims set forth in this Release, whether or not now known to Plaintiff, Plaintiff understands that this means that, if Plaintiff later discovers facts different from or in addition to those facts currently known or believed to be true by Plaintiff, the waivers and releases of this Release will remain effective in all respects – despite such different or additional facts and even if Plaintiff would not have agreed to this Release if Plaintiff had prior knowledge of such facts.  Plaintiff expressly, knowingly, and intentionally waives the benefits and rights of any statute, rule, doctrine, or common law principle of any jurisdiction whatsoever that provides that a general release does not extend to unknown claims.

     **2.**    <u>**Exceptions for Claims Not Being Waived or Released:**</u>  The only claims that are not being waived and released by Plaintiff under this Release are claims that cannot be waived or released as a matter of law.  Additionally, nothing in this Release prohibits or restricts Plaintiff, Defendant or the Defendant Releasees from making any disclosure of information required by law or providing information to, or testifying or otherwise assisting in any investigation or proceeding brought by any federal regulatory or law enforcement agency.

     **3.**    <u>**Agreement to Arbitrate:**</u>  The Parties agree that any disputes between them concerning the enforceability or alleged breach of Paragraphs 1 and 2 of the Release, or any other disputes between them other than those claims set forth in the Litigation or pertaining to the enforcement or application of the Stipulation and Settlement Agreement, shall be determined through final and binding arbitration.  Plaintiff agrees that that binding arbitration will be conducted in the New York City metropolitan area, in accordance with the then applicable rules and regulations of JAMS for employment disputes.  The Parties understand and agree that the Defendant will bear the arbitrator's fee and any other type of expense or cost that Plaintiff would not be required to bear if the dispute was brought in court.  Notwithstanding the above, if Plaintiff is the party initiating the claim, Plaintiff is responsible for contributing an amount equal to the filing fee to initiate a claim in the court of general jurisdiction in the jurisdiction in which she would have otherwise filed suit.  The Parties understand and agree that any demand for arbitration by either party shall be filed within the statute of limitation that is applicable to the claim upon which arbitration is sought or required.

     This agreement to arbitrate does not cover any dispute or claim that has been expressly excluded from arbitration by statute, regulation or state or local law that is not preempted by the Federal Arbitration Act.  Also, this agreement does not cover claims for temporary or preliminary injunctive relief (including a temporary restraining order) in aid of arbitration or to maintain the status quo pending arbitration, in a court of competent jurisdiction in accordance with applicable law.  Nothing in this agreement to arbitrate should be interpreted as restricting or prohibiting Plaintiff from filing a charge or complaint with the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board, the Department of Labor, the Occupational Safety and Health Commission, any other federal, state, or local administrative agency charged with investigating and/or prosecuting complaints under any applicable federal, state or municipal law or regulation (except that the parties acknowledge that Plaintiff may not

recover any monetary benefits in connection with any such claim, charge or proceeding).  A federal, state, or local agency would also be entitled to investigate the charge in accordance with applicable law.  However, any dispute or claim that is covered by this agreement to arbitrate but not resolved through the federal, state, or local agency proceedings must be submitted to arbitration in accordance with this Release.

To the extent permitted by law, all covered claims under this agreement to arbitrate must be brought in the Parties' individual capacity, and not as a plaintiff or class member in any purported class, collective or representative proceeding.  No claims may be brought or maintained on a class, collective or representative basis either in court or in arbitration.  All such claims will be decided on an individual basis in arbitration pursuant to this agreement to arbitrate.  The Parties expressly waive any right with respect to any covered claims to submit, initiate, or participate in a representative capacity or as a plaintiff, claimant or member in a class action, collective action, or other representative or joint action, regardless of whether the action is filed in arbitration or in court.  Either Party may bring an action in any court of competent jurisdiction to compel arbitration or to enforce or vacate an arbitration award under this agreement to arbitrate.

Notwithstanding anything contained in this agreement to the contrary, any issue concerning the validity of this class, collective or representative action waiver must be decided by a court and an arbitrator shall not have authority to consider the issue of the validity of this waiver.  If for any reason this class, collective or representative action waiver is found to be unenforceable, the class, collective or representative action claim may only be heard in court and may not be arbitrated.

4.     **Counterparts:**  This Release may be executed by one or more facsimile or scanned signatures in separate counterparts, each of which will be deemed an original but all of which together will constitute the same instrument.

5.     **Damages for Breach:**  Plaintiff recognizes and agrees that the representations, promises, and covenants set forth in Paragraphs 1, 2 and 4 of the Release constitute a material and significant part of the consideration received by the Defendant Releasees in exchange for their obligations under this Release, and that any violation of Paragraphs 1, 2 and 4 will constitute a material violation of this Release.  In the event of any violation of Paragraphs 1, 2 and 4 Plaintiff recognizes and agrees that Defendant Releasees will be entitled to seek any and all appropriate relief, including seeking recovery of moneys paid under the Stipulation and Settlement Agreement, enforcing rights under this Release, and pursuing any other rights and remedies available under law, including equitable relief, injunctive relief, and damages.  In the event that Plaintiff or her attorneys violate the terms of this Release, including, but not limited to, Paragraphs 1, 2, 4 and/or 5, an arbitrator may award the prevailing party their reasonable attorneys' fees, expenses, and costs, and the provisions of this Release that were not breached remain binding and in effect.

6.     **Severability:**  The invalidity or unenforceability of any provision of this Release shall not affect or impair any other provisions, which shall remain in full force and effect.

7. **Choice of Law:** This Release shall be deemed to have been made and entered into in the State of New York and shall in all respects be governed by the substantive laws of the State of New York, without giving effect to the conflicts of laws provisions thereof.

8. **Drafting:** This Release shall not be construed more strictly against one party than another merely by virtue of the fact that this Release, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that this Release is the result of arm's-length negotiations between the Parties and the Parties have contributed substantially and materially to the preparation of this Release. Additionally, the headings contained in this Release are for reference purposes only and shall not in any way affect the meaning or interpretation of this Release.

9. **Successors and Assigns:** It is expressly understood and agreed by the Parties that this Release and all of its terms shall be binding upon each Parties' representatives, heirs, executors, administrators, successors, and assigns.

10. **Plaintiff's Acknowledgements:** Plaintiff further understands and agrees that she:

   a.   Has carefully read and understands the terms and conditions of this Release;

   b.   Has been advised by Defendant to consult with an attorney before signing this Release, has had an ample opportunity to consult with legal counsel of her own choice before executing this Release, and understands that Defendant shall not be responsible for any attorneys' fees incurred by her;

   c.   Has willingly executed this Release knowingly and voluntarily without any duress, coercion, or undue influence by Defendant, its representatives, or other persons; and

   d.   Is, by reason of this Release and the release of claims herein, receiving from Defendant good and sufficient consideration in addition to anything of value to which she is already entitled.

IN WITNESS WHEREOF, the undersigned parties have executed this General and Comprehensive Release of Claims on the date(s) specified below.

RHEANNA BEHUNIAK:

_____

Rheanna Behuniak

Date: _____

FOR NBCUNIVERSAL MEDIA, LLC:

_____

By:

4

Title: _____

Date: _____

# EXHIBIT 4

# FULL AND GENERAL RELEASE OF CLAIMS (VAINER)

## GENERAL AND COMPREHENSIVE RELEASE OF CLAIMS

This General and Comprehensive Release of Claims (the "Release") is made by and between Alexander Vainer ("Plaintiff"), on the one hand, and NBCUniversal Media, LLC. ("Defendant") on the other hand (collectively the "Parties").

WHEREAS, Plaintiff is a class representative in the matter of *Eliastam, et al. v. NBCUniversal Media, LLC,* Case No. 1:13-cv-4634-RLE (the "Litigation");

WHEREAS, through their respective counsel, the Parties to the Litigation have signed a Stipulation and Settlement Agreement for the purpose of settling the Litigation on a collective and class-wide basis; and

WHEREAS, Paragraph 1.15 of the Stipulation and Settlement Agreement provides that Defendant shall pay Plaintiff an amount approved by the court not to exceed $5,000 ("Service Payment") contingent upon Plaintiff executing and not revoking a general release of claims against Defendant;

NOW, THEREFORE, after having had an opportunity to consult with counsel, and in consideration of receiving some or all of a Service Payment as set forth in Paragraph 1.15 of the Stipulation and Settlement Agreement, Plaintiff hereby agrees:

1.     **General Release of Claims:**  Plaintiff agrees to waive and release any and all claims, obligations, demands, actions, rights, causes of action, and liabilities against Defendant and its current, former, and future affiliates and related entities including, without limitation, parents, subsidiaries, predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, and personal or legal representatives ("Defendant Releasees"), of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, whether known or unknown, and whether anticipated or unanticipated, including unknown claims,  up to the date this Release is signed or the date on which the Court enters the Order of Final Approval in the Litigation, whichever is later, for any type of relief, including, without limitation, claims for overtime compensation, minimum wages, wages of any kind, damages, back pay, front pay, unpaid costs, meal and rest, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief.  Such waiver and release includes, to the fullest extent permissible under applicable federal, state, and local laws and regulations, but is not limited to, claims arising from or dependent on the California Labor Code 96 through 98.2, et seq.; the California Payment of Wages Law, and in particular, California Labor Code § 200, et seq., including California Labor Code §§ 200 through 244 and §§ 203, 218, and 218.5; California Labor Code § 256, California Labor Code § 300, et seq.; California Labor Code § 400, et seq.; California Labor Code § 500, et seq.; California Working Hours Law; California Labor Code §§ 1171-1206, including §§ 1174, 1174.5, 1182.11, 1182.12, 1193, 1194, 1194.2, 1197, 1197.1, and 1198; California Labor Code §§ 1400 through 1408; California Labor Code §§ 2800, 2802, 2804, and 2810.5; California Labor Code §§ 6310 and 6311; the California Unfair Competition Act, and in particular, California Bus. & Prof. Code §

17200, et seq.; the California Labor Code Private Attorneys General Act of 2004, codified at California Labor Code §§ 2698 through 2699.5, including without limitation claims asserted under this statute on behalf of the State of California; California Code of Civil Procedure § 1021.5; and any other provision of the California Labor Code or any applicable California Industrial Welfare Commission Wage Orders, in all of their iterations (including without limitation Wage Order 4 and the wage, overtime, meal, break, and rest period, record-keeping, and deduction provisions thereof); the California Wage Theft Prevention Act; the California Fair Employment and Housing Act; the California Equal Pay law; the California Whistleblower Protection Law; the California Family Care Leave Act; the common law of the state of California; the California Constitution; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq.; the Americans with Disabilities Act, 42 U.S.C. §12101 et seq.; the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et seq.; the Fair Labor Standards Act, 29 U.S.C. §201, et seq.; the Veterans Reemployment Rights Act; the Family and Medical Leave Act; 28 U.S.C. § 1981; the Occupational Safety and Health Act; the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, et seq.; and all of their implementing regulations.

Plaintiff also agrees expressly to waive all rights related to his employment under Section 1542 of the Civil Code of the State of California, which reads as follows:  "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

      **2.**   **Release of Unknown Claims:**  In waiving and releasing any and all claims set forth in this Release, whether or not now known to Plaintiff, Plaintiff understands that this means that, if Plaintiff later discovers facts different from or in addition to those facts currently known or believed to be true by Plaintiff, the waivers and releases of this Release will remain effective in all respects – despite such different or additional facts and even if Plaintiff would not have agreed to this Release if Plaintiff had prior knowledge of such facts.  Plaintiff expressly, knowingly, and intentionally waives the benefits and rights of any statute, rule, doctrine, or common law principle of any jurisdiction whatsoever that provides that a general release does not extend to unknown claims.

      **3.**   **Exceptions for Claims Not Being Waived or Released:**  The only claims that are not being waived and released by Plaintiff under this Release are claims that cannot be waived or released as a matter of law.  Additionally, nothing in this Release prohibits or restricts Plaintiff, Defendant or the Defendant Releasees from making any disclosure of information required by law or providing information to, or testifying or otherwise assisting in any investigation or proceeding brought by any federal regulatory or law enforcement agency.  .

      **4.**   **Agreement to Arbitrate:**  The Parties agree that any disputes between them concerning the enforceability or alleged breach of Paragraphs 1 and 2 of the Release, or any other disputes between them other than those claims set forth in the Litigation or pertaining to the enforcement or application of the Stipulation and Settlement Agreement, shall be determined through final and binding arbitration.  Plaintiff agrees that that binding arbitration will be conducted in the New York City metropolitan area, in accordance with the then applicable rules and regulations of JAMS for employment disputes.  The Parties understand and agree that the

Defendant will bear the arbitrator's fee and any other type of expense or cost that Plaintiff would not be required to bear if the dispute was brought in court.  Notwithstanding the above, if Plaintiff is the party initiating the claim, Plaintiff is responsible for contributing an amount equal to the filing fee to initiate a claim in the court of general jurisdiction in the jurisdiction in which he would have otherwise filed suit.  The Parties understand and agree that any demand for arbitration by either party shall be filed within the statute of limitation that is applicable to the claim upon which arbitration is sought or required.

This agreement to arbitrate does not cover any dispute or claim that has been expressly excluded from arbitration by statute, regulation or state or local law that is not preempted by the Federal Arbitration Act.  Also, this agreement does not cover claims for temporary or preliminary injunctive relief (including a temporary restraining order) in aid of arbitration or to maintain the status quo pending arbitration, in a court of competent jurisdiction in accordance with applicable law.  Nothing in this agreement to arbitrate should be interpreted as restricting or prohibiting Plaintiff from filing a charge or complaint with the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board, the Department of Labor, the Occupational Safety and Health Commission, any other federal, state, or local administrative agency charged with investigating and/or prosecuting complaints under any applicable federal, state or municipal law or regulation (except that the parties acknowledge that Plaintiff may not recover any monetary benefits in connection with any such claim, charge or proceeding).  A federal, state, or local agency would also be entitled to investigate the charge in accordance with applicable law.  However, any dispute or claim that is covered by this agreement to arbitrate but not resolved through the federal, state, or local agency proceedings must be submitted to arbitration in accordance with this Release.

To the extent permitted by law, all covered claims under this agreement to arbitrate must be brought in the Parties' individual capacity, and not as a plaintiff or class member in any purported class, collective or representative proceeding.  No claims may be brought or maintained on a class, collective or representative basis either in court or in arbitration.  All such claims will be decided on an individual basis in arbitration pursuant to this agreement to arbitrate.  The Parties expressly waive any right with respect to any covered claims to submit, initiate, or participate in a representative capacity or as a plaintiff, claimant or member in a class action, collective action, or other representative or joint action, regardless of whether the action is filed in arbitration or in court.  Either Party may bring an action in any court of competent jurisdiction to compel arbitration or to enforce or vacate an arbitration award under this agreement to arbitrate.

Notwithstanding anything contained in this agreement to the contrary, any issue concerning the validity of this class, collective or representative action waiver must be decided by a court and an arbitrator shall not have authority to consider the issue of the validity of this waiver.  If for any reason this class, collective or representative action waiver is found to be unenforceable, the class, collective or representative action claim may only be heard in court and may not be arbitrated.

**5.** **Counterparts:**  This Release may be executed by one or more facsimile or scanned signatures in separate counterparts, each of which will be deemed an original but all of which together will constitute the same instrument.

6. **Damages for Breach:** Plaintiff recognizes and agrees that the representations, promises, and covenants set forth in Paragraphs 1, 2, 4 and 5 of the Release constitute a material and significant part of the consideration received by the Defendant Releasees in exchange for their obligations under this Release, and that any violation of Paragraphs 1, 2, and 4 will constitute a material violation of this Release. In the event of any violation of Paragraphs 1, 2 and 4 Plaintiff recognizes and agrees that Defendant Releasees will be entitled to seek any and all appropriate relief, including seeking recovery of moneys paid under the Stipulation and Settlement Agreement, enforcing rights under this Release, and pursuing any other rights and remedies available under law, including equitable relief, injunctive relief, and damages. In the event that Plaintiff or his attorneys violate the terms of this Release, including, but not limited to, Paragraphs 1, 2 and/or 4, an arbitrator may award the prevailing party their reasonable attorneys' fees, expenses, and costs, and the provisions of this Release that were not breached remain binding and in effect.

7. **Severability:** The invalidity or unenforceability of any provision of this Release shall not affect or impair any other provisions, which shall remain in full force and effect.

8. **Choice of Law:** This Release shall be deemed to have been made and entered into in the State of New York and shall in all respects be governed by the substantive laws of the State of New York, without giving effect to the conflicts of laws provisions thereof.

9. **Drafting:** This Release shall not be construed more strictly against one party than another merely by virtue of the fact that this Release, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that this Release is the result of arm's-length negotiations between the Parties and the Parties have contributed substantially and materially to the preparation of this Release. Additionally, the headings contained in this Release are for reference purposes only and shall not in any way affect the meaning or interpretation of this Release.

10. **Successors and Assigns:** It is expressly understood and agreed by the Parties that this Release and all of its terms shall be binding upon each Parties' representatives, heirs, executors, administrators, successors, and assigns.

11. **Plaintiff's Acknowledgements:** Plaintiff further understands and agrees that he:

   a. Has carefully read and understands the terms and conditions of this Release;
   b. Has been advised by Defendant to consult with an attorney before signing this Release, has had an ample opportunity to consult with legal counsel of his own choice before executing this Release, and understands that Defendant shall not be responsible for any attorneys' fees incurred by him;
   c. Has willingly executed this Release knowingly and voluntarily without any duress, coercion, or undue influence by Defendant, its representatives, or other persons; and
   d. Is, by reason of this Release and the release of claims herein, receiving from Defendant good and sufficient consideration in addition to anything of value to which he is already entitled.

4

IN WITNESS WHEREOF, the undersigned parties have executed this General and Comprehensive Release of Claims on the date(s) specified below.

ALEXANDER VAINER:

_____
Alexander Vainer

Date: _____

FOR NBCUNIVERSAL MEDIA, LLC:

_____
By:

Title: _____

Date: _____

# EXHIBIT 5

# FULL AND GENERAL RELEASE OF CLAIMS (KLEPPER)

## <u>GENERAL AND COMPREHENSIVE RELEASE OF CLAIMS</u>

This General and Comprehensive Release of Claims (the "Release") is made by and between Nicole Klepper ("Plaintiff"), on the one hand, and NBCUniversal Media, LLC. ("Defendant") on the other hand (collectively the "Parties").

WHEREAS, Plaintiff is an opt-in Plaintiff in the matter of *Eliastam, et al. v. NBCUniversal Media, LLC,* Case No. 1:13-cv-4634-RLE (the "Litigation");

WHEREAS, through their respective counsel, the parties to the Litigation have signed a Stipulation and Settlement Agreement for the purpose of settling the Litigation on a collective and class-wide basis; and

WHEREAS, Paragraph 1.15 of the Stipulation and Settlement Agreement provides that Defendant shall pay Plaintiff an amount approved by the court not to exceed $2,000 ("Service Payment") contingent upon Plaintiff executing and not revoking a general release of claims against Defendant;

NOW, THEREFORE, after having had an opportunity to consult with counsel, and in consideration of receiving some or all of a Service Payment as set forth in Paragraph 1.15 of the Stipulation and Settlement Agreement, Plaintiff hereby agrees:

1.      **<u>General Release of Claims</u>:**  Plaintiff agrees to waive and release any and all claims, obligations, demands, actions, rights, causes of action, and liabilities against Defendant and its current, former, and future affiliates and related entities including, without limitation, parents, subsidiaries, predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, and personal or legal representatives ("Defendant Releasees"), of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, whether known or unknown, and whether anticipated or unanticipated, including unknown claims,  up to the date this Release is signed or the date on which the Court enters the Order of Final Approval in the Litigation, whichever is later, for any type of relief, including, without limitation, claims for overtime compensation, minimum wages, wages of any kind, damages, back pay, front pay, unpaid costs, meal and rest, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief.  Such waiver and release includes, to the fullest extent permissible under applicable federal, state, and local laws and regulations, but is not limited to, claims arising from or dependent on the California Labor Code 96 through 98.2, et seq.; the California Payment of Wages Law, and in particular, California Labor Code § 200, et seq., including California Labor Code §§ 200 through 244 and §§ 203, 218, and 218.5; California Labor Code § 256, California Labor Code § 300, et seq.; California Labor Code § 400, et seq.; California Labor Code § 500, et seq.; California Working Hours Law; California Labor Code §§ 1171-1206, including §§ 1174, 1174.5, 1182.11, 1182.12, 1193, 1194, 1194.2, 1197, 1197.1, and 1198; California Labor Code §§ 1400 through 1408; California Labor Code §§ 2800, 2802, 2804, and 2810.5; California Labor Code §§ 6310 and 6311; the California Unfair Competition Act, and in particular, California Bus. & Prof. Code §

17200, et seq.; the California Labor Code Private Attorneys General Act of 2004, codified at California Labor Code §§ 2698 through 2699.5, including without limitation claims asserted under this statute on behalf of the State of California; California Code of Civil Procedure § 1021.5; and any other provision of the California Labor Code or any applicable California Industrial Welfare Commission Wage Orders, in all of their iterations (including without limitation Wage Order 4 and the wage, overtime, meal, break, and rest period, record-keeping, and deduction provisions thereof); the California Wage Theft Prevention Act; the California Fair Employment and Housing Act; the California Equal Pay law; the California Whistleblower Protection Law; the California Family Care Leave Act; the common law of the state of California; the California Constitution; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq.; the Americans with Disabilities Act, 42 U.S.C. §12101 et seq.; the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et seq.; the Fair Labor Standards Act, 29 U.S.C. §201, et seq.; the Veterans Reemployment Rights Act; the Family and Medical Leave Act; 28 U.S.C. § 1981; the Occupational Safety and Health Act; the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, et seq.; and all of their implementing regulations.

Plaintiff also agrees expressly to waive all rights related to her employment under Section 1542 of the Civil Code of the State of California, which reads as follows:  "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

    **2.**    **Release of Unknown Claims:**  In waiving and releasing any and all claims set forth in this Release, whether or not now known to Plaintiff, Plaintiff understands that this means that, if Plaintiff later discovers facts different from or in addition to those facts currently known or believed to be true by Plaintiff, the waivers and releases of this Release will remain effective in all respects – despite such different or additional facts and even if Plaintiff would not have agreed to this Release if Plaintiff had prior knowledge of such facts.  Plaintiff expressly, knowingly, and intentionally waives the benefits and rights of any statute, rule, doctrine, or common law principle of any jurisdiction whatsoever that provides that a general release does not extend to unknown claims.

    **3.**    **Exceptions for Claims Not Being Waived or Released:**  The only claims that are not being waived and released by Plaintiff under this Release are claims that cannot be waived or released as a matter of law.  Additionally, nothing in this Release prohibits or restricts Plaintiff, Defendant or the Defendant Releasees from making any disclosure of information required by law or providing information to, or testifying or otherwise assisting in any investigation or proceeding brought by any federal regulatory or law enforcement agency.  .

    **4.**    **Agreement to Arbitrate:**  The Parties agree that any disputes between them concerning the enforceability or alleged breach of Paragraphs 1 and 2, of the Release, or any other disputes between them other than those claims set forth in the Litigation or pertaining to the enforcement or application of the Stipulation and Settlement Agreement, shall be determined through final and binding arbitration.  Plaintiff agrees that that binding arbitration will be conducted in the New York City metropolitan area, in accordance with the then applicable rules and regulations of JAMS for employment disputes.  The Parties understand and agree that the

Defendant will bear the arbitrator's fee and any other type of expense or cost that Plaintiff would not be required to bear if the dispute was brought in court.  Notwithstanding the above, if Plaintiff is the party initiating the claim, Plaintiff is responsible for contributing an amount equal to the filing fee to initiate a claim in the court of general jurisdiction in the jurisdiction in which he would have otherwise filed suit.  The Parties understand and agree that any demand for arbitration by either party shall be filed within the statute of limitation that is applicable to the claim upon which arbitration is sought or required.

This agreement to arbitrate does not cover any dispute or claim that has been expressly excluded from arbitration by statute, regulation or state or local law that is not preempted by the Federal Arbitration Act.  Also, this agreement does not cover claims for temporary or preliminary injunctive relief (including a temporary restraining order) in aid of arbitration or to maintain the status quo pending arbitration, in a court of competent jurisdiction in accordance with applicable law.  Nothing in this agreement to arbitrate should be interpreted as restricting or prohibiting Plaintiff from filing a charge or complaint with the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board, the Department of Labor, the Occupational Safety and Health Commission, any other federal, state, or local administrative agency charged with investigating and/or prosecuting complaints under any applicable federal, state or municipal law or regulation (except that the parties acknowledge that Plaintiff may not recover any monetary benefits in connection with any such claim, charge or proceeding).  A federal, state, or local agency would also be entitled to investigate the charge in accordance with applicable law.  However, any dispute or claim that is covered by this agreement to arbitrate but not resolved through the federal, state, or local agency proceedings must be submitted to arbitration in accordance with this Release.

To the extent permitted by law, all covered claims under this agreement to arbitrate must be brought in the Parties' individual capacity, and not as a plaintiff or class member in any purported class, collective or representative proceeding.  No claims may be brought or maintained on a class, collective or representative basis either in court or in arbitration.  All such claims will be decided on an individual basis in arbitration pursuant to this agreement to arbitrate.  The Parties expressly waive any right with respect to any covered claims to submit, initiate, or participate in a representative capacity or as a plaintiff, claimant or member in a class action, collective action, or other representative or joint action, regardless of whether the action is filed in arbitration or in court.  Either Party may bring an action in any court of competent jurisdiction to compel arbitration or to enforce or vacate an arbitration award under this agreement to arbitrate.

Notwithstanding anything contained in this agreement to the contrary, any issue concerning the validity of this class, collective or representative action waiver must be decided by a court and an arbitrator shall not have authority to consider the issue of the validity of this waiver.  If for any reason this class, collective or representative action waiver is found to be unenforceable, the class, collective or representative action claim may only be heard in court and may not be arbitrated.

**5.**     **Counterparts:**  This Release may be executed by one or more facsimile or scanned signatures in separate counterparts, each of which will be deemed an original but all of which together will constitute the same instrument.

3

6.    **Damages for Breach:**  Plaintiff recognizes and agrees that the representations, promises, and covenants set forth in Paragraphs 1, 2, and 4 of the Release constitute a material and significant part of the consideration received by the Defendant Releasees in exchange for their obligations under this Release, and that any violation of Paragraphs 1, 2 and 4 will constitute a material violation of this Release.  In the event of any violation of Paragraphs 1, 2 and 4 Plaintiff recognizes and agrees that Defendant Releasees will be entitled to seek any and all appropriate relief, including seeking recovery of moneys paid under the Stipulation and Settlement Agreement, enforcing rights under this Release, and pursuing any other rights and remedies available under law, including equitable relief, injunctive relief, and damages.  In the event that Plaintiff or his attorneys violate the terms of this Release, including, but not limited to, Paragraphs 1, 2,  and/or 4, an arbitrator may award the prevailing party their reasonable attorneys' fees, expenses, and costs, and the provisions of this Release that were not breached remain binding and in effect.

7.    **Severability:**  The invalidity or unenforceability of any provision of this Release shall not affect or impair any other provisions, which shall remain in full force and effect.

8.    **Choice of Law:**  This Release shall be deemed to have been made and entered into in the State of New York and shall in all respects be governed by the substantive laws of the State of New York, without giving effect to the conflicts of laws provisions thereof.

9.    **Drafting:**  This Release shall not be construed more strictly against one party than another merely by virtue of the fact that this Release, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that this Release is the result of arm's-length negotiations between the Parties and the Parties have contributed substantially and materially to the preparation of this Release.  Additionally, the headings contained in this Release are for reference purposes only and shall not in any way affect the meaning or interpretation of this Release.

10.    **Successors and Assigns:**  It is expressly understood and agreed by the Parties that this Release and all of its terms shall be binding upon each Parties' representatives, heirs, executors, administrators, successors, and assigns.

11.    **Plaintiff's Acknowledgements:**  Plaintiff further understands and agrees that she:

a.    Has carefully read and understands the terms and conditions of this Release;

b.    Has been advised by Defendant to consult with an attorney before signing this Release, has had an ample opportunity to consult with legal counsel of her own choice before executing this Release, and understands that Defendant shall not be responsible for any attorneys' fees incurred by him;

c.    Has willingly executed this Release knowingly and voluntarily without any duress, coercion, or undue influence by Defendant, its representatives, or other persons; and

d.    Is, by reason of this Release and the release of claims herein, receiving from Defendant good and sufficient consideration in addition to anything of value to which she is already entitled.

IN WITNESS WHEREOF, the undersigned parties have executed this General and Comprehensive Release of Claims on the date(s) specified below.

NICOLE KLEPPER:

_____
Nicole Klepper

Date: _____

FOR NBCUNIVERSAL MEDIA, LLC:

_____
By:

Title: _____

Date: _____

# EXHIBIT 6

# FULL AND GENERAL RELEASE OF CLAIMS (BROWN)

## GENERAL AND COMPREHENSIVE RELEASE OF CLAIMS

This General and Comprehensive Release of Claims (the "Release") is made by and between Jamaal Brown ("Plaintiff"), on the one hand, and NBCUniversal Media, LLC. ("Defendant") on the other hand (collectively the "Parties").

WHEREAS, Plaintiff is an opt-in Plaintiff in the matter of *Eliastam, et al. v. NBCUniversal Media, LLC,* Case No. 1:13-cv-4634-RLE (the "Litigation");

WHEREAS, through their respective counsel, the parties to the Litigation have signed a Stipulation and Settlement Agreement for the purpose of settling the Litigation on a collective and class-wide basis; and

WHEREAS, Paragraph 1.15 of the Stipulation and Settlement Agreement provides that Defendant shall pay Plaintiff an amount approved by the court not to exceed $2,000 ("Service Payment") contingent upon Plaintiff executing and not revoking a general release of claims against Defendant;

NOW, THEREFORE, after having had an opportunity to consult with counsel, and in consideration of receiving some or all of a Service Payment as set forth in Paragraph 1.15 of the Stipulation and Settlement Agreement, Plaintiff hereby agrees:

1.      **General Release of Claims:**  Plaintiff agrees to waive and release any and all claims, obligations, demands, actions, rights, causes of action, and liabilities against Defendant and its current, former, and future affiliates and related entities including, without limitation, parents, subsidiaries, predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, and personal or legal representatives ("Defendant Releasees"), of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, whether known or unknown, and whether anticipated or unanticipated, including unknown claims,  up to the date this Release is signed or the date on which the Court enters the Order of Final Approval in the Litigation, whichever is later, for any type of relief, including, without limitation, claims for overtime compensation, minimum wages, wages of any kind, damages, back pay, front pay, unpaid costs, meal and rest, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief.  Such waiver and release includes, to the fullest extent permissible under applicable federal, state, and local laws and regulations, but is not limited to, claims arising from or dependent on the New York State Human Rights Law, N.Y. Exec. Law § 296, et seq.; the New York Equal Pay Law, N.Y. Lab. Law § 194; the New York Equal Rights Law, N.Y. Civ. Rights Law § 40; the New York Off-Duty Conduct Lawful Activities Discrimination Law, N.Y. Lab. Law, § 201-d; the New York State Labor Relations Act, N.Y. Lab. Code § 700, et seq.; the New York Whistleblower Statute, N.Y. Lab. Law § 740; the New York Family Leave Law, N.Y. Lab. Law § 201-C; the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 to 665; the New York Wage and Hour Law, N.Y. Lab. Law §§ 190, et seq.; the New York WARN Laws, N.Y. Lab. Art. §§ 860A to 860I; the New York Wage Hour and Wage Payment Law, N.Y. Lab. Law § 160, et seq.; 12

1

N.Y.C.R.R. §142-2.1 et seq. (including, but not limited to, §142-2.2 & §142.-2.14); the anti-retaliation provisions of the New York Workers' Compensation Law; the New York Occupational Safety and Health Laws; the New York City Human Rights Law, N.Y.C. Admin. Code §8-101 et seq.; any provision of the New York labor code, and the common law of the state of New York; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq.; the Americans with Disabilities Act, 42 U.S.C. §12101 et seq.; the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et seq.; the Fair Labor Standards Act, 29 U.S.C. §201, et seq.; the Veterans Reemployment Rights Act; the Family and Medical Leave Act; 28 U.S.C. § 1981; the Occupational Safety and Health Act; the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, et seq.; and all of their implementing regulations.

2.      **Release of Unknown Claims:**  In waiving and releasing any and all claims set forth in this Release, whether or not now known to Plaintiff, Plaintiff understands that this means that, if Plaintiff later discovers facts different from or in addition to those facts currently known or believed to be true by Plaintiff, the waivers and releases of this Release will remain effective in all respects – despite such different or additional facts and even if Plaintiff would not have agreed to this Release if Plaintiff had prior knowledge of such facts.  Plaintiff expressly, knowingly, and intentionally waives the benefits and rights of any statute, rule, doctrine, or common law principle of any jurisdiction whatsoever that provides that a general release does not extend to unknown claims.

3.      **Exceptions for Claims Not Being Waived or Released:**  The only claims that are not being waived and released by Plaintiff under this Release are claims that cannot be waived or released as a matter of law.  Additionally, nothing in this Release prohibits or restricts Plaintiff, Defendant or the Defendant Releasees from making any disclosure of information required by law or providing information to, or testifying or otherwise assisting in any investigation or proceeding brought by any federal regulatory or law enforcement agency.

4.      **Agreement to Arbitrate:**  The Parties agree that any disputes between them concerning the enforceability or alleged breach of Paragraphs 1 and 2 of the Release, or any other disputes between them other than those claims set forth in the Litigation or pertaining to the enforcement or application of the Stipulation and Settlement Agreement, shall be determined through final and binding arbitration.  Plaintiff agrees that that binding arbitration will be conducted in the New York City metropolitan area, in accordance with the then applicable rules and regulations of JAMS for employment disputes.  The Parties understand and agree that the Defendant will bear the arbitrator's fee and any other type of expense or cost that Plaintiff would not be required to bear if the dispute was brought in court.  Notwithstanding the above, if Plaintiff is the party initiating the claim, Plaintiff is responsible for contributing an amount equal to the filing fee to initiate a claim in the court of general jurisdiction in the jurisdiction in which she would have otherwise filed suit.  The Parties understand and agree that any demand for arbitration by either party shall be filed within the statute of limitation that is applicable to the claim upon which arbitration is sought or required.

This agreement to arbitrate does not cover any dispute or claim that has been expressly excluded from arbitration by statute, regulation or state or local law that is not preempted by the Federal Arbitration Act.  Also, this agreement does not cover claims for temporary or

preliminary injunctive relief (including a temporary restraining order) in aid of arbitration or to maintain the status quo pending arbitration, in a court of competent jurisdiction in accordance with applicable law.  Nothing in this agreement to arbitrate should be interpreted as restricting or prohibiting Plaintiff from filing a charge or complaint with the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board, the Department of Labor, the Occupational Safety and Health Commission, any other federal, state, or local administrative agency charged with investigating and/or prosecuting complaints under any applicable federal, state or municipal law or regulation (except that the parties acknowledge that Plaintiff may not recover any monetary benefits in connection with any such claim, charge or proceeding).  A federal, state, or local agency would also be entitled to investigate the charge in accordance with applicable law.  However, any dispute or claim that is covered by this agreement to arbitrate but not resolved through the federal, state, or local agency proceedings must be submitted to arbitration in accordance with this Release.

To the extent permitted by law, all covered claims under this agreement to arbitrate must be brought in the Parties' individual capacity, and not as a plaintiff or class member in any purported class, collective or representative proceeding.  No claims may be brought or maintained on a class, collective or representative basis either in court or in arbitration.  All such claims will be decided on an individual basis in arbitration pursuant to this agreement to arbitrate.  The Parties expressly waive any right with respect to any covered claims to submit, initiate, or participate in a representative capacity or as a plaintiff, claimant or member in a class action, collective action, or other representative or joint action, regardless of whether the action is filed in arbitration or in court.  Either Party may bring an action in any court of competent jurisdiction to compel arbitration or to enforce or vacate an arbitration award under this agreement to arbitrate.

Notwithstanding anything contained in this agreement to the contrary, any issue concerning the validity of this class, collective or representative action waiver must be decided by a court and an arbitrator shall not have authority to consider the issue of the validity of this waiver.  If for any reason this class, collective or representative action waiver is found to be unenforceable, the class, collective or representative action claim may only be heard in court and may not be arbitrated.

**5.** **Counterparts**:  This Release may be executed by one or more facsimile or scanned signatures in separate counterparts, each of which will be deemed an original but all of which together will constitute the same instrument.

**6.** **Damages for Breach**:  Plaintiff recognizes and agrees that the representations, promises, and covenants set forth in Paragraphs 1, 2 and 4 of the Release constitute a material and significant part of the consideration received by the Defendant Releasees in exchange for their obligations under this Release, and that any violation of Paragraphs 1, 2 and 4 will constitute a material violation of this Release.  In the event of any violation of Paragraphs 1, 2, 4 and 5 Plaintiff recognizes and agrees that Defendant Releasees will be entitled to seek any and all appropriate relief, including seeking recovery of moneys paid under the Stipulation and Settlement Agreement, enforcing rights under this Release, and pursuing any other rights and remedies available under law, including equitable relief, injunctive relief, and damages.  In the event that Plaintiff or his attorneys violate the terms of this Release, including, but not limited to,

3

Paragraphs 1, 2 and/or 4, an arbitrator may award the prevailing party their reasonable attorneys' fees, expenses, and costs, and the provisions of this Release that were not breached remain binding and in effect.

     **7.**     __Severability:__  The invalidity or unenforceability of any provision of this Release shall not affect or impair any other provisions, which shall remain in full force and effect.

     **8.**     __Choice of Law:__  This Release shall be deemed to have been made and entered into in the State of New York and shall in all respects be governed by the substantive laws of the State of New York, without giving effect to the conflicts of laws provisions thereof.

     **9.**     __Drafting:__  This Release shall not be construed more strictly against one party than another merely by virtue of the fact that this Release, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that this Release is the result of arm's-length negotiations between the Parties and the Parties have contributed substantially and materially to the preparation of this Release.  Additionally, the headings contained in this Release are for reference purposes only and shall not in any way affect the meaning or interpretation of this Release.

     **10.**     __Successors and Assigns:__  It is expressly understood and agreed by the Parties that this Release and all of its terms shall be binding upon each Parties' representatives, heirs, executors, administrators, successors, and assigns.

     **11.**     __Plaintiff's Acknowledgements:__  Plaintiff further understands and agrees that he:

     a.     Has carefully read and understands the terms and conditions of this Release;

     b.     Has been advised by Defendant to consult with an attorney before signing this Release, has had an ample opportunity to consult with legal counsel of hisr own choice before executing this Release, and understands that Defendant shall not be responsible for any attorneys' fees incurred by her;

     c.     Has willingly executed this Release knowingly and voluntarily without any duress, coercion, or undue influence by Defendant, its representatives, or other persons; and

     d.     Is, by reason of this Release and the release of claims herein, receiving from Defendant good and sufficient consideration in addition to anything of value to which he is already entitled.

     IN WITNESS WHEREOF, the undersigned parties have executed this General and Comprehensive Release of Claims on the date(s) specified below.

JAMAAL BROWN:

_____

Jamaal Brown

Date: _____

FOR NBCUNIVERSAL MEDIA, LLC:

_____

By:

Title: _____

Date: _____

# EXHIBIT 7

FULL AND GENERAL
RELEASE OF CLAIMS
(KURLANDER)

## GENERAL AND COMPREHENSIVE RELEASE OF CLAIMS

This General and Comprehensive Release of Claims (the "Release") is made by and between Samantha Kurlander ("Plaintiff"), on the one hand, and NBCUniversal Media, LLC. ("Defendant") on the other hand (collectively the "Parties").

WHEREAS, Plaintiff is an opt-in Plaintiff in the matter of *Eliastam, et al. v. NBCUniversal Media, LLC,* Case No. 1:13-cv-4634-RLE (the "Litigation");

WHEREAS, through their respective counsel, the parties to the Litigation have signed a Stipulation and Settlement Agreement for the purpose of settling the Litigation on a collective and class-wide basis; and

WHEREAS, Paragraph 1.15 of the Stipulation and Settlement Agreement provides that Defendant shall pay Plaintiff an amount approved by the court not to exceed $2,000 ("Service Payment") contingent upon Plaintiff executing and not revoking a general release of claims against Defendant;

NOW, THEREFORE, after having had an opportunity to consult with counsel, and in consideration of receiving some or all of a Service Payment as set forth in Paragraph 1.15 of the Stipulation and Settlement Agreement, Plaintiff hereby agrees:

1. **General Release of Claims:**  Plaintiff agrees to waive and release any and all claims, obligations, demands, actions, rights, causes of action, and liabilities against Defendant and its current, former, and future affiliates and related entities including, without limitation, parents, subsidiaries, predecessors, successors, divisions, joint ventures and assigns, and each of these entities' past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, and personal or legal representatives ("Defendant Releasees"), of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, whether known or unknown, and whether anticipated or unanticipated, including unknown claims,  up to the date this Release is signed or the date on which the Court enters the Order of Final Approval in the Litigation, whichever is later, for any type of relief, including, without limitation, claims for overtime compensation, minimum wages, wages of any kind, damages, back pay, front pay, unpaid costs, meal and rest, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief.  Such waiver and release includes, to the fullest extent permissible under applicable federal, state, and local laws and regulations, but is not limited to, claims arising from or dependent on the New Jersey Wage Payment Law: N.J. Stat. Ann § 34:11-4.1 et seq.; New Jersey Wage and Hour Law: N.J. Stat. Ann. § 34:11-56a et seq.; New Jersey Discrimination in Wages Law: N.J. Stat. Ann. § 34:11-56.1 et seq.; New Jersey Wage Collection Law: N.J. Stat. Ann. § 34:11-57 et seq.; N.J. Stat. Ann. § 34:11-10; N.J. Stat. Ann. § 34:11-66; N.J. Admin. Code § 12:55-1.1 et seq.; N.J. Admin. Code § 12:56-1.1 et seq.; N.J. Admin. Code § 12:61-1.1 et seq.; New Jersey Law Against Discrimination: N.J. Stat. Ann. § 10:5-1 et seq.; New Jersey Conscientious Employee Protection Act: N.J. Stat. Ann. § 34:19-1 et seq.; New Jersey Family Leave Act: N.J. Stat. Ann. § 34:11B-1 et seq.; New Jersey Equal Pay Act; New Jersey Civil Rights Act; New Jersey Security

1

and Financial Empowerment Act (Domestic Violence Leave); New Jersey WARN Act: N.J. Stat Ann. § 34:21-1, et seq.; New Jersey Constitution; common law of the state of New Jersey; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq.; the Americans with Disabilities Act, 42 U.S.C. §12101 et seq.; the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et seq.; the Fair Labor Standards Act, 29 U.S.C. §201, et seq.; the Veterans Reemployment Rights Act; the Family and Medical Leave Act; 28 U.S.C. § 1981; the Occupational Safety and Health Act; the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, et seq.; and all of their implementing regulations.

**2.** **Release of Unknown Claims:** In waiving and releasing any and all claims set forth in this Release, whether or not now known to Plaintiff, Plaintiff understands that this means that, if Plaintiff later discovers facts different from or in addition to those facts currently known or believed to be true by Plaintiff, the waivers and releases of this Release will remain effective in all respects – despite such different or additional facts and even if Plaintiff would not have agreed to this Release if Plaintiff had prior knowledge of such facts. Plaintiff expressly, knowingly, and intentionally waives the benefits and rights of any statute, rule, doctrine, or common law principle of any jurisdiction whatsoever that provides that a general release does not extend to unknown claims.

**3.** **Exceptions for Claims Not Being Waived or Released:** The only claims that are not being waived and released by Plaintiff under this Release are claims that cannot be waived or released as a matter of law. Additionally, nothing in this Release prohibits or restricts Plaintiff, Defendant or the Defendant Releasees from making any disclosure of information required by law or providing information to, or testifying or otherwise assisting in any investigation or proceeding brought by any federal regulatory or law enforcement agency. .

**4.** **Agreement to Arbitrate:** The Parties agree that any disputes between them concerning the enforceability or alleged breach of Paragraphs 1 and 2, of the Release, or any other disputes between them other than those claims set forth in the Litigation or pertaining to the enforcement or application of the Stipulation and Settlement Agreement, shall be determined through final and binding arbitration. Plaintiff agrees that that binding arbitration will be conducted in the New York City metropolitan area, in accordance with the then applicable rules and regulations of JAMS for employment disputes. The Parties understand and agree that the Defendant will bear the arbitrator's fee and any other type of expense or cost that Plaintiff would not be required to bear if the dispute was brought in court. Notwithstanding the above, if Plaintiff is the party initiating the claim, Plaintiff is responsible for contributing an amount equal to the filing fee to initiate a claim in the court of general jurisdiction in the jurisdiction in which he would have otherwise filed suit. The Parties understand and agree that any demand for arbitration by either party shall be filed within the statute of limitation that is applicable to the claim upon which arbitration is sought or required.

This agreement to arbitrate does not cover any dispute or claim that has been expressly excluded from arbitration by statute, regulation or state or local law that is not preempted by the Federal Arbitration Act. Also, this agreement does not cover claims for temporary or preliminary injunctive relief (including a temporary restraining order) in aid of arbitration or to maintain the status quo pending arbitration, in a court of competent jurisdiction in accordance

2

with applicable law.  Nothing in this agreement to arbitrate should be interpreted as restricting or prohibiting Plaintiff from filing a charge or complaint with the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board, the Department of Labor, the Occupational Safety and Health Commission, any other federal, state, or local administrative agency charged with investigating and/or prosecuting complaints under any applicable federal, state or municipal law or regulation (except that the parties acknowledge that Plaintiff may not recover any monetary benefits in connection with any such claim, charge or proceeding).  A federal, state, or local agency would also be entitled to investigate the charge in accordance with applicable law.  However, any dispute or claim that is covered by this agreement to arbitrate but not resolved through the federal, state, or local agency proceedings must be submitted to arbitration in accordance with this Release.

To the extent permitted by law, all covered claims under this agreement to arbitrate must be brought in the Parties' individual capacity, and not as a plaintiff or class member in any purported class, collective or representative proceeding.  No claims may be brought or maintained on a class, collective or representative basis either in court or in arbitration.  All such claims will be decided on an individual basis in arbitration pursuant to this agreement to arbitrate.  The Parties expressly waive any right with respect to any covered claims to submit, initiate, or participate in a representative capacity or as a plaintiff, claimant or member in a class action, collective action, or other representative or joint action, regardless of whether the action is filed in arbitration or in court.  Either Party may bring an action in any court of competent jurisdiction to compel arbitration or to enforce or vacate an arbitration award under this agreement to arbitrate.

Notwithstanding anything contained in this agreement to the contrary, any issue concerning the validity of this class, collective or representative action waiver must be decided by a court and an arbitrator shall not have authority to consider the issue of the validity of this waiver.  If for any reason this class, collective or representative action waiver is found to be unenforceable, the class, collective or representative action claim may only be heard in court and may not be arbitrated.

**5.**     **Counterparts:**  This Release may be executed by one or more facsimile or scanned signatures in separate counterparts, each of which will be deemed an original but all of which together will constitute the same instrument.

**6.**     **Damages for Breach:**  Plaintiff recognizes and agrees that the representations, promises, and covenants set forth in Paragraphs 1, 2, and 4 of the Release constitute a material and significant part of the consideration received by the Defendant Releasees in exchange for their obligations under this Release, and that any violation of Paragraphs 1, 2 and 4 will constitute a material violation of this Release.  In the event of any violation of Paragraphs 1, 2 and 4 Plaintiff recognizes and agrees that Defendant Releasees will be entitled to seek any and all appropriate relief, including seeking recovery of moneys paid under the Stipulation and Settlement Agreement, enforcing rights under this Release, and pursuing any other rights and remedies available under law, including equitable relief, injunctive relief, and damages.  In the event that Plaintiff or his attorneys violate the terms of this Release, including, but not limited to, Paragraphs 1, 2,  and/or 4, an arbitrator may award the prevailing party their reasonable

attorneys' fees, expenses, and costs, and the provisions of this Release that were not breached remain binding and in effect.

**7.     Severability:**  The invalidity or unenforceability of any provision of this Release shall not affect or impair any other provisions, which shall remain in full force and effect.

**8.     Choice of Law:**  This Release shall be deemed to have been made and entered into in the State of New York and shall in all respects be governed by the substantive laws of the State of New York, without giving effect to the conflicts of laws provisions thereof.

**9.     Drafting:**  This Release shall not be construed more strictly against one party than another merely by virtue of the fact that this Release, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that this Release is the result of arm's-length negotiations between the Parties and the Parties have contributed substantially and materially to the preparation of this Release.  Additionally, the headings contained in this Release are for reference purposes only and shall not in any way affect the meaning or interpretation of this Release.

**10.    Successors and Assigns:**  It is expressly understood and agreed by the Parties that this Release and all of its terms shall be binding upon each Parties' representatives, heirs, executors, administrators, successors, and assigns.

**11.    Plaintiff's Acknowledgements:**  Plaintiff further understands and agrees that she:

    a.    Has carefully read and understands the terms and conditions of this Release;

    b.    Has been advised by Defendant to consult with an attorney before signing this Release, has had an ample opportunity to consult with legal counsel of her own choice before executing this Release, and understands that Defendant shall not be responsible for any attorneys' fees incurred by her;

    c.    Has willingly executed this Release knowingly and voluntarily without any duress, coercion, or undue influence by Defendant, its representatives, or other persons; and

    d.    Is, by reason of this Release and the release of claims herein, receiving from Defendant good and sufficient consideration in addition to anything of value to which she is already entitled.

IN WITNESS WHEREOF, the undersigned parties have executed this General and Comprehensive Release of Claims on the date(s) specified below.

SAMANTHA KURLANDER:

_____
Samantha Kurlander

Date: _____

FOR NBCUNIVERSAL MEDIA, LLC:

_____

By:

Title: _____

Date: _____

# EXHIBIT 8

# PROPOSED ORDER GRANTING PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

MONET ELIASTAM, et al.,                 :

                                        :

                        *Plaintiffs*,    :

                                          :     Civil Action No.: 1:13-cv-04634-RLE

              -v-                           :

                                          :

NBCUNIVERSAL MEDIA, LLC,         :

                                          :

                        *Defendant*.    :

---------------------------------------------------------------x

## [PROPOSED] ORDER GRANTING PRELIMINARY
## APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

AND NOW, this _____ day of _____, 2014, upon consideration of Plaintiffs'

unopposed Motion for Preliminary Class and Collective Action Settlement Approval, the Court

hereby grants the Motion and ORDERS as follows:

1.       The Parties' Stipulation of Settlement is preliminarily approved as fair, reasonable

and adequate;

2.       For settlement purposes only, the following collective action is conditionally

certified pursuant to 29 U.S.C. § 216(b), pending final approval of the settlement:  all individuals

who participated in Unpaid Internships with NBCUniversal Media, LLC, its predecessor, NBC

Universal, Inc., and/or its Affiliated Entities, as defined in the Stipulation of Settlement, at any

time since February 4, 2011 through the date of this Order.

3.       For settlement purposes only, the following Settlement Class is provisionally

certified pursuant to Fed. R. Civ. P. 23, pending final approval of the settlement:  all individuals

who participated in Unpaid Internships with NBCUniversal Media, LLC, its predecessor, NBC

Universal, Inc., and/or its Affiliated Entities, as defined in the Stipulation of Settlement, at any

time since July 3, 2007 through the date of this Order if they had an unpaid internship in New

1

York; since February 4, 2010 through the date of this Order if they had an unpaid internship in California; or since February 4, 2011 through the date of this Order if they had an unpaid internship in Connecticut.

4.      Outten & Golden LLP is appointed as Class Counsel for the Settlement Class;

5.      The proposed Notice Regarding Pendency of Class and Collective Action, including all of its exhibits, is approved, and shall be sent out pursuant to the terms of the Stipulation of Settlement;

6.      The Court will conduct a Final Approval Hearing on _____, 2014, at ____ a.m./p.m. to determine the overall fairness of the settlement and to fix the amount of attorneys' fees and costs to Class Counsel and Enhancement Payments to the Class Representatives and Current FLSA Opt-ins.  The Final Approval Hearing may be continued without further notice to Class and Collective Action Members.

7.      Class Counsel shall file their motion for Final Approval and for Attorneys' Fees, Costs, and Enhancement Payments no later than 10 calendar days prior to the Final Approval Hearing; and

8.      This Order is not admissible as evidence for any purpose against Defendant or the Releasees (as defined in the Stipulation of Settlement) in any pending or future litigation or arbitration.  This Order shall not be cited, construed or used as support for conditional certification or certification, or in opposition to decertification, of any class or collective action. This Order shall not be construed or used as an admission, concession, or declaration by or against Defendant or the Releasees of any fault, wrongdoing, breach, or liability and Defendant and the Releasees specifically deny any such fault, breach, liability, or wrongdoing.  This Order shall not be construed or used as an admission, concession, declaration, or waiver by any party of

2

any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendant or the Releasees to class certification, in the event that the Stipulation of Settlement is terminated.  Moreover, the Stipulation of Settlement and any action taken pursuant to the Stipulation of Settlement are for settlement purposes only.  Neither the fact of, nor any provision contained in the Stipulation of Settlement or its exhibits, nor any actions taken thereunder, shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

9.      Pending final determination of whether the settlement should be approved, and upon expiration of the Notice Response Deadline, as defined in the Stipulation of Settlement, all Class Members who do not timely and validly Opt Out of the Settlement Class, and each of them, and anyone who purports to act on their behalf, shall not maintain, commence or prosecute or pursue either directly, representatively or in any other capacity any Released Claim subsumed and covered by the Releases in Stipulation of Settlement, including in any court or arbitration forum.

BY THE COURT,

_____
The Honorable Judge Richard L. Ellis
United States Magistrate Judge

# EXHIBIT 9

# PROPOSED ORDER GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
MONET ELIASTAM, et al.,                                    :
                                                           :
                                        *Plaintiffs*,      :
                                                           :     Civil Action No.: 1:13-cv-04634-RLE
                        -v-                                 :
                                                           :
NBCUNIVERSAL MEDIA, LLC.,                                   :
                                                           :
                                        *Defendant*.       :
-----------------------------------------------------------------x

## [PROPOSED] ORDER GRANTING FINAL
## APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

AND NOW, this _____ day of _____, 2014, upon consideration of the

Plaintiffs' Unopposed Motion for Final Class and Collective Action Settlement Approval, the

Court hereby grants the Motion and ORDERS as follows:

Plaintiffs' Unopposed Motion for Final Class and Collective Action Settlement Approval

and Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs, and Enhancement Payments to the

Class Representatives came before this Court on October 22, 2014.  The proposed settlement in

this case was preliminarily approved by this Court on _____.  Pursuant to the Court's

Preliminary Approval Order and the Notice provided to the Class, the Court conducted a final

Fairness Hearing as required by Federal Rule of Civil Procedure 23(e).  The Court has reviewed

the materials submitted by the parties and has heard arguments presented by counsel at the

hearing.  For the reasons cited on the record as well as those stated hereafter, the Court finds and

orders as follows:

The Court hereby grants final approval of the Class and Collective Action Settlement

based upon the terms set forth in the Preliminary Approval Order and the Stipulation of

Settlement ("Settlement") filed by the parties.  The Settlement is fair, adequate, and reasonable to the Class and Collective Action Members.

1.     The Court finds that this action satisfies all of the requirements of Rule 23(a) and (b)(3) for settlement purposes only and further finds that the Class has at all times been adequately represented by the Class Representatives and Class Counsel.

2.     The Notice approved by the Court was provided by First Class direct mail or email to the last-known mailing address and/or email address of Class Members.  In addition, follow-up efforts were made to send the Notice to those individuals whose original notices were returned as undeliverable.  For those Class Members who did not have a last-known mailing address or email address, text messages were sent to Class Members with a last-known cell phone number alerting them of the proposed Settlement and directing them to a webpage where they could learn additional information about the proposed Settlement.  Additionally, notice of the proposed Settlement was published through advertisements placed on the website LinkedIn in the manner described in the Stipulation of Settlement filed by the parties.  The Notice provided by these various means adequately described all of the relevant and necessary parts of the proposed Settlement, the request for Service Payments to the Named Plaintiffs and  Opt-in Plaintiffs, and Class Counsel's request for an award of attorneys' fees and costs.

3.     The Court finds that the Notice given to the Class fully complied with Rule 23, was the best notice practicable under the circumstances, satisfied all constitutional due process concerns, and provides the Court with jurisdiction over the Class Members.

4.     The Court confirms [Claims Administrator] as the Settlement Claims Administrator.

5.     The Court has concluded that the Settlement, as set forth in the Stipulation and Settlement Agreement executed by the parties, is fair, reasonable, and adequate under state and federal laws, including the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*  The Settlement is procedurally fair: it was reached through arms-length negotiations between experienced counsel. The Settlement is also substantively fair, and meets all of the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000).  The Court finds that the uncertainty and delay of further litigation strongly supports the reasonableness and adequacy of the Settlement Amount established pursuant to the Stipulation and Settlement Agreement.

6.     The Settlement is HEREBY APPROVED in its entirety.

7.     The Settlement Fund shall be disbursed in accordance with the Stipulation and Settlement Agreement.

8.     The Court finds reasonable the requested Service Awards in the amount of $10,000 to Named Plaintiff Monet Eliastam, $5,000 each to Alexander Vanier and Rheanna Behuniak, and $2,000 each to Samantha Kurlander, Jamaal Brown, and Nicole Klepper.  These amounts shall be paid from the Settlement Fund.

9.     The Court previously appointed Outten & Golden LLP ("O&G") as Class Counsel.  O&G are experienced class action employment lawyers with good reputations among the employment law bar.  Class Counsel's application for attorneys' fees and costs in the amount of $1,184,000 is hereby granted.  The attorneys' fees and costs shall be paid from the Settlement Fund.

10.     This case is hereby DISMISSED WITH PREJUDICE, with each party to bear his, her, or its own costs, except as set forth herein, and with this Court retaining exclusive

jurisdiction to enforce the Stipulation of Settlement, including over disbursement of the

Settlement Amount and the enforcement of its releases and confidentiality requirements.

11.     As provided in the Notice and Stipulation of Settlement, all Rule 23 Class

Members who did not opt out of the Settlement have released all Released State Law Claims

against the Defendant Releasees as defined in the Settlement.

12.     [** Insert number **] Rule 23 Class Members timely opted out of the Settlement.

13.     [** Insert number **] Rule 23 Class Members timely objected to the Settlement.

[** Insert discussion of objections, if needed **].

14.     As provided in the Notice and Stipulation of Settlement, all FLSA Collective

Action Members who properly and timely submitted Consent to Join Settlement Forms (or

otherwise became Participating Claimants with Defendant's consent) have released all Released

State Law Claims and all Released Federal Law Claims against the Defendant Releasees as

defined in the Settlement.

15.     The Named and Current FLSA Opt-in Plaintiffs, Participating Claimants, and all

Rule 23 Class Members who did not opt out of the Settlement are hereby permanently barred and

enjoined from filing, commencing, prosecuting, or pursuing the claims released by the

Stipulation of Settlement in any forum, including arbitration, whether or not on a class or

collective action basis, or participating in any class or collective action involving such claims.

16.     The Court approves the parties' agreement that any unclaimed or forfeited

amounts of the Settlement Amount as well as amounts allocated to opt-outs will be retained by

Defendant.

17.     The "Effective Date" of the settlement shall be the date of final affirmance on an

appeal of this Order; (ii) the date of final dismissal with prejudice of the last pending appeal from

4

this Order; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any form of valid appeal from this Order.  This Order shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

18.     Within 14 days after the Effective Date, Defendant shall deposit into the Qualified Settlement Fund an amount sufficient to cover the Participating Claimant Payments, Class Counsel's attorneys' fees and costs, Service Payments, Reserve Fund, an estimate of the Administration Costs, PAGA penalties, and the employer's share of payroll taxes for Participating Claimants.

19.     No more than 30 days after the Effective Date, the Claims Administrator shall distribute the funds in the settlement account by making the following payments in the order below:

a.      Paying Class Counsel's attorneys' fees and costs of $1,184,000;

b.      Pay $12,000 in PAGA penalties to the California Labor and Workforce Development Agency;

c.      Paying service awards to in the amount of $10,000 to Named Plaintiff Monet Eliastam, $5,000 each to Alexander Vanier and Rheanna Behuniak, and $2,000 each to Samantha Kurlander, Jamaal Brown, and Nicole Klepper; and

d.      Paying the remainder of the fund to Participating Class Members in accordance with the allocation plan described in the Settlement Agreement.

20.     This Order is not admissible as evidence for any purpose against Defendant in any pending or future litigation.  This Order shall not be construed or used as support for conditional

certification or certification, or opposition to decertification, of any class or collective action. This Order shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability and Defendant specifically deny any such fault, breach, liability, or wrongdoing.  This Order shall not be construed or used as an admission, concession, declaration, or waiver by any party of any arguments, defenses, or claims he, she, or it may have, except that it may be used to enforce the releases.  Neither the fact of, nor any provision contained in the Stipulation of Settlement or its exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

21.     The Court hereby enters Judgment approving the terms of the Stipulation of Settlement.  This Order shall constitute a Final Judgment for purposes of Fed. R. Civ. P. 58.

BY THE COURT,

_____
The Honorable Richard L. Ellis
United States Magistrate Judge

6

# EXHIBIT 10

## NON-EXHAUSTIVE LIST OF RELEASED STATE WAGE/HOUR LAWS

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

MONET ELIASTAM, et al.,              :

                                      :

                *Plaintiffs*,        :

                                        :    Civil Action No.: 1:13-cv-04634-RLE

       -v-                   :

                                        :

NBCUNIVERSAL MEDIA, LLC.,     :

                                        :

               *Defendant*.    :

------------------------------------------------------------x

## NON-EXHAUSTIVE LIST OF STATE WAGE AND HOUR
## LAWS INCLUDED AMONG RELEASED STATE LAW CLAIMS

**California:**

- California Labor Code §§ 96 to 98.2 et seq.
- California Payment of Wages Law, and in particular, California Labor Code § 200 et seq., including, but not limited to California Labor Code §§ 200 to 244 and §§203, 218, and 218.5
- California Labor Code § 400 et seq.
- California Working Hours Law, California Labor Code § 500 et seq.
- California Labor Code §§ 1171-1206 (including, but not limited to, §§ 1182.11, 1182.12, 1193, 1194, 1194.2, 1197, 1197.1, and 1198)
- California Labor Code §§ 1400 to 1408
- California Labor Code Private Attorneys General Act of 2004, codified at California Labor Code §§ 2698 to 2699.5, including without limitation claims asserted under this statute on behalf of the State of California
- California Labor Code §§ 2800, 2802, 2804, and 2810.5
- California Labor Code §§ 6310 and 6311
- California Industrial Welfare Commission Wage Orders (including, but not limited to, Wage Order No. 11-2001)
- California Unfair Competition Act, and in particular, California Bus. & Prof. Code § 17200 et seq.
- California Civil Code § 1542
- California Constitution

**Connecticut:**

- Conn. Gen. Stat. § 31-12 et seq.
- Conn. Gen. Stat. § 31-58 et seq.
- Conn. Gen. Stat. § 52-564
- Conn. Gen. Stat. §§ 53-302, 53-302a, and 53-303

- Conn. Agencies Regs. §§ 31-60-10, 31-60-14, 31-60-15, 31-60-16, 31-71h-4, and 31-71h-5
- Any and all claims under Chapter 558 of the Connecticut General Statutes and any enabling or implementing regulations

**New York:**

- N.Y. Lab. Law § 160 et seq.
- N.Y. Lab. Law § 190 et seq. (including, but not limited to, §§ 191, 193, and 198)
- N.Y. Lab. Law §§ 215 and 218
- New York Minimum Wage and Hour Law: NY. Lab. Law § 650 et seq.
- 12 N.Y. Comp. Codes R. & Regs. Pt. 142-2.1 et seq. (including, but not limited to, §§ 142-2.2, 142-2.4, and 142.-2.14)

# EXHIBIT 11

CAFA LETTER

[ML&B LETTERHEAD]

[DATE]

[STATE] Attorney General [NAME]
Office of the [STATE] Attorney General
[ADDRESS]

Re:     *Eliastam, et al. v. NBCUniversal Media, LLC*, Case No. 1:13-cv-4634-RLE (S.D.N.Y.):
        <u>Notice pursuant to 28 U.S.C. §1715</u>

Dear [NAME]:

NBCUniversal Media, LLC ("Defendant") provides this notice pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715.  Pursuant to CAFA, you are not required to comment on the settlement.  However, if you wish to comment, you must do so within ninety (90) days of being served with this notice.  *See* 28 U.S.C. §1715(d).

The parties filed a Stipulation of Settlement with the Court on **[INSERT DATE]**.  The Court has not yet scheduled a hearing for preliminary approval or final approval of the settlement.  In accordance with CAFA, Defendant encloses the following documents in Appendix A:

(1)     copies of the Complaint and the Second Amended Complaint (the latter being the operative complaint in the above-referenced matter);

(2)     the proposed forms of notification to class members of the proposed class and collective action settlement, which include the Notice to Class Members Regarding Pendency of a Class and Collective Action and Notice of Hearing on Proposed Settlement, the Consent to Join Settlement Form, and the Election to Opt-Out Form. Additionally, details regarding the parties' plan to publish notification to alert class members of the proposed settlement is set forth in § 2.5 of the attached Stipulation and Settlement Agreement;

(3)     the Stipulation of Settlement in this action;

(4)     the Terms of Settlement between the parties, dated February 4, 2014; and

(5)     a list of class members identified from Defendant's available records, as of **[INSERT DATE]**, who Defendant reasonably believes resides in your state based on Defendant's records of where the individual resided or attended school during internship(s) at issue.

Under the terms of the Settlement Agreement, the expected payment amounts to class members will be approximately [insert average amount] for each unpaid internship a class member participated in during the applicable limitations period (*see* Stipulation and Settlement Agreement at § 2.2.1).  Based on our estimate that there are _____ class members residing in

your state and _____ class members in total, we anticipate that the proportionate share of the allocations to the class and collective action members who reside in your state will be **[INSERT]**.

If you have questions about this notice, the lawsuit, or the enclosed materials, or if you did not receive any of the above-listed materials, please contact counsel for Defendant and Plaintiffs' counsel listed in the enclosed documents.

Sincerely,


Sam S. Shaulson

Enclosure

cc: Class Counsel