# Exhibit B

Dina N. Agusta
member of the class
REDACTED

Franklin Square, New York 11010
REDACTED


UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK          X

Monet Eliastam, et. al.,                                    Case No. : **13 CV 4634-RLE**
individually and on behalf
of all others similarly situated,

                                        Plaintiffs,      **OBJECTION TO SETTLEMENT
                                                         IN THE NBC UNIVERSAL UNPAID
                                                         INTERNSHIP CASE**

        -against-

NBCUNIVESAL MEDIA, LLC,

                                        Defendant.
_____          X

        I, Dina N. Agusta, a member of the class, hereby states that I object to the settlement in the NBC
Universal unpaid internship class (hereinafter the "Settlement"). My father, Michael J. Agusta, Esq., will
be appearing on my behalf at the Final Approval Hearing on the fairness and adequacy of the proposed
Settlement. Without limiting any other reasons I may later discover, I object to the Settlement on the
following grounds:

        1.      I must execute a Release of Claims beyond the scope of the subject matter of the class
action in order to receive de minimus compensation in this matter. My father informs me that the release
extends to claims beyond those that arose out of or in any way related to unpaid internships. Upon
information and belief, these other possible claims for relief were not the subject of the class action. If
I did not have a father who was an attorney, I doubt I could have figured out what the Release of Claims
meant or its ramifications. Fortunately for me, my father has elected to represent me pro bono, otherwise
it would have cost me more in legal fees for him to read the various documents (especially the release)
than I would have been paid. The settlement amount per member does not warrant a release especially
of claims which are not part of the underlying action. It puzzles me how class counsel, Outten & Golden
LLP, believes that this Settlement is fair and appropriate and in my best interest. This is especially true
since Outten & Golden LLP has never consulted with me about any other possible claims I may have;
and, yet the firm is advising me that the execution of the Release of Claims is "appropriate under the
circumstances" and in my "best interest". (See sections B & O of the Notice of Class and Collective
Action Settlement - hereinafter the "Notice").

2.      The Settlement is inherently unfair. If I elect out of the class I have no standing to object to this settlement. Because I want to participate in the settlement if my objections to the Settlement are sustained, I do not want to opt out. Herein lies the inherent unfairness of the settlement. If I do nothing at this time (which allows me to object to the Settlement) not only am I not entitled to the de minims compensation called for (something I will freely give up) **BUT** I am still bound by the release (see section L of the Notice) even for claims that go beyond those that are the subject matter of the class action. The Class Members should have another opportunity to opt out after this hearing.

3.      The form of compensation is contradictory and, my father informs me, likely a violation of the Internal Revenue Code. In essence, the settlement is **treating the compensation as both** employee wages (for which various other wage taxes and deductions apply (including the withholding of social security taxes and the payment of the employer's share of same) and as independent contractors. My father informs me that this may be first, an employer simultaneously classifying an individual as both an employee and an independent contractor for doing exactly the same work. He doubts this will pass muster with the IRS. We are either one (1) or the other, but we cannot be both. Given the definition of employee that my father understands, it is likely that the IRS would treat us as employees, not independent contractors. What amazes me is that a corporation with the prestige of NBC Universal would stoop to this level; and a law firm that holds itself out as experienced in workplace matters lacks some basic understanding of the IRS regulations (or worse, a complete disregard for same).

4.      I participated in two (2) internships with NBC Universal. Both these internships were unpaid. During those two (2) internships I worked eight (8) hours a day (sometimes without a break or mealtime - other claims I may have for which I must release NBC Universal) two (2) days a week for thirteen weeks per internship. This totals approximately 416 hours. I will receive from the Settlement a maximum of $999.91 provided no more than 8,975 members submit claims (presumably I can receive less if the number of members submitting claims exceed 8,975 - See section L of the Notice). This works out to $2.40 per hour for which I must also provide a Release of Claims. If you allocate just ½ the Settlement towards the release, then the wages equate to $1.20 per hour.

If my counsel believes "this Settlement is fair and appropriate under the circumstances, and in the best interests of the Class Members" especially given the fact my counsel believes our "claims...are strong" and counsel was "... prepared to proceed with litigating the case..."(see section B of the Notice) then I say **it is time to change counsel**.

In Connecticut (where I worked as an unpaid intern) the minimum wage was $8.25 per hour from January 1, 2010 through December 31, 2013 when it was increased to $8.70 effective January 1, 2014. (See the Conn. Dept. of Labor - http://www.ctdol.state.ct.us/wgwkstnd/wage-hour/history.htm ). The period covered for the Connecticut interns in this class action was February 4, 2011 through December 15, 2014.

Thus the settlement is at most 29% of the minimum wage. My hours are easy to calculate. I am sure that NBC Universal has these records available and that counsel for the class should have investigated it. My father tells me that if he advised his clients (he has a small collection practice) to accept less than one-third of the amount due on "strong claims" that he would be immediately fired (but only after the clients stopped laughing long enough to catch their breath to say 'you're fired').

I would be willing to risk the low ball offer and go to trial on this matter. This is especially true since I have no obligation to pay my counsel or the other costs of litigation in a class action suit. I wonder how many other class members when presented with this analysis would concur with my reasoning.

Perhaps, what my counsel meant to say was, that "litigating is a risky proposition" (see section B of the Notice) **for them** (not the class members) given that if we lost the litigation we would only be losing $2.40 per hour but they would be losing $1,184,000.00. And perhaps they meant to say that this Settlement is fair and appropriate under the circumstances **for them** and in the best interest of **them**. The Settlement is certainly not in the best interest of the Class Members especially since the class members do not have to weigh the settlement amount against the cost of litigation (including reasonable attorney fees). This cost is born by the class action attorneys; a risk and costs they knowingly and freely accepted in filing this case as a class action. **They should earn their fee.**

**WHEREFORE,** I respectfully requests that this court find that the proposed Settlement is unfair and inadequate.

Dated: Nassau, New York
       March 14, 2015

Dina N. Agusta
member of the class
REDACTED
Franklin Square, New York 11010
REDACTED

To:

Michael J. Agusta, Esq.
Attorney for Member of the Class
Dina N. Agusta
REDACTED
Franklin Square, New York 11010
REDACTED

NBCUniversal Intern Settlement
c/o Angeion Group
1801 Market Street, Suite 600
Philadelphia, PA 19103-9666
T : (800) 731-9203
E : nbcuniversal@angeiongroup.com

United States District Court
for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312

AFFIDAVIT OF SERVICE

STATE OF NEW YORK, COUNTY OF NASSAU ss.:

I, Marianne Agusta, being duly sworn, say: I am not a party to the action, am over 18 years of age and reside in Nassau, New York. That on the 14th day of March, 2015 I served the within **OBJECTION TO SETTLEMENT IN THE NBC UNIVERSAL UNPAID INTERNSHIP CASE** by depositing a copy of same in a post paid  properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service to each of the following persons at the last known address set forth after his name below:

NBCUniversal Intern Settlement
c/o Angeion Group
1801 Market Street, Suite 600
Philadelphia, PA 19103-9666
T : (800) 731-9203
E : nbcuniversal@angeiongroup.com


United States District Court
for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312


_____
Marianne Agusta

Sworn to before me this
14th day of March, 2015


_____
Michael J. Agusta
Notary Public, State of New York
No. 02AG4951241
Qualified in Nassau County
Commission Expires May 22, 2019

**MICHAEL J. AGUSTA, ESQ., P.C.**

Attorney at Law

REDACTED

Franklin Square, NY 11010



$0.48⁰
US POSTAGE
FIRST-CLASS
062S0007200737
11010

NBCUniversal Intern Settlement
c/o Angeion Group
1801 Market Street, Suite 600
Philadelphia, PA 19103-9666