**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Juno Turner
Deirdre Aaron
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: 212-245-1000

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MONET ELIASTAM, ALEXANDER VAINER, AND RHEANNA BEHUNIAK, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>NBCUNIVERSAL MEDIA, LLC,<br><br>　　　　　　　Defendant. | **Case No. 13 Civ. 4634 (RLE)** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR
<u>APPROVAL OF SERVICE AWARDS</u>**

## **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

FACTUAL BACKGROUND ............................................................................................... 1

ARGUMENT ........................................................................................................................ 2

I.   The Requested Service Awards Are Reasonable and Should Be Approved ...................... 2

II.  The Plaintiffs Assumed Significant Risks .......................................................................... 3

III. The Plaintiffs Expended Significant Time and Effort ........................................................ 6

IV.  The Ultimate Recovery Supports the Requested Service Awards ..................................... 7

CONCLUSION ..................................................................................................................... 8

**TABLE OF AUTHORITIES**

**P**AGE(S)

**C**ASES

*Beckman v. KeyBank, N.A.*,
    293 F.R.D. 467 (Apr. 29, 2013) ................................................................................................8

*Ceka v. PBM/CMSI Inc.*,
    No. 12 Civ. 1711, 2014 WL 6812127 (S.D.N.Y. Dec. 2, 2014) .......................................3, 7, 8

*Frank v. Eastman Kodak Co.*,
    228 F.R.D. 174 (W.D.N.Y. 2005) ...................................................................................3, 4, 6, 8

*Fujiwara v. Sushi Yasuda Ltd.*,
    No. 12 Civ. 8742, 2014 WL 5840700 (S.D.N.Y. Nov. 12, 2014) ............................................8

*Guippone v. BH S&B Holdings, LLC*,
    No. 09 Civ. 1029, 2011 WL 5148650 (S.D.N.Y. Oct. 28, 2011) ..........................................4, 5

*Henry v. Little Mint, Inc.*,
    No. 12 Civ. 3996, 2014 WL 2199427 (S.D.N.Y. May 23, 2014) ..............................................6

*Khait v. Whirlpool Corp.*,
    No. 06 Civ. 6381, 2010 WL 2025106 (E.D.N.Y. Jan. 20, 2010) ..............................................8

*Lovaglio v. W&E Hospitality, Inc.*,
    No. 10 Civ. 7351, 2012 WL 2775019 (S.D.N.Y. July 6, 2012) ................................................7

*Massiah v. MetroPlus Health Plan, Inc.*,
    No. 11 Civ. 5669, 2012 WL 5874655 (E.D.N.Y. Nov. 20, 2012) .............................................3

*Matheson v. T-Bone Rest., LLC*,
    No. 09 Civ. 4214, 2011 WL 6268216 (S.D.N.Y. Dec. 13, 2011) .............................................7

*Munir v. Sunny's Limousine Serv., Inc.*,
    No. 13 Civ. 1581, slip op. (S.D.N.Y. Jan. 18, 2015) ................................................................6

*Parker v. Jekyll & Hyde Entm't Holdings, L.L.C.*,
    No. 08 Civ. 7670, 2010 WL 532960 (S.D.N.Y. Feb. 9, 2010) ....................................3, 5, 6, 7

*Reyes v. Altamarea Grp., LLC*,
    No. 10 Civ. 6451, 2011 WL 4599822 (S.D.N.Y. Aug. 16, 2011) .....................................3, 7, 8

*Roberts v. Texaco, Inc.*,
    979 F. Supp. 185 (S.D.N.Y. 1997) ...........................................................................................3

*Sukhnandan v. Royal Health Care of Long Island LLC*,
    No. 12 Civ. 4216, 2014 WL 3778173 (S.D.N.Y. July 31, 2014) ...........................................7, 8

*Sewell v. Bovis Lend Lease, Inc.*,
    No. 09 Civ. 6548, 2012 WL 1320124 (S.D.N.Y. Apr. 16, 2012).....................................4, 7, 8

*Tiro v. Pub. House Investments, LLC*,
    No. 11 Civ. 7679, 2013 WL 4830949 (S.D.N.Y. Sept. 10, 2013) .............................................4

*Velez v. Majik Cleaning Serv., Inc.*,
    No. 03 Civ. 8698, 2007 WL 7232783 (S.D.N.Y. June 25, 2007)..............................................2

## INTRODUCTION

In connection with Plaintiffs' Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement in the above-captioned action,[1] Plaintiffs respectfully request that the Court approve service awards of $10,000 to be paid to Named Plaintiff Monet Eliastam; $5,000 to Class Representatives Alexander Vainer and Rheanna Behuniak; and $2,000 each to the Current FLSA Opt-Ins, in recognition of the services they rendered on behalf of the Class ("Service Awards"). These Service Awards are reasonable in light of the time and effort they expended in furtherance of the litigation and settlement, and the risks they endured in order to vindicate their rights and the rights of absent class members.

## FACTUAL BACKGROUND

Named Plaintiffs and Current FLSA Opt-Ins (together, "Plaintiffs") have made important contributions to the prosecution and fair resolution of this action on behalf of Class Members. Declaration of Justin M. Swartz in Support of Motion for Certification of the Settlement Class, Final Approval of Class Action Settlement, and Approval of the FLSA Settlement ("Swartz Decl.") ¶ 63. They assisted Class Counsel's investigation and prosecution of the claims by providing detailed factual information and documents regarding the nature of their duties and responsibilities, the hours that they worked, and other information relevant to their claims. *Id.* ¶ 64. Plaintiffs also provided numerous documents related to their internships with Defendant, including onboarding paperwork, intern guides, emails, memos, and resumes. *Id.* ¶ 65. Plaintiff Eliastam and the Current FLSA Opt-Ins also provided information in response to interrogatories

---

[1] For a detailed account of the factual and procedural background of this case, Class Counsel refers the Court to the Memorandum of Law in Support of Plaintiffs' Motion for Final Approval and the supporting Declaration of Justin M. Swartz.

served by Defendants. *Id.* ¶ 66. Plaintiffs also regularly made themselves available to communicate with Class Counsel when necessary. *Id.* ¶ 67. In addition, all individuals receiving service payments will sign a general release. Swartz Decl. Ex. A (Settlement Agreement) ¶ 1.15.

The Stipulation and Settlement Agreement ("Settlement Agreement"), attached as Exhibit A to the Swartz Decl., calls for service payments of $10,000 to be paid to Named Plaintiff Monet Eliastam; $5,000 to Class Representatives Alexander Vainer and Rheanna Behuniak, and $2,000 each to the Current FLSA Opt-Ins. Ex. A[2] (Settlement Agreement) §1.15. The Court-approved Notice of Proposed Class Action Settlement ("Notice") that was sent to Class Members informed them generally of the terms of the settlement and gave them the opportunity to examine the Settlement Agreement if desired. Ex. B (Declaration of Sandy Peneda-Sibley ("Peneda Decl.")) Ex. A (Notice). No Class Members have objected to the requested service awards. *See* Ex. B (Peneda Decl.) ¶ 21.

## ARGUMENT

**I.     The Requested Service Awards Are Reasonable and Should Be Approved.**

The Service Awards that the Plaintiffs request are reasonable given the significant contributions that Plaintiffs made to the prosecution and resolution of the lawsuit. Courts acknowledge that plaintiffs play a crucial role in bringing justice to those who would otherwise be hidden from judicial scrutiny, including low-wage workers. *See, e.g.*, *Velez v. Majik Cleaning Serv., Inc.*, No. 03 Civ. 8698, 2007 WL 7232783, at *7 (S.D.N.Y. June 25, 2007) ("[I]n employment litigation, the plaintiff is often a former or current employee of the defendant, and thus, by lending his name to the litigation, he has, for the benefit of the class as a whole,

---

[2]     Unless otherwise indicated, all references to Exhibits are to the Swartz Declaration.

2

undertaken the risk of adverse actions by the employer or co-workers." (quoting *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 187 (W.D.N.Y. 2005) (internal quotation marks omitted)); *see generally* Nantiya Ruan, *Bringing Sense to Incentive Payments: An Examination of Incentive Payments to Named Plaintiffs in Employment Discrimination Class Actions*, 10 Emp. Rts. & Emp. Pol'y J. 395 (2006).  Service awards are common in class action cases and serve to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiffs.  *Reyes v. Altamarea Grp., LLC*, No. 10 Civ. 6451, 2011 WL 4599822, at *9 (S.D.N.Y. Aug. 16, 2011).  Service awards further the important purpose of compensating plaintiffs for the time they spend and the risks they take.  *Massiah v. MetroPlus Health Plan, Inc.*, No. 11 Civ. 5669, 2012 WL 5874655, at *8 (E.D.N.Y. Nov. 20, 2012).

Accordingly, "[i]ncentive awards are not uncommon in class action cases and are within the discretion of the court."  *Frank*, 228 F.R.D. at 187; *see also Ceka v. PBM/CMSI Inc.*, No. 12 Civ. 1711, 2014 WL 6812127, at *1 (S.D.N.Y. Dec. 2, 2014) (same).  In examining the reasonableness of a requested service award, courts consider:  (1) the personal risk incurred by the named plaintiffs; (2) the time and effort expended by the named plaintiffs in assisting the prosecution of the litigation; and (3) the ultimate recovery in vindicating statutory rights.  *Frank*, 228 F.R.D. at 187; *Roberts v. Texaco, Inc.*, 979 F. Supp. 185, 200 (S.D.N.Y. 1997).

## II.     The Plaintiffs Assumed Significant Risks.

In assessing the reasonableness of service awards, courts consider the risks assumed in serving the interests of the class.  *See Parker v. Jekyll & Hyde Entm't Holdings, L.L.C.*, No. 08 Civ. 7670, 2010 WL 532960, at *1 (S.D.N.Y. Feb. 9, 2010) ("Enhancement awards for class representatives serve the dual functions of recognizing the risks incurred by named plaintiffs and

compensating them for their additional efforts."); *Frank*, 228 F.R.D. at 187.  In the workplace context, where workers are often blacklisted if they are considered "trouble makers," plaintiffs who sue their employers are particularly vulnerable to retaliation.  *See Frank*, 228 F.R.D. at 187-88; *see also Sewell*, 2012 WL 1320124, at *14 (recognizing that plaintiffs in wage and hour case "fac[e] potential risks of being blacklisted as 'problem' employees").  "Courts acknowledge that plaintiffs play a crucial role in bringing justice to those who would otherwise be hidden from judicial scrutiny, and that '[service] awards are particularly appropriate in the employment context' where 'the plaintiff is often a former or current employee of the defendant, and thus . . . he has, for the benefit of the class as a whole, undertaken the risks of adverse actions by the employer or co-workers.'"  *Tiro v. Pub. House Investments, LLC*, No. 11 Civ. 7679, 2013 WL 4830949, at *11 (S.D.N.Y. Sept. 10, 2013) (citations omitted).

Even where, as here, there has been no threat or indication of retaliation, plaintiffs merit recognition for assuming potential risk in filing the suit.  *See Guippone v. BH S&B Holdings, LLC*, No. 09 Civ. 1029, 2011 WL 5148650, at *7 (S.D.N.Y. Oct. 28, 2011) ("Even where there is not a record of actual retaliation, notoriety, or personal difficulties, class representatives merit recognition for assuming the risk of such for the sake of absent class members."); *Frank*, 228 F.R.D. at 187-88 ("Although this Court has no reason to believe that Kodak has or will take retaliatory action towards either Frank or any of the plaintiffs in this case, the fear of adverse consequences or lost opportunities cannot be dismissed as insincere or unfounded.").

Although Plaintiffs were no longer working for Defendant when they joined the lawsuit, and there has been no threat or indication of retaliation here, they risked retaliation from their current employers and put their ability to secure future employment at risk as well.  *See Sewell v. Bovis Lend Lease, Inc.,* No. 09 Civ. 6548, 2012 WL 1320124, at *14 (S.D.N.Y. Apr. 16, 2012)

("[F]ormer employees . . . fac[ed] potential risks of being blacklisted as 'problem' employees."); *Guippone*, 2011 WL 5148650, at *7 ("Today, the fact that a plaintiff has filed a federal lawsuit is searchable on the internet and may become known to prospective employers when evaluating the person."); *Parker*, 2010 WL 532960, at *1 ("[F]ormer employees put in jeopardy their ability to depend on the employer for references in connection with future employment."). Service awards "provide an incentive to seek enforcement of the law despite these dangers." *Parker*, 2010 WL 532960, at *1.

As former interns, Plaintiffs faced unique pressure because interns are at the very bottom of any employment hierarchy and are fighting for the opportunity for paid employment. Just the fact that they are willing to work for free in order to "get a foot in the door" demonstrates their vulnerability to workplace pressure. *See* Dawn Gilbertson, *Earning It; Glamorous Internships With a Catch: There's No Pay*, N.Y. TIMES, Oct. 19, 1997 (attached to the Swartz. Decl. as Ex. H) (noting that "[i]nternships are especially crucial in industries where contacts are the only way in the door"). This is especially true of recent college graduates with little or no work experience. *See* Farah Stockman, *In Tight Market, Interns Struggle to Keep Free Work*, BOSTON GLOBE, Aug. 3, 2003, at B1 (attached to the Swartz Decl. as Ex. I) (noting that young people entering the "toughest job market in 50 years" were turning to internships "in hopes of gaining an edge in the job market in the future").

Many interns are unwilling to join lawsuits, much less help get lawsuits started, because of the fear of being blacklisted in their chosen industry. Steven Greenhouse, *The Unpaid Intern, Legal or Not*, N.Y. TIMES, April 2, 2010 (attached to the Swartz Decl. as Ex. J) (". . . interns are often afraid to file complaints. Many fear they will become troublemakers in their chosen field, endangering their chances with a potential future employer."). In fact, the vast majority of the

5

inquiries Class Counsel has received from Class Members involve concerns about whether participation in the Settlement will lead to retaliation and blacklisting in the entertainment industry. Swartz Decl. ¶ 69. These unique vulnerabilities increased the risk that Plaintiffs took by filing this case. *See Henry v. Little Mint, Inc.*, No. 12 Civ. 3996, 2014 WL 2199427, at *10 (S.D.N.Y. May 23, 2014) ("In a wages and hours case, where a low level employee assumes responsibility for prosecuting an action against an employer and takes considerable personal risk in so doing, [service] awards are singularly appropriate.").

### III. The Plaintiffs Expended Significant Time and Effort.

The Court should grant the requested Service Awards based on the significant work that the Plaintiffs undertook on behalf of the class. Courts recognize the important factual knowledge that plaintiffs bring to employment class actions, including information about employer policies and practices that affect wages. *See Parker*, 2010 WL 532960, at *1 (recognizing efforts of plaintiffs including meeting with counsel, reviewing documents, formulating theory of case, identifying and locating other class members to expand settlement participants, and attending court proceedings); *Frank*, 228 F.R.D. at 187 (recognizing the important role that plaintiffs play as the "primary source of information concerning the claims," including by responding to counsel's questions and reviewing documents).

As discussed above, the Plaintiffs contributed significant time and efforts to the case by providing Class Counsel with detailed factual information regarding their job duties, Defendant's policies, and other information relevant to their claims, providing information responsive to Defendant's interrogatories, and regularly making themselves available to communicate with Class Counsel when necessary, including throughout the mediation. Swartz Decl. ¶¶ 63-67. Their time and effort also supports the requested Service Awards. *See Munir v. Sunny's*

*Limousine Serv., Inc.*, No. 13 Civ. 1581, slip op. at 3 (S.D.N.Y. Jan. 18, 2015) (attached as Ex. G to the Swartz Decl.) (approving service awards of $30,000 to one named plaintiff and $10,000 each to five other named plaintiffs); *Ceka*, 2014 WL 6812127, at *1 (approving service award of $10,000 to class representative who assisted investigation and prosecution of claims by providing detailed factual information regarding the class members' job duties, the hours that they worked, the wages paid, and other information relevant to their claims, and was closely involved in settlement negotiations); *Sukhnandan v. Royal Health Care of Long Island LLC*, No. 12 Civ. 4216, 2014 WL 3778173, at *16 (S.D.N.Y. July 31, 2014) (approving $10,000 service awards to four plaintiffs based on their time spent and risks taken in bringing, litigating and settling the lawsuit); *Lovaglio v. W&E Hospitality, Inc.*, No. 10 Civ. 7351, 2012 WL 2775019, at *4 (S.D.N.Y. July 6, 2012) (approving service awards of $10,000 to class representatives in wage and hour action); *Sewell*, 2012 WL 1320124, at *15 (granting service awards of $15,000 and $10,000 to named plaintiffs where they "provided detailed factual information to class counsel for the prosecution of their claims and made themselves available regularly for any necessary communications with counsel"); *Matheson v. T-Bone Rest., LLC*, No. 09 Civ. 4214, 2011 WL 6268216, at *9 (S.D.N.Y. Dec. 13, 2011) (approving a service award of $45,000 for a class representative in a wage and hour action).

### IV. The Ultimate Recovery Supports the Requested Service Awards.

The requested Service Awards amount to approximately 0.4% of the total recovery, which is a reasonable percentage. *See Reyes*, 2011 WL 4599822, at *9 (approving awards representing approximately 16.6% of the settlement); *Parker*, 2010 WL 532960, at *2 (finding that service awards totaling 11% of the total recovery are reasonable "given the value of the representatives' participation and the likelihood that class members who submit claims will still

7

receive significant financial awards"); *Frank*, 228 F.R.D. at 187 (approving award of approximately 8.4% of the settlement).

Courts routinely approve service awards equal to or greater than the awards requested here. *See Ceka*, 2014 WL 6812127, at *1 (S.D.N.Y. Dec. 2, 2014) (finding service award of $10,000 "reasonable and justified to compensate Class Representatives for the services they provided and the risks they incurred during the course of the class action litigation"); *Sukhnandan*, 2014 WL 3778173, at *16 (approving service awards of $10,000 to each of the named plaintiffs); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 483 (Apr. 29, 2013) (approving awards of $7,500 and $5,000 to class representatives and opt-ins); *Sewell*, 2012 WL 1320124, at *14-15 (approving payments of $10,000 and $15,000); *Reyes*, 2011 WL 4599822, at *9 (approving awards of $15,000 and $5,000); *Khait v. Whirlpool Corp.*, No. 06 Civ. 6381, 2010 WL 2025106, at *9 (E.D.N.Y. Jan. 20, 2010) (approving awards of $15,000 and $10,000).[3]

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court approve Service Awards of $10,000 to be paid to Named Plaintiff Monet Eliastam; $5,000 to Named Plaintiffs Alexander Vainer and Rheanna Behuniak; and $2,000 each to the Current FLSA Opt-Ins, in recognition of the services they rendered on behalf of the class.

---

[3] This case is distinguishable from *Fujiwara v. Sushi Yasuda Ltd.*, No. 12 Civ. 8742, 2014 WL 5840700, at *7 (S.D.N.Y. Nov. 12, 2014). In *Fujiwara*, the court acknowledged the named plaintiffs' efforts and risks on behalf of the class but denied their application for service awards because the settlement allocation formula favored the named plaintiffs over other class members, providing them with a "back door" service award. 2014 WL 5840700, at *6. Here, the settlement allocation formula gives no preference to the named plaintiffs and treats them the same as other class members. Therefore, the concerns raised in *Fujiwara* about paying named plaintiffs a "back door" service award do not apply here.

Dated: April 24, 2015
New York, NY

        Respectfully submitted,

**OUTTEN & GOLDEN LLP**

/s/ Justin M. Swartz
Justin M. Swartz
Juno Turner
Deirdre Aaron
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000