IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-28-15

MONET ELIASTAM, ALEXANDER VAINER, AND RHEANNA BEHUNIAK, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

NBCUNIVERSAL MEDIA, LLC,

    Defendant.

Case No. 13 Civ. 4634 (RLE)

[PROPOSED] ORDER GRANTING FINAL
APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

AND NOW, this **27th** day of **May**, 2015, upon consideration of the Plaintiffs' Unopposed Motion for Final Class and Collective Action Settlement Approval, the Court hereby grants the Motion and ORDERS as follows:

Plaintiffs' Unopposed Motion for Final Class and Collective Action Settlement Approval and Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs, and Enhancement Payments to the Class Representatives came before this Court on October 22, 2014. The proposed settlement in this case was preliminarily approved by this Court on December 15, 2014. Pursuant to the Court's Preliminary Approval Order and the Notice provided to the Class, the Court conducted a final Fairness Hearing as required by Federal Rule of Civil Procedure 23(e). The Court has reviewed the materials submitted by the parties and has heard arguments presented by counsel at the hearing. For the reasons cited on the record as well as those stated hereafter, the Court finds and orders as follows:

The Court hereby grants final approval of the Class and Collective Action Settlement based upon the terms set forth in the Preliminary Approval Order and the Stipulation of

Settlement ("Settlement") filed by the parties. The Settlement is fair, adequate, and reasonable to the Class and Collective Action Members.

1. The Court finds that this action satisfies all of the requirements of Rule 23(a) and (b)(3) for settlement purposes only and further finds that the Class has at all times been adequately represented by the Class Representatives and Class Counsel.

2. The Notice approved by the Court was provided by First Class direct mail or email to the last-known mailing address and/or email address of Class Members. In addition, follow-up efforts were made to send the Notice to those individuals whose original notices were returned as undeliverable. For those Class Members who did not have a last-known mailing address or email address, text messages were sent to Class Members with a last-known cell phone number alerting them of the proposed Settlement and directing them to a webpage where they could learn additional information about the proposed Settlement. Additionally, notice of the proposed Settlement was published through advertisements placed on the website LinkedIn in the manner described in the Stipulation of Settlement filed by the parties. The Notice provided by these various means adequately described all of the relevant and necessary parts of the proposed Settlement, the request for Service Payments to the Named Plaintiffs and Opt-in Plaintiffs, and Class Counsel's request for an award of attorneys' fees and costs.

3. The Court finds that the Notice given to the Class fully complied with Rule 23, was the best notice practicable under the circumstances, satisfied all constitutional due process concerns, and provides the Court with jurisdiction over the Class Members.

4. The Court confirms Angeion Group as the Settlement Claims Administrator.

5. The Court has concluded that the Settlement, as set forth in the Stipulation and Settlement Agreement executed by the parties, is fair, reasonable, and adequate under state and

federal laws, including the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* The Settlement is procedurally fair: it was reached through arms-length negotiations between experienced counsel. The Settlement is also substantively fair, and meets all of the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000). The Court finds that the uncertainty and delay of further litigation strongly supports the reasonableness and adequacy of the Settlement Amount established pursuant to the Stipulation and Settlement Agreement.

6. The Settlement is HEREBY APPROVED in its entirety.

7. The Settlement Fund shall be disbursed in accordance with the Stipulation and Settlement Agreement.

8. The Court finds reasonable the requested Service Awards in the amount of $10,000 to Named Plaintiff Monet Eliastam, $5,000 each to Alexander Vanier and Rheanna Behuniak, and $2,000 each to Samantha Kurlander, Jamaal Brown, and Nicole Klepper. These amounts shall be paid from the Settlement Fund.

9. The Court previously appointed Outten & Golden LLP ("O&G") as Class Counsel. O&G are experienced class action employment lawyers with good reputations among the employment law bar. Class Counsel's application for attorneys' fees and costs in the amount of $1,184,000 is hereby granted. The attorneys' fees and costs shall be paid from the Settlement Fund.

10. This case is hereby DISMISSED WITH PREJUDICE, with each party to bear his, her, or its own costs, except as set forth herein, and with this Court retaining exclusive jurisdiction to enforce the Stipulation of Settlement, including over disbursement of the Settlement Amount and the enforcement of its releases and confidentiality requirements.

11. As provided in the Notice and Stipulation of Settlement, all Rule 23 Class Members who did not opt out of the Settlement have released all Released State Law Claims against the Defendant Releasees as defined in the Settlement.

12. Thirty-seven Rule 23 Class Members timely opted out of the Settlement.

13. Six Rule 23 Class Members timely objected to the Settlement. The Court has considered these objections and finds them to be without merit.*

14. As provided in the Notice and Stipulation of Settlement, all FLSA Collective Action Members who properly and timely submitted Consent to Join Settlement Forms (or otherwise became Participating Claimants with Defendant's consent) have released all Released State Law Claims and all Released Federal Law Claims against the Defendant Releasees as defined in the Settlement.

15. The Named and Current FLSA Opt-in Plaintiffs, Participating Claimants, and all Rule 23 Class Members who did not opt out of the Settlement are hereby permanently barred and enjoined from filing, commencing, prosecuting, or pursuing the claims released by the Stipulation of Settlement in any forum, including arbitration, whether or not on a class or collective action basis, or participating in any class or collective action involving such claims.

16. The Court approves the parties' agreement that any unclaimed or forfeited amounts of the Settlement Amount as well as amounts allocated to opt-outs will be retained by Defendant.

17. The "Effective Date" of the settlement shall be the date of final affirmance on an appeal of this Order; (ii) the date of final dismissal with prejudice of the last pending appeal from this Order; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of

* Counsel for objector Dina Agusta appeared at the Final Fairness Hearing held on May 4, 2015, but declined to present any evidence in opposition and asked to withdraw his objection.

4

any form of valid appeal from this Order. This Order shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

18. Within 14 days after the Effective Date, Defendant shall deposit into the Qualified Settlement Fund an amount sufficient to cover the Participating Claimant Payments, Class Counsel's attorneys' fees and costs, Service Payments, Reserve Fund, an estimate of the Administration Costs, PAGA penalties, and the employer's share of payroll taxes for Participating Claimants.

19. No more than 30 days after the Effective Date, the Claims Administrator shall distribute the funds in the settlement account by making the following payments in the order below:

   a. Paying Class Counsel's attorneys' fees and costs of $1,184,000;

   b. Pay $12,000 in PAGA penalties to the California Labor and Workforce Development Agency;

   c. Paying service awards to in the amount of $10,000 to Named Plaintiff Monet Eliastam, $5,000 each to Alexander Vanier and Rheanna Behuniak, and $2,000 each to Samantha Kurlander, Jamaal Brown, and Nicole Klepper; and

   d. Paying the remainder of the fund to Participating Class Members in accordance with the allocation plan described in the Settlement Agreement.

20. This Order is not admissible as evidence for any purpose against Defendant in any pending or future litigation. This Order shall not be construed or used as support for conditional certification or certification, or opposition to decertification, of any class or collective action.

This Order shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability and Defendant specifically deny any such fault, breach, liability, or wrongdoing. This Order shall not be construed or used as an admission, concession, declaration, or waiver by any party of any arguments, defenses, or claims he, she, or it may have, except that it may be used to enforce the releases. Neither the fact of, nor any provision contained in the Stipulation of Settlement or its exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

21. The Court hereby enters Judgment approving the terms of the Stipulation of Settlement. This Order shall constitute a Final Judgment for purposes of Fed. R. Civ. P. 58.

Dated: May **27**, 2015

BY THE COURT,

*[signature]*

The Honorable Richard L. Ellis
United States Magistrate Judge